

08CV706
JUDGE ST. EVE
MAG. JUDGE COLE

**United States District Court**
Southern District of New York
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

**FILED**
J N
JAN 3 1 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Date: January 28, 2006

Our case # : 07cv 3385
Case Name: Joseph Stephens & Company, Inc. vs David Cikanek

Dear Sir/Madam,

    Enclosed is a certified copy of the civil docket sheet for the above referenced case that is being transferred to the United States District Court- Northern District of Illinois. The case file can be accessed through our CM/ECF System for the Southern District of New York. Please contact Ms. Martine Jocelyn at (212) 805- 5346 and she will furnish you with a CM/ECF Login and Password.

    The enclosed copy of this letter is for your convenience in acknowledging receipt of these documents.

**Court policy for USDC-SDNY states that all ECF actions require only original, manual paper filings for the initiating documents. You may access our CM/ECF website for any additional documents that your court may require for processing.**

Yours truly,

J. Michael McMahon
Clerk of Court

Deputy Clerk
C.Daniec (ama)

Fed Ex Air bill# 8582 4869 7279

---

**RECEIPT IS ACKNOWLEDGED OF THE DOCUMENTS DESCRIBED HEREIN AND ASSIGNED CASE NUMBER:**

CASE # _____ ON DATE: _____

CASE TRANSFERRED OUT FORM

FILED
J.N
JAN 31 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

1/29/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                     :
JOSEPH STEPHENS & COMPANY, INC.,     :
                                     :
         Petitioner,                 :
                                     :   07 CV 3385 (BSJ)
         v.                          :
                                     :   **Order**
DAVID CIKANEK,                       :
                                     :
         Respondent.                 :
------------------------------------x

08CV706
JUDGE ST. EVE
MAG. JUDGE COLE

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

## INTRODUCTION

Petitioner, Joseph Stephens & Co., Inc. ("Petitioner"), brings this petition pursuant to 9 U.S.C. § 10 to vacate an arbitration award rendered after a hearing conducted in Chicago, Illinois before the NASD. Respondent, David Cikanek ("Respondent"), moves to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure or, in the alternative, requests that this Court exercise its discretion under 28 U.S.C. § 1404 and transfer this action to the Northern District of Illinois. For the following reasons, Respondent's motion to transfer is GRANTED.

## DISCUSSION

Under 28 U.S.C. § 1404(a), a district court may transfer any civil action "[f]or the convenience of parties and witnesses, in the interest of justice" to "any other district or

division where it might have been brought."[1] When evaluating a motion to transfer venue under § 1404(a), courts in the Second Circuit consider numerous factors including: (1) the locus of the operative facts; (2) convenience of the parties; (3) the convenience of the witnesses; (4) the location of relevant documents and relative ease of proof; (5) the relative means of the parties; (6) the availability of process to compel attendance of unwilling witnesses; (7) a forum's familiarity with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interests of justice based on the totality of the circumstances. *American Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F.Supp.2d 474, 477 (S.D.N.Y. 2006). The determination of whether a transfer is warranted lies within the broad discretion of the district court, and each factor need not be accorded equal weight. *Id.*

The locus of operative facts here is Chicago because that is where the arbitration hearing took place. Despite Petitioner's contentions, even if the Court were to assume that this district was the location of the events giving rise to the arbitrated dispute, those events are not the focus here. In determining the merits of Petitioner's claim, the only relevant facts for the Court will be what took place at the arbitration

---

[1] The parties do not dispute that this case could have been brought in the Northern District of Illinois.

hearing, what the arbitrators did or did not do and whether the arbitrator's actions warrant vacation. Here, Chicago is the location where those relevant facts transpired. Thus, this first factor weighs in favor of transferring this action.

