UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
JOSEPH STEVENS & COMPANY, INC.

                Petitioner,

-against-

DAVID CIKANEK,

                Respondent.
---------------------------------------------------------------- X

JUDGE JONES

07 CV 3385

Civ. Action, File. No.

RECEIVED
APR 27 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## APPLICATION TO VACATE ARBITRATION AWARD

Petitioner Joseph Stevens & Company, Inc. ("Joseph Stevens"), moves for an order, pursuant to Title 9, United States Code, Section 10, vacating the award of the National Association of Securities Dealers ("NASD") arbitrators issued in the matter of <u>David Cikanek v. Joseph Stevens & Co., Inc., Kevin Brody, Leonard Inserra and Ross Inserra</u>, NASD Case No. 06-01868, and respectfully alleges as follows:

### The Parties

1.     Petitioner Joseph Stevens is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business in the City of New York, State of New York.

2.     Respondent David Cikanek is an individual, who upon information and belief, resides in the City of Chicago, State of Illinois.

### Jurisdiction

3.     The jurisdiction of this Court is proper under Title 9, United States Code, and particularly Section 10 thereof, and under Title 28, United States Code, Section 1332. The amount in controversy exceeds, exclusive of interest and costs, $75,000.

10536410.1

## Background

4. In or about November 2000, David Cikanek signed a New Account Agreement with Joseph Stevens by which Mr. Cikanek opened an IRA account.

5. At the same time, Mr. Cikanek, in his representative capacity as trustee for the David M. Cikanek Living Trust (the "Trust"), signed a New Account Agreement with Joseph Stevens by which David Cikanek opened a securities account (the "Trust Account").

6. The New Account Agreement contained an arbitration clause which states in relevant part that "all controversies which may arise between [the parties to the agreement] concerning any transaction or the construction, performance, or breach of this or any other agreement between us pertaining to securities . . . shall be determined by arbitration."

7. The New Account Agreement provided that judgment may be entered in any court, state or federal, having jurisdiction upon an award made pursuant to the arbitration clause of the New Account Agreement.

8. On April 6, 2006, David Cikanek filed a Statement of Claim in Arbitration with the NASD captioned: <u>David Cikanek v. Joseph Stevens & Co., Inc., Kevin Brody, Leonard Inserra and Ross Inserra</u>, NASD Case No. 06-01868.

9. At the time David Cikanek filed his Statement of Claim in Arbitration, he submitted a Uniform Submission Agreement on his own behalf, and in his name only.

10. The Trust was not a named claimant and never executed or submitted a Uniform Submission Agreement to the NASD.

11. Joseph Stevens filed a Uniform Submission Agreement with the NASD, in which it submitted to arbitration with David Cikanek.

12. Joseph Stevens never filed a Uniform Submission Agreement with the NASD submitting to arbitration with the Trust.

13. Pursuant to the NASD Code of Arbitration, Joseph Stevens submitted an Answer to the Statement of Claim in Arbitration, the parties followed the NASD discovery procedures, and the NASD selected a panel of Arbitrators (the "Panel") to determine the issue in controversy.

14. The Panel consisted of Terry F. Peppard, Esq. (chairperson), Sondra Sellers, Esq. (public arbitrator), and Herbert J. Paske (non-public arbitrator).

15. From March 19, 2007 through March 23, 2007, the Panel held hearings and received oral and documentary evidence. Joseph Stevens and David Cikanek appeared at the hearing.

16. On March 19, 2007, after David Cikanek's counsel presented his opening statement, it became apparent to Joseph Stevens that David Cikanek intended to introduce evidence and present a case regarding alleged damages to the Trust Account.

17. Joseph Stevens' counsel objected to Mr. Cikanek's presentation of evidence and testimony regarding losses allegedly suffered to the Trust Account because the Trust was not a party and never submitted to the arbitration hearing and David Cikanek, in his individual capacity, did not have standing to bring a claim on behalf of the Trust.

18. At the arbitration hearing, Joseph Stevens presented relevant Illinois authority requiring that any claim for the Trust must be brought by the trustee on behalf of the Trust or in the Trust's name. The chairperson, without consulting the other arbitrators, ignored the governing Illinois law and allowed David Cikanek to present evidence and testimony relating to the Trust Account, which was improper and unjust.

19. A majority of the Panel never ruled on Joseph Stevens' motions and objections.

20. The hearing proceeded until it closed on March 23, 2007 with a running objection on the record made by Joseph Stevens' counsel regarding any evidence presented relating to the Trust Account. During closing arguments, Joseph Stevens' counsel again argued the facts and the law precluding the arbitrators from rendering an award for the Trust.

