**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOSEPH STEVENS & COMPANY, INC.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| | ) | **Civ. Case No. 08-CV-706** |
| | ) | |
| **vs.** | ) | |
| | ) | **Hon.  Amy St. Eve** |
| **DAVID CIKANEK,** | ) | |
| | ) | |
| **Respondent.** | ) | |

<u>**JOINT INITIAL STATUS REPORT**</u>

Pursuant to the Court's February 21, 2008 Order and the Federal Rules of Civil

Procedure Rule 26(f), the parties in the above-captioned case jointly submit the following initial

status report:

      1.      <u>**The Nature of Case**</u>

            A.      **Identify the attorneys of record for each party, including the lead trial attorney.**

For Petitioner Joseph Stevens & Co., Inc.:

      Peter Prommer
      Nixon Peabody LLP
      161 N. Clark Street
      48th Floor
      Chicago, IL 60601
      Phone: (312) 425-3900
      Fax: (312) 425-3909


      Martin P. Russo
      Alison B. Cohen
      Nixon Peabody LLP
      437 Madison Avenue,
      New York, NY 10022

Phone: (212) 940-3000
Fax: (212) 940-3111

For Respondent David Cikanek:

Leslie A. Blau
Blau & Malmfeldt
140 South Dearborn Street, Suite 1610
Chicago, IL  60603-5202
Phone: (312) 443-1600
Fax: (312) 443-1665

and

Renan I. Sugarman
30 North LaSalle Street, Suite 1530
Chicago, IL   60602-3380
Phone: (312) 578-9411
Fax: (312) 578-9431

**B.**     **State the basis for federal jurisdiction.**

The jurisdiction of this Court is proper under Title 9, United States Code, and particularly

Section 10 thereof, and under Title 28, United States Code, Section 1332.  The amount in

controversy exceeds, exclusive of interest and costs, $75,000.

**C.**     **Describe the nature of the claims asserted in the complaint and any**
          **counterclaims.**

An Application to Vacate the Financial Industry Regulatory Authority ("FINRA,"

formerly NASD) arbitration award rendered in the Matter of the Arbitration between David

Cikanek and Joseph Stevens & Company, Inc., Kevin Brody, Leonard Joseph Inserra, and Ross

Inserra, FINRA Arbitration No. 06-1868.

Respondent has prepared a separate cross-petition to confirm arbitration award, which

must be filed by March 30, 2008 and awaits the Court's instruction as to whether the cross-

petition should be; (1) filed as an independent motion;

**or,**

(2) incorporated into Respondent's Response to Petitioner's Application to Vacate so as to avoid the creation of two separate briefing schedules.

**D.      State the major legal and factual issues in the case.**

The Petitioner's Application states that the arbitration award was rendered by the FINRA arbitration panel in manifest disregard of the law, the arbitrators exceeded their powers in issuing the award, and the arbitration hearing was fundamentally unfair to the Petitioner.

**E.      Describe the relief sought by the plaintiff(s).**

The Petitioner requests that the Court vacate the FINRA arbitration award, or, in the alternative, remand it for clarification of the basis of the compensatory and punitive damages.

**2.      Pending Motions and Case Plan**

**A.      Identify All Pending Motions**

Prior to the transfer of this case, there was an Application to Vacate the Arbitration Award pending before the United States District Court Southern District of New York. Petitioner awaits this Court's instructions as to whether the Application must be refiled.

**B.      Submit a proposal for a discovery plan, including the following information:**

**A.      The type of discovery needed;**

No discovery is now, or has ever been necessary.

**B.      A date for Rule 26(a)(1) disclosures;**

Not applicable.

**C.      A fact discovery completion date;**

Not applicable.

**D.    An expert discovery completion date, including dates for the delivery of expert reports.**

Not applicable.

**E.    A date for the filing of dispositive motions; and**

Petitioner awaits the Court's instructions on whether refiling of the Application is

necessary.  If so, Petitioner respectfully request until June 1, 2008 to file.

**F.    A date for the filing of a final pretrial order.**

A trial is not necessary in this matter.

**C.    With respect to trial, indicate the following:**

A trial is not necessary in this matter.

**A.    Whether a jury trial is requested;**
Not applicable.

**B.    The probable length of trial; and**
Not applicable.

**C.    When the case will be ready for trial.**
Not applicable.

**3.    Consent to Proceed Before a Magistrate Judge**

- **Indicate whether the parties consent unanimously to proceed before a Magistrate Judge.**

The parties do not consent to proceed before a Magistrate Judge.

**4.    Status of Settlement Discussions**

**A.    Indicate whether any settlement discussions have occurred;**

Settlement discussions occurred but are not continuing.

**B.    Describe the status of any settlement discussions; and**

Settlement discussions are not continuing.

C.    **Whether the parties request a settlement conference.**

The parties do not request a settlement conference.

Dated: March 5, 2008

___ s/ Peter S. Prommer_____
Peter S. Prommer
pprommer@nixonpeabody.com
Nixon Peabody LLP
161 North Clark Street, 48th Floor
Chicago, IL   60601-3213
Phone: (312) 425-8552
Fax: (312) 425-3909

*Attorneys for Petitioner*
*Joseph Stevens & Co., Inc.*

___ s/ Leslie A. Blau_____
Leslie A. Blau  (ARDC#3129101)
lesblau@aol.com
Blau & Malmfeldt
140 South Dearborn St., Suite 1610
Chicago, IL   60603-5202
Phone: (312) 443-1600
Fax: (312) 443-1665

*Attorneys for Respondent*
*David Cikanek*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the **Joint Initial Status Report** was filed electronically in compliance with the General Order on Electronic Case Filing, Section III(B)(1). As such, these documents were served on all counsel who are deemed to have consented to electronic service. Fed. R. Civ. P. 5(b)(2)(D) and Local Rule 5.9.

   s/ Peter J. Prommer   
One of the Attorneys for Petitioner
Joseph Stephens & Company, Inc.
