# EXHIBIT A

Case 1:08-cv-00706   Document 41-3   Filed 03/28/2008   Page 1 of 7

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
                                   :
JOSEPH STEPHENS & COMPANY, INC.,   :
                                   :
            Petitioner,            :
                                   :    07 CV 3385 (BSJ)
        v.                         :
                                   :           Order
DAVID CIKANEK,                     :
                                   :
            Respondent.            :
                                   :
-----------------------------------x
```

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

## INTRODUCTION

Petitioner, Joseph Stephens & Co., Inc. ("Petitioner"), brings this petition pursuant to 9 U.S.C. § 10 to vacate an arbitration award rendered after a hearing conducted in Chicago, Illinois before the NASD. Respondent, David Cikanek ("Respondent"), moves to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure or, in the alternative, requests that this Court exercise its discretion under 28 U.S.C. § 1404 and transfer this action to the Northern District of Illinois. For the following reasons, Respondent's motion to transfer is GRANTED.

## DISCUSSION

Under 28 U.S.C. § 1404(a), a district court may transfer any civil action "[f]or the convenience of parties and witnesses, in the interest of justice" to "any other district or

division where it might have been brought."[1] When evaluating a motion to transfer venue under § 1404(a), courts in the Second Circuit consider numerous factors including: (1) the locus of the operative facts; (2) convenience of the parties; (3) the convenience of the witnesses; (4) the location of relevant documents and relative ease of proof; (5) the relative means of the parties; (6) the availability of process to compel attendance of unwilling witnesses; (7) a forum's familiarity with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interests of justice based on the totality of the circumstances. *American Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F.Supp.2d 474, 477 (S.D.N.Y. 2006). The determination of whether a transfer is warranted lies within the broad discretion of the district court, and each factor need not be accorded equal weight. *Id.*

The locus of operative facts here is Chicago because that is where the arbitration hearing took place. Despite Petitioner's contentions, even if the Court were to assume that this district was the location of the events giving rise to the arbitrated dispute, those events are not the focus here. In determining the merits of Petitioner's claim, the only relevant facts for the Court will be what took place at the arbitration

---

[1] The parties do not dispute that this case could have been brought in the Northern District of Illinois.

2

hearing, what the arbitrators did or did not do and whether the arbitrator's actions warrant vacation. Here, Chicago is the location where those relevant facts transpired. Thus, this first factor weighs in favor of transferring this action.

"The core determination under § 1404(a) is the center of gravity of the litigation, a key test of which is the convenience of witnesses." *Viacom Intern., Inc. v. Melvin Simon Productions, Inc.*, 774 F.Supp. 858, 868 (S.D.N.Y. 1991). The Court notes that courts in this Circuit considering the proper venue for actions under the Federal Arbitration Act (the "FAA") have routinely found that the interests of justice and the convenience of all involved are best served by having the action heard in the forum where the arbitration took place. *See, e.g. Alexander Ins. Ltd.*, 1991 WL 150224, at *2 (quoting *United States Offshore, Inc. v. Seabulk Offshore, Ltd.*, 753 F.Supp. 86, 89 (S.D.N.Y.1990))("the location where an arbitration was held is presumptively the convenient forum for settling the dispute"); *see also Motion Picture Lab. Technicians Local 780 v. McGregor & Werner, Inc.*, 804 F.2d 16, 18 (2d Cir.1986)(quoting *Central Valley Typographical Union, No. 46 v. McClatchy Newspapers*, 762 F.2d 741, 744 (9th Cir.1985))("laying venue where the arbitration was held ... recognizes that the parties already have indicated that the location is mutually convenient to settle their dispute").

3

Petitioner argues that the convenience of the parties and the witnesses is irrelevant because the arbitration award presents only issues of law which can be decided on the basis of the papers submitted. However, Respondent challenges the facts on which Petitioner predicates personal jurisdiction over him.[2] And these disputed facts make it likely that further discovery including depositions may be needed to decide the jurisdictional issues. This makes the convenience of the witnesses and the parties a relevant concern. Therefore, the second and third and factors weigh in favor of transferring this action.

As stated above, the relative resources of the parties may also be an important consideration in determining whether to grant a motion to transfer. Here, Petitioner is an NASD registered broker and Respondent is a retired janitor who is in poor health and who resides in Chicago. Additionally, it is undisputed that Respondent lost a majority of his net worth in the securities market. Accordingly, the Court finds that the

---

[2] For example the following issues are in dispute: 1) Respondent challenges Petitioner's assertion that Respondent filled out paperwork and transferred his account to Stevens; 2) Respondent disputes that he was involved in the transactions on his account, 3) the parties do not agree on the circumstances under which additional monies were sent to Petitioner to invest. Furthermore, the Court is unable to determine based on the record before it, the volume of trading that occurred on Respondent's accounts and the circumstances under which Respondent's account in Massachusetts was transferred to Petitioner in New York. It is likely that these circumstances are important to the Court's analysis of whether long arm jurisdiction exists and to the determination of whether or not Respondent can be said to have purposefully availed himself of the privilege of conducting activities in New York.

additional costs attendant to litigating this action in New York would be unduly burdensome for Respondent.

The remaining factors are either not significant to this determination or weigh in favor of transferring this action. Illinois state law is central to Petitioner's claim. Therefore, while this Court is certainly capable of applying Illinois state law, it is likely that the Northern District of Illinois is more familiar with the governing law in this case. Lastly, while the Plaintiff's choice of forum is generally given significant weight, where as here, the operative events occurred elsewhere, the plaintiff's choice of forum is given less weight.

CONCLUSION

For the reasons stated above, the Court is persuaded that transfer to the district court in Illinois best serves the convenience of the parties and is in the interests of justice based on the totality of the circumstances. Accordingly, the Clerk of the Court is ordered to transfer this case to the Northern District of Illinois.

SO ORDERED:

_____
Barbara S. Jones
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         January 24, 2008

5

CHAMBERS OF
HON. BARBARA S. JONES
UNITED STATES DISTRICT COURT
500 PEARL ST.
NEW YORK, NEW YORK 10007
TEL: (212) 805-6186
FAX: (212) 805-6191

JANUARY 24, 2008

## FAX COVER SHEET

To: Martin P. Russo
Attorney for Petitioner
Fax: (212) 940-3111

Leslie A. Blau
Attorney for Respondent
Fax: (312) 443-1665

Re: Joseph Stephens & Company, Inc., v. Cikanek, 07 cv 3385

This page and 5 other(s)