UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JOSEPH STEVENS & COMPANY, INC.,** )<br>)<br>**Petitioner,** )<br>)<br>)<br>)<br>vs. )<br>)<br>**DAVID CIKANEK,** )<br>)<br>**Respondent.** ) | Civ. Case No. 08-CV-706<br><br>Hon. Amy St. Eve |

### APPLICATION TO VACATE ARBITRATION AWARD

Petitioner Joseph Stevens & Company, Inc. ("Joseph Stevens"), moves for an order, pursuant to Title 9, United States Code, Section 10, vacating the award of the National Association of Securities Dealers ("NASD") arbitrators issued in the matter of <u>David Cikanek v. Joseph Stevens & Co., Inc., Kevin Brody, Leonard Inserra and Ross Inserra</u>, NASD Case No. 06-01868, and respectfully alleges as follows:

### The Parties

1. Petitioner Joseph Stevens is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business in the City of New York, State of New York.

2. Respondent David Cikanek is an individual, who upon information and belief, resides in the City of Chicago, State of Illinois.

**Jurisdiction**

3. The jurisdiction of this Court is proper under Title 9, United States Code, and particularly Section 10 thereof, and under Title 28, United States Code, Section 1332. The amount in controversy exceeds, exclusive of interest and costs, $75,000.

**Background**

4. In or about November 2000, David Cikanek signed a New Account Agreement with Joseph Stevens by which Mr. Cikanek opened an IRA account.

5. At the same time, Mr. Cikanek, in his representative capacity as trustee for the David M. Cikanek Living Trust (the "Trust"), signed a New Account Agreement with Joseph Stevens by which David Cikanek opened a securities account (the "Trust Account").

6. The New Account Agreement contained an arbitration clause which states in relevant part that "all controversies which may arise between [the parties to the agreement] concerning any transaction or the construction, performance, or breach of this or any other agreement between us pertaining to securities . . . shall be determined by arbitration. Any arbitration under this agreement shall be conducted pursuant to the Federal Arbitration Act and the laws of the State of New York."

7. The New Account Agreement provided that judgment may be entered in any court, state or federal, having jurisdiction upon an award made pursuant to the arbitration clause of the New Account Agreement.

8. On April 6, 2006, David Cikanek filed a Statement of Claim in Arbitration with the NASD captioned: <u>David Cikanek v. Joseph Stevens & Co., Inc., Kevin Brody, Leonard Inserra and Ross Inserra</u>, NASD Case No. 06-01868.

9. At the time David Cikanek filed his Statement of Claim in Arbitration, he submitted a Uniform Submission Agreement on his own behalf, and in his name only.

10. The Trust was not a named claimant and never executed or submitted a Uniform Submission Agreement to the NASD.

11. Joseph Stevens filed a Uniform Submission Agreement with the NASD, in which it submitted to arbitration with David Cikanek.

12. Joseph Stevens never filed a Uniform Submission Agreement with the NASD submitting to arbitration with the Trust.

13. Pursuant to the NASD Code of Arbitration, Joseph Stevens submitted an Answer to the Statement of Claim in Arbitration, the parties followed the NASD discovery procedures, and the NASD selected a panel of Arbitrators (the "Panel") to determine the issue in controversy.

14. The Panel consisted of Terry F. Peppard, Esq. (chairperson), Sondra Sellers, Esq. (public arbitrator), and Herbert J. Paske (non-public arbitrator).

15. From March 19, 2007 through March 23, 2007, the Panel held hearings and received oral and documentary evidence. Joseph Stevens and David Cikanek appeared at the hearing.

16. On March 19, 2007, after David Cikanek's counsel presented his opening statement, it became apparent to Joseph Stevens that David Cikanek intended to introduce evidence and present a case regarding alleged damages to the Trust Account.

17. Joseph Stevens' counsel objected to Mr. Cikanek's presentation of evidence and testimony regarding losses allegedly suffered to the Trust Account because the Trust was not a party and never submitted to the arbitration hearing and David Cikanek, in his individual capacity, did not have standing to bring a claim on behalf of the Trust.

18.     At the arbitration hearing, Joseph Stevens presented relevant Illinois authority requiring that any claim for the Trust must be brought by the trustee on behalf of the Trust or in the Trust's name.  The chairperson, without consulting the other arbitrators, ignored the governing Illinois law and allowed David Cikanek to present evidence and testimony relating to the Trust Account, which was improper and unjust.

19.     A majority of the Panel never ruled on Joseph Stevens' motions and objections.

20.     The hearing proceeded until it closed on March 23, 2007 with a running objection on the record made by Joseph Stevens' counsel regarding any evidence presented relating to the Trust Account.  During closing arguments, Joseph Stevens' counsel again argued the facts and the law precluding the arbitrators from rendering an award for the Trust.

21.     On March 30, 2007, the NASD issued the Panel's written award, granting $47,500 in compensatory damages and $166,250 in punitive damages to David Cikanek.  A true and complete copy of the award is attached hereto as <u>Exhibit 1</u>.

22.     In making the award, the Panel acted in manifest disregard of the law because it ignored the Illinois law presented by Joseph Stevens which informed the Panel that David Cikanek individually lacked the requisite standing to bring a claim in arbitration against Joseph Stevens for losses to the Trust Account.

23.     In making the award, pursuant to 9 U.S.C. § 10(a)(4), the Panel exceeded is powers in awarding damages on behalf of the Trust because the Trust and Joseph Stevens had not submitted to arbitrate with each other.

24.     The Panel's award is improper because, Pursuant to 9 U.S.C. § 10(a)(3), the arbitration was fundamentally unfair.  Because the Trust was a non-party to the arbitration, Joseph Stevens was unable to assert viable counter-claims and cross-claims that Joseph

Stevens could and would have asserted against it had the Trust been a party to the Arbitration.

WHEREFORE, Petitioner moves the Court for an order pursuant to 9 U.S.C. § 10 vacating the award on the grounds that the Panel acted in manifest disregard of the law, the Panel exceeded its powers, and that the arbitration was fundamentally unfair, and for an order staying all proceedings to enforce the award pending the hearing and determination of this application.

Dated: March 31, 2008

        Respectfully submitted,

        **NIXON PEABODY LLP**

By:    s/ Alison B. Cohen
        Martin P. Russo (MR-4134)
        mrusso@nixonpeabody.com
        Alison B. Cohen (AC-7702)
        acohen@nixonpeabody.com
        Nixon Peabody LLP
        437 Madison Avenue
        New York, New York 10022
        Telephone: (212) 940-3000

        Attorneys for Petitioner
        Joseph Stevens & Company, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that **Petitioner's Application to Vacate Arbitration Award** was filed electronically in compliance with the General Order on Electronic Case Filing, Section III(B)(1). As such, these documents were served on all counsel who are deemed to have consented to electronic service. Fed. R. Civ. P. 5(b)(2)(D) and Local Rule 5.9.

                                                    s/ Alison B. Cohen
                                      One of the Attorneys for Petitioner
                                      Joseph Stevens & Company, Inc.