UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JOSEPH STEVENS & COMPANY, INC.,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| ) | Civ. Case No. 08-CV-706 |
| ) | |
| **vs.** ) | |
| ) | Hon. Amy St. Eve |
| **DAVID CIKANEK,** ) | |
| ) | |
| **Respondent.** ) | |

**DECLARATION OF MARTIN P. RUSSO
IN SUPPORT OF APPLICATION TO VACATE**

I, MARTIN P. RUSSO, declare under penalty of perjury that the following is true and correct:

1. I am an attorney admitted to practice in the state of New York and am admitted *pro hac vice* in the United States District Court Northern District of Illinois. I am a member of Nixon Peabody LLP, counsel to Joseph Stevens & Company, Inc. ("Joseph Stevens").

2. I submit this Declaration in support of Joseph Stevens' Application to Vacate the NASD Arbitration Award issued in the matter of David Cikanek v. Joseph Stevens & Co., Inc., Kevin Brody, Leonard Inserra and Ross Inserra, NASD Case No. 06-01868.

3. True copies of excerpts from the March 2007 Arbitration hearing transcripts, which were prepared by a licensed court reporter service are annexed hereto as Exhibit A.

4. A true copy of the November 2000 account statement for the IRA account is annexed hereto as Exhibit B.

10535938.1

5.  A true copy of the December 2000 account statement for the IRA account is annexed hereto as Exhibit C.

6.  A true copy of the Bloomberg Price Chart for Globalnet for the months of November – December 2000 is annexed hereto as Exhibit D.

7.  A true copy of the summary charts for the IRA account introduced by David Cikanek is annexed hereto as Exhibit E.

8.  A true copy of the June 2006 account statement for the David Cikanek IRA account is annexed hereto as Exhibit F.

9.  A true copy of the formation document for the David M. Cikanek Living Trust is annexed hereto as Exhibit G.

10. A true copy of summary charts for the Trust account introduced by David Cikanek is attached hereto as Exhibit H.

11. A true copy of the David Cikanek Statement of Claim in Arbitration is annexed hereto as Exhibit I.

12. A true copy of David Cikanek's Uniform Submission Agreement is annexed hereto as Exhibit J.

13. A true copy of Joseph Stevens' Uniform Submission Agreement is annexed hereto as Exhibit K.

14. A true copy of NASD Code of Arbitration Rule 10325 is annexed hereto as Exhibit L.

16. A true copy of a private placement questionnaire completed by David Cikanek is annexed hereto as Exhibit M.

17. An excerpt of a transcription of the official NASD tape recording of Joseph Stevens' closing argument is annexed hereto as Exhibit N.

18. At no time did the Trust, either in its name or by Mr. Cikanek as trustee, file an arbitration against Joseph Stevens.

19. At no time did the Trust, in its own name or by Mr. Cikanek as trustee, execute a Uniform Submission Agreement submitting to arbitration with Joseph Stevens.

20. Joseph Stevens did not execute a Uniform Submission Agreement consenting to arbitrate with the Trust.

21. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury the forgoing is true and correct.

Executed on this 31st day of March, 2008

By: s/ Martin P. Russo
Martin P. Russo (MR-4134)
mrusso@nixonpeabody.com
Alison B. Cohen (AC-7702)
acohen@nixonpeabody.com
Nixon Peabody LLP
437 Madison Avenue
New York, New York 10022
Telephone: (212) 940-3000

Attorneys for Petitioner
Joseph Stevens & Company, Inc.