# EXHIBIT L
# TO
# DECLARATION OF
# MARTIN P. RUSSO IN SUPPORT OF
# APPLICATION TO VACATE

# FILED BY PETITIONER
# JOSEPH STEVENS & COMPANY, INC.

### • 10325. Determination of Arbitrators

All rulings and determinations of the panel shall be by a majority of the arbitrators.

### • 10326. Record of Proceedings

(a) A verbatim record by stenographic reporter or a tape, digital, or other recording of all arbitration hearings shall be kept. If a party or parties to a dispute elect to have the record transcribed, the cost of such transcription shall be borne by the party or parties making the request unless the arbitrators direct otherwise. The arbitrators may also direct that the record be transcribed. If the record is transcribed at the request of any party, a copy shall be provided to the arbitrators.

(b) A verbatim record of mediation conducted pursuant to the Rule 10400 Series shall not be kept.

```
Amended by SR-NASD-2006-102 eff. Aug. 23, 2006.
Amended by SR-NASD-95-25 eff. Aug. 1, 1995.
Amended eff. May 10, 1989.
```

### • 10327. Oaths of the Arbitrators and Witnesses

Prior to the commencement of the first session, an oath or affirmation shall be administered to the arbitrators. All testimony shall be under oath or affirmation.

### • 10328. Amendments

(a) After the filing of any pleadings, if a party desires to file a new or different pleading, such change must be made in writing and filed with the Director of Arbitration with sufficient additional copies for each arbitrator. The party filing a new or different pleading shall serve on all other parties, a copy of the new or different pleading in accordance with the provisions set forth in Rule 10314(b). The other parties may, within ten (10) business days from the receipt of service, file a response with all other parties and the Director of Arbitration in accordance with Rule 10314(b).

(b) If a new or amended pleading increases the amount in dispute, all filing fees, hearing session deposits, surcharges, and process fees required under Rules 10332 and 10333 will be recalculated based on the amended amount in dispute.

(c) After a panel has been appointed, no new or different pleading may be filed except for a responsive pleading as provided for in (a) above or with the panel's consent.

```
Amended by SR-NASD-2001-21 eff. Nov. 19, 2001.
Amended eff. Oct. 1, 1984 and Apr. 26, 1991.

Selected Notice to Members: 01-70.
```

### • 10329. Reopening of Hearings

Where permitted by applicable law, the hearings may be reopened by the arbitrators on their own motion or at the discretion of the arbitrators upon application of a party at any time before the award is rendered.

### • 10330. Awards

(a) All awards shall be in writing and signed by a majority of the arbitrators or in such manner as is required by applicable law. Such awards may be entered as a judgment in any court of competent jurisdiction.

# UNIFORM SUBMISSION AGREEMENT

**NASD Dispute Resolution**

In the Matter of the Arbitration Between

<u>Name of Claimant(s)</u>

David Cikanek

06-01868

<u>Name of Respondent(s)</u>

Joseph Stevens and Co., Inc.
Kevin P. Brody
Leonard J. Inserra
Ross Inserra

1. The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, cross claims and all related counterclaims and/or third party claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations and/or Code of Arbitration Procedure of the sponsoring organization.

2. The undersigned parties hereby state that they have read the procedures and rules of the sponsoring organization relating to arbitration.

3. The undersigned parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The undersigned parties further agree and understand that the arbitration will be conducted in accordance with the Constitution, By-Laws, Rules, Regulations and/or NASD Code of Arbitration Procedure of the sponsoring organization.

4. The undersigned parties further agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agree that a judgment and any interest due thereon may be entered upon such award(s) and, for these purposes, the undersigned parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

# EXHIBIT M
# TO
# DECLARATION OF
# MARTIN P. RUSSO IN SUPPORT OF
# APPLICATION TO VACATE

# FILED BY PETITIONER
# JOSEPH STEVENS & COMPANY, INC.

**BNY CLEARING SERVICES LLC**
A BANK OF NEW YORK COMPANY

## Request for Taxpayer Identification Number and Certification
### Substitute Form W-9
(Rev. January 2002)

Account Number _____   Current TIN on Account  **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**

Name: **DAVID M. CIKANEK**
(If joint account or you changed your name, see Specific Instructions on page 2.)