"The core determination under § 1404(a) is the center of gravity of the litigation, a key test of which is the convenience of witnesses." *Viacom Intern., Inc. v. Melvin Simon Productions, Inc.*, 774 F.Supp. 858, 868 (S.D.N.Y. 1991). The Court notes that courts in this Circuit considering the proper venue for actions under the Federal Arbitration Act (the "FAA") have routinely found that the interests of justice and the convenience of all involved are best served by having the action heard in the forum where the arbitration took place. *See, e.g. Alexander Ins. Ltd.*, 1991 WL 150224, at *2 (quoting *United States Offshore, Inc. v. Seabulk Offshore, Ltd.*, 753 F.Supp. 86, 89 (S.D.N.Y.1990))("the location where an arbitration was held is presumptively the convenient forum for settling the dispute"); *see also Motion Picture Lab. Technicians Local 780 v. McGregor & Werner, Inc.*, 804 F.2d 16, 18 (2d Cir.1986)(quoting *Central Valley Typographical Union, No. 46 v. McClatchy Newspapers*, 762 F.2d 741, 744 (9th Cir.1985))("laying venue where the arbitration was held ... recognizes that the parties already have indicated that the location is mutually convenient to settle their dispute").

Petitioner argues that the convenience of the parties and the witnesses is irrelevant because the arbitration award presents only issues of law which can be decided on the basis of the papers submitted. However, Respondent challenges the facts on which Petitioner predicates personal jurisdiction over him.[2] And these disputed facts make it likely that further discovery including depositions may be needed to decide the jurisdictional issues. This makes the convenience of the witnesses and the parties a relevant concern. Therefore, the second and third and factors weigh in favor of transferring this action.

As stated above, the relative resources of the parties may also be an important consideration in determining whether to grant a motion to transfer. Here, Petitioner is an NASD registered broker and Respondent is a retired janitor who is in poor health and who resides in Chicago. Additionally, it is undisputed that Respondent lost a majority of his net worth in the securities market. Accordingly, the Court finds that the

---

[2] For example the following issues are in dispute: 1) Respondent challenges Petitioner's assertion that Respondent filled out paperwork and transferred his account to Stevens; 2) Respondent disputes that he was involved in the transactions on his account, 3) the parties do not agree on the circumstances under which additional monies were sent to Petitioner to invest. Furthermore, the Court is unable to determine based on the record before it, the volume of trading that occurred on Respondent's accounts and the circumstances under which Respondent's account in Massachusetts was transferred to Petitioner in New York. It is likely that these circumstances are important to the Court's analysis of whether long arm jurisdiction exists and to the determination of whether or not Respondent can be said to have purposefully availed himself of the privilege of conducting activities in New York.

additional costs attendant to litigating this action in New York would be unduly burdensome for Respondent.

The remaining factors are either not significant to this determination or weigh in favor of transferring this action. Illinois state law is central to Petitioner's claim. Therefore, while this Court is certainly capable of applying Illinois state law, it is likely that the Northern District of Illinois is more familiar with the governing law in this case. Lastly, while the Plaintiff's choice of forum is generally given significant weight, where as here, the operative events occurred elsewhere, the plaintiff's choice of forum is given less weight.

## CONCLUSION

For the reasons stated above, the Court is persuaded that transfer to the district court in Illinois best serves the convenience of the parties and is in the interests of justice based on the totality of the circumstances. Accordingly, the Clerk of the Court is ordered to transfer this case to the Northern District of Illinois.

SO ORDERED:

_____
Barbara S. Jones
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
January 24, 2008

5

A CERTIFIED COPY
J. MICHAEL McMAHON, CLERK
BY _____
DEPUTY CLERK

08CV706
JUDGE ST. EVE
MAG. JUDGE COLE

**FILED**
J.N
JAN 3 1 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CASREF, ECF

U.S. District Court
United States District Court for the Southern District of New York (Foley Square)
CIVIL DOCKET FOR CASE #: 1:07-cv-03385-BSJ-KNF
Internal Use Only

| | |
|---|---|
| Joseph Stevens & Company, Inc. v. Cikanek | Date Filed: 04/27/2007 |
| Assigned to: Judge Barbara S. Jones | Jury Demand: None |
| Referred to: Magistrate Judge Kevin Nathaniel Fox | Nature of Suit: 190 Contract: Other |
| Cause: 28:1331 Fed. Question: Other | Jurisdiction: Diversity |