21. On March 30, 2007, the NASD issued the Panel's written award, granting $47,500 in compensatory damages and $166,250 in punitive damages to David Cikanek. A true and complete copy of the award is attached hereto as Exhibit 1.

22. In making the award, the Panel acted in manifest disregard of the law because it ignored the Illinois law presented by Joseph Stevens which informed the Panel that David Cikanek individually lacked the requisite standing to bring a claim in arbitration against Joseph Stevens for losses to the Trust Account.

23. In making the award, pursuant to 9 U.S.C. § 10(a)(4), the Panel exceeded is powers in awarding damages on behalf of the Trust because the Trust and Joseph Stevens had not submitted to arbitrate with each other.

24. The Panel's award is improper because, Pursuant to 9 U.S.C. § 10(a)(3), the arbitration was fundamentally unfair. Because the Trust was a non-party to the arbitration, Joseph Stevens was unable to assert viable counter-claims and cross-claims that Joseph Stevens could and would have asserted against it had the Trust been a party to the Arbitration.

WHEREFORE, Petitioner moves the Court for an order pursuant to 9 U.S.C. § 10 vacating the award on the grounds that the Panel acted in manifest disregard of the law, the Panel exceeded its powers, and that the arbitration was fundamentally unfair, and for an order staying all proceedings to enforce the award pending the hearing and determination of this application.

Dated: April 27, 2007

**NIXON PEABODY LLP**

By: _____
Martin P. Russo (MR-4134)
Alison B. Cohen (AC-7702)
Tamar Y. Duvdevani (TD-7603)
437 Madison Avenue
New York, NY 10022
(212) 940-3000

Attorneys for Petitioner
Joseph Stevens & Company, Inc.

# EXHIBIT 1

# AWARD
## NASD Dispute Resolution

In the Matter of the Arbitration Between:

Name of Claimant

David Cikanek

vs.

Names of Respondents

Joseph Stevens & Company, Inc.,
Kevin P. Brody, Leonard J. Inserra, and
Ross S. Inserra

Case Number: 06-01868
Hearing Site: Chicago, Illinois

## NATURE OF THE DISPUTE

Customer vs. Member and Associated Persons

## REPRESENTATION OF PARTIES

David Cikanek ("Claimant") was represented by Renan Sugarman, Esq., Renan Sugarman, P.C., Chicago, Illinois.

Joseph Stevens & Company, Inc. ("Joseph Stevens") was represented by Martin P. Russo, Esq., Nixon Peabody LLP, New York, New York.

Kevin P. Brody ("Brody") was represented by David Gourevitch, Esq., Law Office of David Gourevitch, P.C., New York, New York.

Leonard J. Inserra ("Leonard") was represented by Thomas J. Curran, Esq., Ganfer & Shore, LLP, New York, New York.

Ross S. Inserra ("Ross") was represented by Michael C. Miller, Esq., Piliero Goldstein Kogan & Miller, LLP, New York, New York.

NASD Dispute Resolution
Arbitration No. 06-01868
Award    Page 2 of 8

## CASE INFORMATION

The Statement of Claim was filed on or about April 12, 2006. The Submission Agreement of Claimant was signed on or about April 2, 2006. Claimant filed an Opposition to Respondents Ross and Leonard Inserras' Motion to Dismiss on or about September 14, 2006. On or about October 11, 2006, Claimant filed a response to Brody's letter dated September 19, 2006. On or about November 10, 2006, Claimant filed an Opposition to Kevin P. Brody's Motion to Dismiss.

The Statement of Answer was filed by Respondent Joseph Stevens on or about July 6, 2006. The Submission Agreement of Respondent Joseph Stevens was signed but undated by Linda Chudnoff.

The Statement of Answer and Motion to Dismiss was filed jointly by Respondents, Ross and Leonard Inserra, on or about July 24, 2006. The Submission Agreement of Respondent, Ross Inserra, was signed on or about July 28, 2006. On or about September 21, 2006, Respondents, Ross and Leonard Inserra, filed a Reply Memorandum in Further Support of Their Motion to Dismiss the Statement of Claim.

On or about September 19, 2006, Kevin P. Brody filed an objection to NASD's jurisdiction over Brody. On or about October 9, 2006, Brody filed a Motion to Dismiss. On or about November 21, 2006, Brody filed a Reply in Support of Respondent Kevin P. Brody's Motion to Dismiss.