Please check appropriate box:  [X] Individual/Sole proprietor   [ ] Corporation   [ ] Partnership   [ ] Other ▸ _____   [ ] Exempt from backup withholding

Business name, if different from above (See Specific Instructions on page 2)

### Part I — Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor or disregarded entity, see the Part I instructions on page 2. For other entities, it is your employer identification number (EIN). If you do not have a number, see How to Get a TIN, on page 2.

NOTE: If the account is in more than one name, see the chart on Page 2 for guidelines on whose number to enter.

Social Security Number: **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**   OR   Employer Identification Number: _____

### Part II — Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and
3. I am a U.S. person (including a U.S. resident alien).

Certification Instructions. -- You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN. (See the instructions on page 2.)

Signature of U.S. person: _David M. Cikanek_  THE DAVID M. CIKANEK REVOCABLE LIVING TRUST DATED 9/8/2000  TRUSTEE     Date **12/19/2002**

BNY Clearing Services LLC
111 East Kilbourn Avenue • Milwaukee, WI 53202 • (414) 225-4100
Member New York Stock Exchange and other principal exchanges

1132-2636
CIKANEK



## VII    CONFIDENTIAL INVESTOR QUESTIONNAIRE

7.1    The Purchaser represents and warrants that he, she or it comes within one category marked below, and that for any category marked, he, she or it has truthfully set forth, where applicable, the factual basis or reason the Purchaser comes within that category. ALL INFORMATION IN RESPONSE TO THIS SECTION WILL BE KEPT STRICTLY CONFIDENTIAL. The undersigned agrees to furnish any additional information which the Company deems necessary in order to verify the answers set forth below.

Category A ✓    The undersigned is an individual (not a partnership, corporation, etc.) whose individual net worth, or joint net worth with his or her spouse, presently exceeds $1,000,000.

Category B ✓    The undersigned is an individual (not a partnership, corporation, etc.) who had an income in excess of $200,000 in each of the two most recent years, or joint income with his or her spouse in excess of $300,000 in each of those years and has a reasonable expectation of reaching the same income level in the current year.

Category C ___    The undersigned is a director or executive officer of the Company which is issuing and selling the Common Shares.

Category D ___    The undersigned is a bank; a savings and loan association; insurance company; broker or dealer registered pursuant to Section 15 of the Securities Exchange Act of 1934, registered investment company; registered business development company; licensed small business investment company ("SBIC"); or employee benefit plan within the meaning of Title 1 of ERISA and (a) the investment decision is made by a plan fiduciary which is either a bank, savings and loan association, insurance company or registered investment advisor, or (b) the plan has total assets in excess of $5,000,000 or (c) is a self directed plan with investment decisions made solely by persons that are accredited investors. (describe entity)

_____

Category E ___    The undersigned is a private business development company as defined in section 202(a)(22) of the Investment Advisors Act of 1940. (describe entity)

_____

Category F _____ The undersigned is either a corporation, partnership, Massachusetts business trust, or non-profit organization within the meaning of Section 501(c)(3) of the Internal Revenue Code, in each case not formed for the specific purpose of acquiring the Common Shares and with total assets in excess of $5,000,000 (describe entity)

_____

Category G _____ The undersigned is a trust with total assets in excess of $5,000,000, not formed for the specific purpose of acquiring the Common Shares, where the purchase is directed by a "sophisticated investor" as defined in Regulation 506(b)(2)(ii) under the Act.

Category H ✓ *DMC* The undersigned is an entity (~~other than a trust~~) in which all of the equity owners are "accredited investors" within one or more of the above categories. If relying upon this Category alone, each equity owner must complete a separate copy of this Agreement. (describe entity)
*THE DAVID M. CIKANEK REVOCABLE LIVING [TRUST]*
*DATED 9/8/2000* *[signature] Cikanek TRUSTEE*

Category I _____ The undersigned is not within any of the categories above and is therefore not an accredited investor.