**Petitioner**

**Joseph Stevens & Company, Inc.**     represented by **Martin Paul Russo**
Nixon Peabody LLP (NYC)
437 Madison Avenue
New York, NY 10022
(212)940-3000 x3771
Fax: (212)940-3111
Email: mrusso@nixonpeabody.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alison Bender Cohen**
Nixon Peabody LLP (NYC)
437 Madison Avenue
New York, NY 10022
(212)-940-3749
Fax: (866)-407-1415
Email: abcohen@nixonpeabody.com
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**David Cikanek**     represented by **Leslie A. Blau**
Blakely, Sokoloff, Taylor & Zafman, LLP
12400 WIlshire Boulevard
7th Flr.
Los Angeles, CA 90025
(312) 443-1601
Fax: (312) 443-1665

Email: lesblau@aol.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/27/2007 | 1 | PETITION TO VACATE ARBITRATION. (Filing Fee $ 350.00, Receipt Number 613465).Document filed by Joseph Stevens & Company, Inc..(laq) Additional attachment(s) added on 5/1/2007 (Becerra, Maribel). (Entered: 04/30/2007) |
| 04/27/2007 |  | Magistrate Judge Kevin N. Fox is so designated. (laq) (Entered: 04/30/2007) |
| 04/27/2007 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. NO Corporate Parent. Document filed by Joseph Stevens & Company, Inc..(laq) Additional attachment(s) added on 5/1/2007 (Becerra, Maribel). (Entered: 04/30/2007) |
| 04/27/2007 |  | Magistrate Judge Kevin N. Fox is so designated. (laq) (Entered: 04/30/2007) |
| 04/27/2007 |  | Case Designated ECF. (laq) (Entered: 04/30/2007) |
| 05/08/2007 | 3 | AFFIDAVIT OF SERVICE of Summons and Petition to Compel/Confirm/Modify/Stay/Vacate Arbitration. David Cikanek served on 5/3/2007, answer due 5/23/2007. Service was accepted by David Cikanek, Defendant. Document filed by Joseph Stevens & Company, Inc.., AFFIDAVIT OF SERVICE of Summons In A Civil Action, Application To Vacate Arbitration Award with Exhibit 1, Judge Jones' Inidvidual Practice Rules, Magistrate Judge Fox's Individual Practice Rules, Consent To Proceed Before A United States Magistrate Judge (blank form), Porcedures For Electronic Case Filing dated March 6, 3003, Guidelines For Electronic Case Filing dated December 1, 2003,, 3rd Amended Instructions For Filing An Electronic Case Or Appeal dated June 7, 2004, Notice Of Motion, Memorandum Of Law In Support Of Joseph Stevens & Company, Inc.'s Application To Vacate The Arbitration Award and Declaration Of Martin P. Russo In Support Of Application To Vacate with Exhibits A through N attahced served on David Cikanek on May 3, 2007. Service was accepted by David Cikanek, Defendant. Document filed by Joseph Stevens & Company, Inc.. (Russo, Martin) (Entered: 05/08/2007) |
| 05/08/2007 | 4 | MOTION to Vacate Arbitration. Document filed by Joseph Stevens & Company, Inc..(Russo, Martin) (Entered: 05/08/2007) |
| 05/08/2007 | 5 | FILING ERROR - WRONG DOCUMENT TYPE SELECTED FROM MENU - BRIEF re: 1 Petition to Compel/Confirm/Modify/Stay/Vacate Arbitration, 4 MOTION to Vacate Arbitration. (Memorandum Of Law In Support Of Joseph Stevens & Company, Inc.'s Application To Vacate The Arbitration Award). Document filed by Joseph Stevens & Company, |