## CASE SUMMARY

Claimant asserted the following causes of action: violation of the Illinois Securities Law of 1953; violation of NASD Conduct Rules including Sections 2310, 2110, 2120, and 3010; breach of contract; common law fraud; misrepresentation; breach of fiduciary duty; constructive fraud; respondent superior; negligence; negligent supervision; and negligent hiring and retention. The causes of action related to Claimant's allegation that Respondents, Leonard, Ross and Brody, enticed Claimant to transfer his Fidelity portfolio to them. Claimant alleged that upon receipt of the portfolio, Leonard, Ross, and Brody liquidated all of Claimant's positions held with Fidelity and proceeded to invest in highly speculative securities including Aviation Holdings and Globalnet. Claimant alleged that in November 2000, Brody, Leonard, and Ross joined Respondent Joseph Stevens and convinced him to follow them. Claimant alleges that Brody, Leonard, and Ross continued, without authorization, to excessively trade his account and that Joseph Stevens allowed the position in Globalnet to be used as collateral for the trading of other speculative stocks on margin. Claimant also alleged that Respondents took large risks in his accounts that were unsuitable for his investment objectives and that Joseph Stevens, Brody, Leonard, and Ross failed to properly allocate his account across different asset classes.

NASD Dispute Resolution
Arbitration No. 06-01868
Award    Page 3 of 8

Unless specifically admitted in its Answer, Respondent Joseph Stevens denied the allegations made in the Statement of Claim and asserted affirmative defenses including the following: at all times relevant Joseph Stevens has a reasonable supervisory system designed to supervise the activities of each registered representative and achieve compliance with the securities laws and NASD rules and regulations; the damages allegedly sustained by Claimant have no causal relationship with any act, or failure to act, attributable to Joseph Stevens; if Claimant sustained any damage or loss, it was caused or contributed to by Claimant; Claimant acted in reckless disregard of the facts for which he was, or should have been aware; Claimant, at all relevant times, had or should have had, full knowledge of all material facts concerning his securities accounts; Claimant authorized and directed execution of all transactions in his accounts maintained with Joseph Stevens; Claimant authorized or ratified all transactions in his securities accounts maintained with Joseph Stevens; Claimant authorized and directed the execution of all transactions in his accounts maintained with Joseph Stevens; Claimant failed to mitigate his damages; there is no private right of action for a violation of NASD rules; and certain of Claimant's claims are barred by the applicable statute of limitations.

Unless specifically admitted in their Answer, Respondents, Leonard and Ross, denied the allegations made in the Statement of Claim and asserted affirmative defenses including the following: the Statement of Claim failed to state a claim on which relief can be granted; Claimant's claims for relief are barred by the applicable statutes of limitations and repose; Claimant assumed the risk of the market; Claimant's claims are barred by the doctrines of laches, waiver, ratification, acquiescence, and estoppel; Claimant failed to mitigate his damages; any right of recovery is limited by the doctrine of comparative fault; Claimant is barred from maintaining his Claim and each cause of action therein, because he failed to plead fraud with the requisite level of particularity or specificity as required by law; and Leonard and Ross owed no fiduciary duty to Claimant.

## RELIEF REQUESTED

Claimant requested an award in the amount of:

| | |
|---|---|
| Actual/Compensatory Damages | $800,000.00 |
| Exemplary/Punitive Damages | Unspecified |
| Interest | Unspecified |
| Attorneys' Fees | Unspecified |
| Other Costs | Unspecified |
| Other Monetary Relief | Unspecified |

Respondent Joseph Stevens requested that the claims asserted against it be denied.

Respondents Leonard and Ross requested that the claims asserted against them be dismissed with prejudice.

NASD Dispute Resolution
Arbitration No. 06-01868
Award   Page 4 of 8

## OTHER ISSUES CONSIDERED & DECIDED

Respondents, Kevin P. Brody and Leonard J. Inserra, did not file with the NASD Dispute Resolution properly executed Uniform Submission Agreements but are required to submit to arbitration pursuant to the Code and, having answered the claim or filed defensive pleadings, are bound by the determination of the Panel on all issues submitted.

During the Initial Pre-Hearing Conference held on September 21, 2006, Respondent, Kevin P. Brody, requested leave of the Panel to file a Limited Appearance and Motion to Dismiss. The Panel granted the request.

In its Order dated September 21, 2006, the Panel ruled that the Motion to Dismiss filed by Respondents, Leonard and Ross, would be taken under advisement pending the conclusion of the hearing on the merits.