The undersigned agrees that the undersigned will notify the Company at any time on or prior to the Closing Date in the event that the representations and warranties in this Agreement shall cease to be true, accurate and complete

7.2  **SUITABILITY** (please answer each question)

(a) For an individual Purchaser, please describe your current employment, including the company by which you are employed and its principal business:
*RETIRED - UNITED FOOD & COMMERCIAL WORKERS*
*1300 HIGGINS ROAD PARK RIDGE IL*
*BUILDING MAINTENANCE MANAGER   60068*

(b) For an individual Purchaser, please describe any college or graduate degrees held by you:
*2 YR ASSOCIATE DEGREE (JR COLLEGE)*

(c) For all Purchasers, please list types of prior investments:

24

STOCKS, BONDS & MUTUAL FUNDS
_____
_____

(d) For all Purchasers, please state whether you have you participated in other private placements before:

YES ✓     NO ____

(e) If your answer to question (d) above was "YES", please indicate frequency of such prior participation in private placements of:

|  | Public Companies | Private Companies | Public or Private Biotechnology Companies |
|---|---|---|---|
| Frequently |  |  |  |
| Occasionally | ✓ | ✓ |  |
| Never |  |  |  |

(f) For individual Purchasers, do you expect your current level of income to significantly decrease in the foreseeable future:

YES ____     NO ✓

(g) For trust, corporate, partnership and other institutional Purchasers, do you expect your total assets to significantly decrease in the foreseeable future:

N/A     YES ____     NO ✓

(h) For all Purchasers, do you have any other investments or contingent liabilities which you reasonably anticipate could cause you to need sudden cash requirements in excess of cash readily available to you:

YES ____     NO ✓

(i) For all Purchasers, are you familiar with the risk aspects and the non-liquidity of investments such as the securities for which you seek to subscribe?

YES ✓     NO ____

(j) For all Purchasers, do you understand that there is no guarantee of financial return on this investment and that you run the risk of losing your entire investment?

YES ✓     NO ____

25

7.3     MANNER IN WHICH TITLE IS TO BE HELD. (circle one)

- (a)  Individual Ownership  *(circled)*
- (b)  Community Property
- (c)  Joint Tenant with Right of Survivorship (both parties must sign)
- (d)  Partnership*
- (e)  Tenants in Common
- (f)  Company*
- (g)  Trust*  *(circled)*
- (h)  Other

*If Common Shares are being subscribed for by an entity, the attached Certificate of Signatory must also be completed.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

7.4 <u>NASD AFFILIATION</u>.

Are you affiliated or associated with an NASD member firm (please check one):

Yes _____        No ✓

If Yes, please describe:

_____
_____
_____

*If Purchaser is a Registered Representative with an NASD member firm, have the following acknowledgment signed by the appropriate party:

The undersigned NASD member firm acknowledges receipt of the notice required by Article 3 Sections 28(a) and (b) of the Rules of Fair Practice.

_____
Name of NASD Member Firm

By: _____
     Authorized Officer

Date: _____

    7.5    The undersigned is informed of the significance to the Company of the foregoing representations and answers contained in the Confidential Investor Questionnaire contained in this Article VII and such answers have been provided under the assumption that the Company will rely on them.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

NUMBER OF COMMON SHARES 15,625 x $1.60 = 25,000⁰⁰ (the "Purchase Price") NUMBER OF WARRANTS = 10% OF COMMON SHARES 1,562.5

_David M. Cikanek_ (signature)
Signature

DAVID M. CIKANEK
Name Typed or Printed

THE DAVID M. CIKANEK REVOCABLE LIVING TRUST DATED 9/8/02
Entity Name

6141 W GRAND AVE
Address

CHICAGO, ILLINOIS 60639
City, State and Zip Code

773-637-7923
Telephone—~~Business~~ RESIDENCE

N/A
Telephone—~~Residence~~ BUSINESS

N/A
Facsimile—Business

N/A
Facsimile—Residence

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
Tax ID # or Social Security #

Signature (if purchasing jointly)

Name Typed or Printed

Entity Name

Address

City, State and Zip Code

Telephone—Business

Telephone—Residence

Facsimile—Business

Facsimile—Residence

Tax ID # or Social Security #

Name in which securities should be issued: THE DAVID M. CIKANEK REVOCABLE LIVING TRUST D/T/D 9/8/02

Dated: 12/19, 2002

This Common Stock and Warrant Purchase Agreement is agreed to and accepted as of _____, 2002.