| | | |
|---|---|---|
| | | Inc..(Russo, Martin) Modified on 5/9/2007 (KA). (Entered: 05/08/2007) |
| 05/08/2007 | 6 | DECLARATION of Martin P. Russo in Support re: 4 MOTION to Vacate Arbitration.. Document filed by Joseph Stevens & Company, Inc.. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J# 11 Exhibit K# 12 Exhibit L# 13 Exhibit M# 14 Exhibit N)(Russo, Martin) (Entered: 05/08/2007) |
| 05/09/2007 | | ***NOTE TO ATTORNEY TO RE-FILE DOCUMENT - DOCUMENT TYPE ERROR. Note to Attorney Martin Paul Russo to RE-FILE Document 5 Brief. Use the document type Memorandum of Law in support of motion found under the document list Replies, Opposition and Supporting Documents. (KA) (Entered: 05/09/2007) |
| 05/10/2007 | 7 | MEMORANDUM OF LAW in Support re: 4 MOTION to Vacate Arbitration.. Document filed by Joseph Stevens & Company, Inc.. (Russo, Martin) (Entered: 05/10/2007) |
| 05/15/2007 | 8 | NOTICE OF APPEARANCE by Alison Bender Cohen on behalf of Joseph Stevens & Company, Inc. (Cohen, Alison) (Entered: 05/15/2007) |
| 05/23/2007 | 9 | ENDORSED LETTER addressed to Judge Jones from Leslie Blau dated 5/21/07 re request for an extension of time for David Cikanek to respond in this matter to 6/11/07: application granted. (Signed by Judge Paul A. Crotty on 5/22/07) (cd) (Entered: 05/24/2007) |
| 05/23/2007 | | Set Answer Due Date purs. to 9 Endorsed Letter as to David Cikanek answer due on 6/11/2007. (cd) (Entered: 05/24/2007) |
| 06/12/2007 | 10 | ENDORSED LETTER addressed to Judge Jones from Leslie Blau dated 6/8/07 re request by deft David Cikanek for an extension of time to 6/14/07: application granted. David Cikanek answer due 6/14/2007. (Signed by Judge Barbara S. Jones on 6/11/07) (cd) (Entered: 06/13/2007) |
| 06/14/2007 | 11 | NOTICE OF APPEARANCE by Leslie A. Blau on behalf of David Cikanek (Blau, Leslie) (Entered: 06/14/2007) |
| 06/14/2007 | 12 | MOTION to Dismiss for Lack of Jurisdiction. Document filed by David Cikanek.(Blau, Leslie) (Entered: 06/14/2007) |
| 06/14/2007 | 13 | NOTICE of MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION/CHANGE VENUE re: 12 MOTION to Dismiss for Lack of Jurisdiction.. Document filed by David Cikanek. (Blau, Leslie) (Entered: 06/14/2007) |
| 06/14/2007 | 14 | FILING ERROR - WRONG PDF FILE ASSOCIATED WITH DOCKET ENTRY - MEMORANDUM OF LAW in Support re: 12 MOTION to Dismiss for Lack of Jurisdiction.. Document filed by David Cikanek. (Blau, Leslie) Modified on 6/15/2007 (kkc). (Entered: 06/14/2007) |
| 06/14/2007 | 15 | DECLARATION of RENAN I. SUGARMAN in Support re: 12 MOTION to Dismiss for Lack of Jurisdiction.. Document filed by David Cikanek. |