On or about October 9, 2006, counsel for Respondent, Kevin P. Brody, filed a Notice of Limited Appearance on Behalf of Respondent, Kevin P. Brody.

In its Order dated January 18, 2007, the Panel denied Brody's Motion to Dismiss and directed that Respondent Brody shall file and serve his response to the Statement of Claim previously served upon him within fifteen calendar days.

On or about February 2, 2007, counsel for Brody advised that the Notice of Limited Appearance was withdrawn and that Brody submits that NASD-DR lacks jurisdiction for the reasons set forth in his Motion to Dismiss.

On or about March 2, 2007, counsel for Respondent, Ross S. Inserra, asserted that NASD lacks jurisdiction over Ross, that Ross objects to the process by which the Panel was appointed, that Ross withdraws from the proceedings and that he is withdrawing as counsel for Ross S. Inserra in connection with this arbitration.

On or about March 5, 2007, counsel for Respondent, Leonard J. Inserra, advised that Leonard objects to NASD's jurisdiction over him, the manner in which NASD has purported to adjudicate this matter, generally, the manner by which the Panel was selected, and the manner in which the Panel conducted its business. Counsel further advised that Leonard J. Inserra withdraws from the proceedings and that he no longer represents Leonard J. Inserra for any purpose in relation to these proceedings.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

NASD Dispute Resolution
Arbitration No. 06-01868
Award    Page 5 of 8

## AWARD

After considering the pleadings, the testimony, and the evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1.) Respondents, Joseph Stevens & Company, Inc., Ross S. Inserra, and Kevin P. Brody, are jointly and severally liable for and shall pay to Claimant, David Cikanek, the sum of $47,500.00 in compensatory damages;

2.) Respondents, Joseph Stevens & Company, Inc., Ross S. Inserra, and Kevin P. Brody, are jointly and severally liable for and shall pay to Claimant, David Cikanek, the sum of $166,250.00 in punitive damages. In deciding to award punitive damages, the Panel considered the pleadings filed by counsel, as well as the arguments presented on behalf of the parties, and determined that authority exists for an award of punitive damages under the law of Illinois to the Claimant;

3.) Claimant's claims against Respondent, Leonard J. Inserra, each and all, are hereby denied and dismissed with prejudice;

4.) Other than Forum Fees which are specified below, the parties shall each bear their own costs and expenses incurred in this matter; and

5.) Any relief not specifically enumerated, including attorneys' fees, is hereby denied with prejudice.

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees

NASD Dispute Resolution will retain the non-refundable filing fee for each claim:

Initial Claim filing fee                                                                 = $    375.00

### Member Fees

Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated persons at the time of the events giving rise to the dispute. In this matter, the member firm is Joseph Stevens & Company, Inc.

NASD Dispute Resolution
Arbitration No. 06-01608
Award    Page 6 of 8

| | | |
|---|---|---|
| Member surcharge | = $ | 2,250.00 |
| Pre-hearing process fee | = $ | 750.00 |
| Hearing process fee | = $ | 4,000.00 |

**Forum Fees and Assessments**

The Panel has assessed forum fees for each hearing session conducted or each decision rendered on a discovery-related motion on the papers. A session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators, that lasts four (4) hours or less. Fees associated with these proceedings are:

| | | | | |
|---|---|---|---|---|
| Four (4) Pre-hearing sessions with Panel x $1,200.00 | | | = $ | 4,800.00 |
| Pre-hearing conferences: | August 31, 2006 | 1 session | | |
| | September 21, 2006 | 1 session | | |
| | January 18, 2007 | 1 session | | |
| | March 2, 2007 | 1 session | | |
| | | | | |
| Nine (9) Hearing sessions x $1,200.00 | | | = $ | 10,800.00 |
| Hearing Dates: | March 19, 2007 | 2 sessions | | |
| | March 20, 2007 | 2 sessions | | |
| | March 21, 2007 | 2 sessions | | |
| | March 22, 2007 | 3 sessions | | |
| **Total Forum Fees** | | | = $ | 15,600.00 |

The Panel has assessed $15,600.00 of the forum fees jointly and severally to Joseph Stevens & Company, Inc., Ross S. Inserra, and Kevin P. Brody.