MANHATTAN PHARMACEUTICALS, INC.

By: _____
Name: _____
Title: _____

## CERTIFICATE OF SIGNATORY

(To be completed if Common Shares are
being subscribed for by an entity)

I, DAVID M. CIKANEK am the TRUSTEE of THE DAVID M. CIKANEK REVOCABLE LIVING TRUST DATED 9/8/2000 (the "Entity").

I certify that I am empowered and duly authorized by the Entity to execute and carry out the terms of the Stock Purchase Agreement and to purchase and hold the Common Shares, and certify further that the Stock Purchase Agreement has been duly and validly executed on behalf of the Entity and constitutes a legal and binding obligation of the Entity.

IN WITNESS WHEREOF, I have set my hand this 19TH day of DECEMBER, 2002

_____
(Signature)  TRUSTEE

# MANHATTAN PHARMACEUTICALS, INC.

## SUPPLEMENT AND AMENDMENT NO. 1
## TO THE
## CONFIDENTIAL PRIVATE PLACEMENT MEMORANDUM

July 22, 2002

### ACKNOWLEDGEMENT

THE SUBSCRIBER ACKNOWLEDGES THAT THE SUBSCRIBER HAS RECEIVED AND READ THE OFFERING MEMORANDUM AND THIS SUPPLEMENT. THE SUBSCRIBER FURTHER ACKNOWLEDGES THE SUBSCRIBER HAS RELIED ONLY ON THE OFFERING MEMORANDUM AND THIS SUPPLEMENT IN DECIDING TO INVEST IN THE COMPANY AND NOT ON ANY ORAL OR WRITTEN INFORMATION PROVIDED BY ANY PERSON, WHICH DOES NOT CONFORM TO THE REPRESENTATIONS MADE IN THE OFFERING MEMORANDUM OR THIS SUPPLEMENT.

Dated: 12/19, 2002

(Signature)

THE DAVID M. CIKANEK REVOCABLE LIVING TRUST
DATED 9/8/2000
(Print Name)

Dated: _____, 2002

(Signature)

(Print Name)

Agreed and Accepted:

By: DAVID M. CIKANEK
Name: THE DAVID M. CIKANEK REVOCABLE LIVING TRUST
Title: TRUST ACCOUNT     DATED 9/8/2000
Address: 6141 W. GRAND AVE.
CHICAGO, ILLINOIS 60639

Date: 12/19/02

The Company will not pay Paramount Capital, Inc. any commission with respect to any Joseph Stevens Investor.

REPAYMENT OF LOAN BY PRINCIPAL STOCKHOLDER

On October 29, 2002, Dr. Lindsay A. Rosenwald, a principal stockholder of the Company, loaned the Company $15,000.00, for general corporate purposes. On November 14, 2002, Dr. Rosenwald loaned the Company $20,000 and on November 19, 2002, Dr. Rosenwald loaned the Company $56,000. Dr. Rosenwald also loaned the Company $20,000 on December 12, 2002. The loans will be repaid out of the proceeds of the Offering.

Supplement No. 3
Agreed and Accepted:

By: [signature]
Name: DAVID M. CIKANEK
Title: THE DAVID M. CIKANEK REVOCABLE LIVING TRUST
Address: 2141 W GRAND AV DATED 9/7/2000 David M Cikanek
CHICAGO, ILLINOIS 60639 (TRUSTEE)