| | | |
|---|---|---|
| | | (Blau, Leslie) (Entered: 06/14/2007) |
| 06/14/2007 | 16 | DECLARATION of DAVID CIKANEK in Support re: 12 MOTION to Dismiss for Lack of Jurisdiction.. Document filed by David Cikanek. (Blau, Leslie) (Entered: 06/14/2007) |
| 06/15/2007 | 17 | MEMORANDUM OF LAW in Support re: 12 MOTION to Dismiss for Lack of Jurisdiction.. Document filed by David Cikanek. (Blau, Leslie) (Entered: 06/15/2007) |
| 06/28/2007 | 18 | MEMORANDUM OF LAW in Opposition re: 12 MOTION to Dismiss for Lack of Jurisdiction.. Document filed by Joseph Stevens & Company, Inc.. (Russo, Martin) (Entered: 06/28/2007) |
| 06/28/2007 | 19 | DECLARATION of Alison B. Cohen in Opposition re: 12 MOTION to Dismiss for Lack of Jurisdiction.. Document filed by Joseph Stevens & Company, Inc.. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G)(Russo, Martin) (Entered: 06/28/2007) |
| 07/10/2007 | 20 | REPLY MEMORANDUM OF LAW in Support re: 12 MOTION to Dismiss for Lack of Jurisdiction. *and in the Alternative for Transfer*. Document filed by David Cikanek. (Attachments: # 1 Exhibit Letter of Alison Cohen to Judge Jones, 6-29-07)(Blau, Leslie) (Entered: 07/10/2007) |
| 07/10/2007 | 21 | REPLY AFFIDAVIT of Leslie A. Blau in Support re: 12 MOTION to Dismiss for Lack of Jurisdiction.. Document filed by David Cikanek. (Blau, Leslie) (Entered: 07/10/2007) |
| 07/10/2007 | 22 | REPLY AFFIDAVIT of Leslie A. Blau in Support re: 12 MOTION to Dismiss for Lack of Jurisdiction.. Document filed by David Cikanek. (Attachments: # 1 Exhibit E-Mail 6/6/07 to Alison Cohen# 2 Exhibit Letter to Alison Cohen 6/20/07)(Blau, Leslie) (Entered: 07/10/2007) |
| 07/10/2007 | 23 | REPLY AFFIDAVIT of Renan Sugarman in Support re: 12 MOTION to Dismiss for Lack of Jurisdiction.. Document filed by David Cikanek. (Blau, Leslie) (Entered: 07/10/2007) |
| 07/10/2007 | 24 | REPLY AFFIDAVIT of Renan Sugarman in Support re: 12 MOTION to Dismiss for Lack of Jurisdiction.. Document filed by David Cikanek. (Attachments: # 1 Exhibit Exhibit A to Declaration of Renan Sugarman in further support of motion to dismiss or transfer# 2 Exhibit Exhibit B to Declaration of Renan Sugarman in further support of motion to dismiss or transfer)(Blau, Leslie) (Entered: 07/10/2007) |
| 07/13/2007 | 25 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for General Pretrial (including scheduling, discovery, non-dispositive pretrial motions, and settlement). Referred to Magistrate Judge Kevin Nathaniel Fox. (Signed by Judge Barbara S. Jones on 7/2/2007) (jmi) (Entered: 07/16/2007) |

| | | |
|---|---|---|
| 07/26/2007 | 26 | ENDORSED LETTER addressed to Judge Barbara S. Jones from Alison B. Cohen dated 7/17/07 re: a request for leave to submit papers replying to the entirely new argument raised in respondent's sur-reply memorandum date 7/10/2007. ENDORSEMENT: Application GRANTED. Joseph Stevens may submit a sur-reply. SO ORDERED. (Signed by Judge Barbara S. Jones on 7/20/07) (kco) (Entered: 07/27/2007) |
| 08/06/2007 | 27 | DECLARATION of Alison B. Cohen in Support re: 4 MOTION to Vacate Arbitration.. Document filed by Joseph Stevens & Company, Inc.. (Cohen, Alison) (Entered: 08/06/2007) |
| 08/06/2007 | 28 | REPLY MEMORANDUM OF LAW in Opposition re: 4 MOTION to Vacate Arbitration., 12 MOTION to Dismiss for Lack of Jurisdiction. *Memorandum Of Law In Further Support Of The Motion To Vacate The Arbitration Award And Sur-Reply To David Cikanek's Reply Memorandum Of In Support Of His Motion To Dismiss For Lack Of Personal Jurisdiction*. Document filed by Joseph Stevens & Company, Inc.. (Cohen, Alison) (Entered: 08/06/2007) |
| 01/25/2008 | 29 | ORDER granting 12 Motion to Dismiss for Lack of Jurisdiction or in the alternative for transfer to the Northern District of Illinois. The Clerk of the Court is ordered to transfer this case to the Northern District of Illinois. (copy forwarded for mailing) (Signed by Judge Barbara S. Jones on 1/24/08) (cd) (Entered: 01/28/2008) |

A CERTIFIED COPY
J. MICHAEL McMAHON,           CLERK

BY _____
        DEPUTY CLERK