**Administrative Costs**

Administrative costs are expenses incurred due to a request by a party for special services beyond the normal administrative services. These include, but are not limited to, additional copies of arbitrator awards, copies of audio transcripts, retrieval of documents from archives, interpreters and security.

| | | |
|---|---|---|
| Kevin P. Brody, requested copies of audio transcripts | = $ | 30.00 |

NASD Dispute Resolution
Arbitration No. 06-01866
Award    Page 7 of 8

## FEE SUMMARY

Claimant, David Cikanek, is liable for:

| | | |
|---|---|---|
| Initial Filing Fee | = $ | 375.00 |
| Total Fees | = $ | 375.00 |
| Less payments | = $ | 1,575.00 |
| Refund Due Claimant | = $ | 1,200.00 |

Respondent, Joseph Stevens & Company, Inc., is liable for:

| | | |
|---|---|---|
| Member Fees | = $ | 7,000.00 |
| Total Fees | = $ | 7,000.00 |
| Less payments | = $ | 7,000.00 |
| Balance Due NASD Dispute Resolution | = $ | 0.00 |

Respondent, Kevin P. Brody, is liable for:

| | | |
|---|---|---|
| Administrative Costs | = $ | 30.00 |
| Total Fees | = $ | 30.00 |
| Less payments | = $ | 30.00 |
| Balance Due NASD Dispute Resolution | = $ | 0.00 |

Respondents, Joseph Stevens & Company, Inc., Ross S. Inserra, and Kevin P. Brody, are jointly and severally liable for:

| | | |
|---|---|---|
| Forum Fees | = $ | 15,600.00 |
| Total Fees | = $ | 15,600.00 |
| Less payments | = $ | 1,500.00 |
| Balance Due NASD Dispute Resolution | = $ | 14,100.00 |

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

NASD Dispute Resolution
Arbitration No. 06-01868
Award    Page 8 of 8

## ARBITRATION PANEL

Terry F. Peppard, Esq. - Public Arbitrator, Presiding Chair
Sondra Sellars, Esq. - Public Arbitrator
Herbert J. Paske - Non-Public Arbitrator

Concurring Arbitrators' Signatures:

/s/ Terry F. Peppard, Esq.                    March 28, 2007
Terry F. Peppard, Esq.                        Signature Date
Public Arbitrator, Presiding Chair

/s/ Sondra Sellars, Esq.                      March 29, 2007
Sondra Sellars, Esq.                          Signature Date
Public Arbitrator

/s/ Herbert J. Paske                          March 29, 2007
Herbert J. Paske                              Signature Date
Non-Public Arbitrator

March 30, 2007
Date of Service  (For NASD office use only)

NASD Dispute Resolution
Arbitration No. 06-01858
Award    Page 8 of 8

## ARBITRATION PANEL

Terry F. Peppard, Esq. - Public Arbitrator, Presiding Chair
Sondra Sellars, Esq. - Public Arbitrator
Herbert J. Paske - Non-Public Arbitrator

Concurring Arbitrators' Signatures:

_____          3/28/07
Terry F. Peppard, Esq.                   Signature Date
Public Arbitrator, Presiding Chair

_____          _____
Sondra Sellars, Esq.                     Signature Date
Public Arbitrator

_____          _____
Herbert J. Paske                         Signature Date
Non-Public Arbitrator

_____
Date of Service  (For NASD office use only)

NASD Dispute Resolution
Arbitration No. 06-01888
Award    Page 8 of 8

## ARBITRATION PANEL

Terry F. Peppard, Esq. - Public Arbitrator, Presiding Chair
Sondra Sellars, Esq. - Public Arbitrator
Herbert J. Paske - Non-Public Arbitrator

Concurring Arbitrators' Signatures:

_____
Terry F. Peppard, Esq.
Public Arbitrator, Presiding Chair

_____
Signature Date

*[signature: Sondra Sellars]*
Sondra Sellars, Esq.
Public Arbitrator

March 29, 2007
Signature Date

_____
Herbert J. Paske
Non-Public Arbitrator

_____
Signature Date

_____
Date of Service  (For NASD office use only)

NASD Dispute Resolution
Arbitration No. 06-01865
Award    Page 8 of 8

## ARBITRATION PANEL

Terry F. Peppard, Esq. - Public Arbitrator, Presiding Chair
Sondra Sellars, Esq. - Public Arbitrator
Herbert J. Paske - Non-Public Arbitrator

Concurring Arbitrators' Signatures:

_____
Terry F. Peppard, Esq.
Public Arbitrator, Presiding Chair

_____
Signature Date

_____
Sondra Sellars, Esq.
Public Arbitrator

_____
Signature Date

_____
Herbert J. Paske
Non-Public Arbitrator

3-29-07
Signature Date

_____
Date of Service (For NASD office use only)