Date: 12/26/2002

2.  **APPROVAL OF THE MERGER WITH ATLANTIC TECHNOLOGY VENTURES, INC.**

On January 15, 2003, the Company conducted a Stockholder Meeting at which the Stockholders of Manhattan entitled to vote on such matters approved the Agreement and Plan of Merger dated as of December 17, 2002 among the Company, Manhattan Pharmaceuticals Acquisition Corporation, Inc. ("MPAC"), a Delaware corporation and wholly owned subsidiary Atlantic Technology Ventures, Inc. as described in Supplement and Amendment No. 3. The stockholders also authorized the Company, in connection with the Merger, to change its name to "Manhattan Research Development Corp." Atlantic has circulated a Definitive Proxy Statement to its stockholders and will conduct a Stockholder Meeting on February 21, 2003 to seek stockholder approval of the Merger. While there can be no assurance that the stockholders of Atlantic will approve the Merger, if the Merger is approved then Atlantic will issue to the stockholders of Manhattan a number of shares of common stock representing 80% of the outstanding shares of Atlantic. A copy of the Definitive Proxy Statement is included herewith for your convenience.

3.  **EXTENSION OF THE OFFERING PERIOD**

Manhattan has determined to extend the Termination Date of the Offering to February 20, 2003.

Supplement No. 4
Agreed and Accepted:               *Cikanek*

By: DAVID M CIKANEK REVOCABLE LIVING TRUST DATED 9/8/
Name: David M Cikanek TRUSTEE
Title: THE DAVID M CIKANEK REVOCABLE LIVING TRUST
Address: 6141 W GRAND AVE       DATED 9/8/2000
CHICAGO, ILLINOIS 60639

Date: 2/10/03

# EXHIBIT N
# TO
# DECLARATION OF
# MARTIN P. RUSSO IN SUPPORT OF
# APPLICATION TO VACATE

# FILED BY PETITIONER
# JOSEPH STEVENS & COMPANY, INC.

10962291.1

043843/000013

Tape 16
3/22/07  5:29PM
06-1868

With respect to the Cikanek Living Trust, this is specific to trading level related, the evidence should not be accepted. It should be disregarded or at least should be considered as not being relevant to Mr. Cikanek's claim here. Now, the relationship in this arbitration is contractual and there was no submission agreement from the Cikanek Living Trust. They have no claim here. There is no evidence of any assignment of the Cikanek Living Trust claim to Mr. Cikanek and they had the opportunity to present that but they didn't. There is evidence of the following in the record. We have the trust document in the record which shows that the trust exists. We have the statements in the record which show that the account was held in the name of the trust. We had the expert for the other side testified that the trust is a separate legal entity. We had the trust document which identifies that the beneficiary is third parties, not Mr. Cikanek. We have the trust document that says the trustee must bring the action on behalf of the trust. We have no evidence in this case presented by Mr. Cikanek that he is in fact bringing this claim on behalf of the trust and again no evidence of an assignment. What we do have is we have evidence of losses to a trust which we believe Joseph Stevens is not responsible for. The losses nevertheless were suffered by the trust and not by David Cikanek individually the claimants in this case. And so it's a matter of law Mr. Cikanek cannot recover for those trust losses. As a matter of fact, he has not proven that he personally suffered any injury when that trust entity lost money. That does not deprive David Cikanek of seeking losses for activity. There's a David Cikanek account at LCP. There's an IRA account at LCP. There's an IRA account here. With respect to the losses claimed in the David Cikanek Living Trust at Joseph Stevens, the claim is just over $200,000 and we worked through that with the expert this morning. It's 15 in the IRA

and 200 for the Living Trust. The margin debit paid by Joseph Stevens should reduce debt by $41,000; that was out-of-pocket that Joseph Stevens went for Mr. Cikanek. That brings it down to about $160,000. So if you look at that number, $160,000, based on Ms. Chudnoff's testimony that the gross credit in Exhibit 22 included both firm profit and markup. You should reduce the commissions column in the calculation by about $25,000. Mr. Shaff, by including gross credit instead of markup/markdown, inflated the amount of the losses by about $25,000. When you reduce that your at approximately $135,000 and the losses in Global Net in the first 30 days were in the range of $100-$115,000 when all is said and done on investments that Joseph Stevens the loss in the Cikanek Living Trust account are approximately $35,000. That being said our position is that the losses with respect to the trust belong to the trust that Mr. Cikanek cannot recover them . . .no entitlement to them and so if he needs to bring that action he can bring that action on behalf of the trust but should not be allowed to recover here. Thank you for your time and consideration.

10528850.2