```
                                                                    108RBK
Time of Request: Monday, March 31, 2008   17:00:10 EST
Client ID/Project Name: 043843/000013
Number of Lines: 301
Job Number:     1841:84320073

Research Information

Service:  LEXSEE(R) Feature
Print Request: Current Document: 1
Source: Get by LEXSEE(R)
Search Terms: 1996 U.S. Dist. LEXIS 16455
```

```
Send to:   CUNNINGHAM, EILEEN
           NIXON PEABODY LLP
           437 MADISON AVE FL 24
           NEW YORK, NY 10022-7001
```

LEXSEE 1996 U.S. DIST. LEXIS 16455

**FRED KAPLAN, as Manager of Retail Employees Union Local 340, UNITE and ERNEST P. ROSENBERG, as Secretary-Treasurer of Retail Employees Union Local 340, UNITE, Plaintiffs, - against - ALFRED DUNHILL OF LONDON, INC., Defendant.**

**96 Civ. 0258 (JFK)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

*1996 U.S. Dist. LEXIS 16455*; *156 L.R.R.M. 2080*

**November 4, 1996, Decided
November 4, 1996, FILED**

**DISPOSITION:** [*1] Plaintiffs' motion for summary judgment denied and Defendant's cross-motion for summary judgment vacating the arbitration award granted. Arbitration award vacated and matter remanded to the AAA for rehearing, pursuant to *9 U.S.C. § 10(a)(5)*.

**COUNSEL:** APPEARANCES:

For Plaintiffs: KENNEDY, SCHWARTZ & CURE, P.C., New York, New York, Of Counsel: Ira Cure, Esq.

For Defendant: VEDDER PRICE KAUFMAN KAMMHOLZ & DAY, New York, New York, Of Counsel: Patricia Anne Lind, Esq.

**JUDGES:** JOHN F. KEENAN, United States District Judge

**OPINION BY:** JOHN F. KEENAN

**OPINION**

*OPINION AND ORDER*

**JOHN F. KEENAN, United States District Judge**

**JOHN F. KEENAN, United States District Judge:**

Before the Court are cross-motions for summary judgment. Plaintiffs seek summary judgment confirming an arbitration award dated November 29, 1995 in favor of Tyrone Crichlow against defendant Alfred Dunhill of London, Inc. ("Dunhill"). Dunhill in turn cross-moves for summary judgment vacating the arbitration award. The Court heard oral argument on the matter on October 22, 1996. For the reasons set forth below, Plaintiffs' motion for summary judgment is denied and Defendant's cross-motion for summary judgment is granted.

[*2] **BACKGROUND**

This action arises out of Dunhill's termination of Crichlow, an employee in its sales department. Crichlow was a member of the Retail Employees Union Local 340, UNITE (the "Union"), which is a labor organization as defined by section 2(5) of the National Labor Relations Act, *29 U.S.C. § 152(5)*. Plaintiff Fred Kaplan is Manager of the Union. Plaintiff Ernest Rosenberg is the Union's Secretary-Treasurer.

Dunhill is in the business of selling men's clothing and accessories, cigars, jewelry, and leather goods. Crichlow worked at Dunhill's retail store at 450 Park Avenue, New York, New York. Dunhill's business offices and its principal place of business are also located at that address. Dunhill is an employer, as defined by section 2(2) of the National Labor Relations Act, *29 U.S.C. § 152(2)*.

Dunhill terminated Crichlow on May 26, 1995. The stated reason for the termination was Crichlow's failure to follow Dunhill's procedures for accepting credit card orders by telephone. Dunhill claims it lost in excess of $3,000 for unpaid merchandise as a result of Crichlow's failure to follow Dunhill's credit card verification procedures.

By letter dated August 7, 1995, [*3] counsel for the Union requested that the American Arbitration Association ("AAA") issue a panel of arbitrators to hear the dispute, in accordance with an arbitration clause in a collective bargaining agreement between Dunhill and the Union entered into on November 1, 1993. In the letter to the

Case 1:08-cv-00706   Document 45-4   Filed 03/31/2008   Page 3 of 8

Page 2

1996 U.S. Dist. LEXIS 16455, *; 156 L.R.R.M. 2080

AAA, the Union's counsel identified Dunhill by the misnomer "Alfred Dunhill, Inc." Neither Dunhill nor its counsel were copied on the letter.

On August 30, 1995, the AAA sent to the Union's counsel and to the "Director of Labor Relations" at "Alfred Dunhill, Inc." a list of proposed arbitrators. There is no person at Dunhill with the title "Director of Labor Relations." The letter was given to Mario Fava, Dunhill's Finance Manager, who in turn gave it to Jose F. Vasquez, Dunhill's Payroll Manager. Vasquez forwarded the letter to Dunhill's counsel, Patricia Anne Lind, Esq. of the firm Vedder, Price, Kaufman, Kammholz & Day.

Neither Dunhill nor its counsel returned the list to the AAA. Ms. Lind submits an affidavit stating that she did not respond to the list on behalf of Dunhill because she concluded after circulating a list of the proposed arbitrators to other attorneys at her firm that all [*4] the proposed arbitrators would be acceptable. *See* Lind Aff. P 2. The cover letter the AAA sent with the list of proposed arbitrators provided: "If a party does not return the list in the time specified, all persons name [sic] therein shall be deemed acceptable." Plaintiff's Local Civil Rule 3(g) Statement, Exh. H, at 1. [1]

> 1   Plaintiffs' and Defendant's Local Civil Rule 3(g) Statements will hereinafter be referred to, respectively, as "Pl. 3(g)" and "Def. 3(g)."

On October 6, 1995, the AAA sent a letter notifying the parties of the selection of an arbitrator and informing them that the arbitrator was offering November 1, 1995 as a proposed hearing date. The letter again was addressed to the "Director of Labor Relations" at "Alfred Dunhill, Inc." The ultimate sentence of the letter provides: "Absent a response by 10 (ten) days from the date of this letter, I will assume that the date is acceptable and a formal Notice of Hearing will be forwarded promptly." Pl. 3(g), Exhibit M. Dunhill claims that none of [*5] its employees recalls having received this letter and that no copy of the letter was found in Dunhill's files. *See* Def. 3(g) at P 15.

On October 26, 1995, the AAA sent a notice of hearing by certified mail to Dunhill's offices at 450 Park Avenue. The notice stated that an arbitration hearing would be held on November 1, 1995. Joyce Halpin, Dunhill's receptionist, signed for the certified letter. The date on the certified receipt is illegible. Ms. Halpin testified at deposition that she did not recall specifically what she did with the letter after signing the receipt, but that she would have put it either in Dunhill's internal mail box for Carla Fourie, Executive Assistant to Dunhill' President, or for Mr. Vasquez. *See* Def. 3(g) Statement, Exh. 10, at 8-9.

The arbitration hearing was held on November 1, 1995. Present were the arbitrator, Ira Cure, Esq., counsel for the Union, Plaintiff Rosenberg, and Tyrone Crichlow. No one attended on Dunhill's behalf.

The parties dispute whether any person tried to contact Dunhill by telephone prior to commencement of the hearing. The arbitration decision recites that Mr. Rosenberg

> testified that the AAA contacted the Employer [*6] and that the day before the hearing, he had a conversation with a representative of the Employer about changing a meeting in order to be present at the hearing. He testified that he called Store Manager Alicia Wilson, could not reach her, left a message on her voice mail and that Shop Steward Marzette Seltzer notified the Store Manager about the change of meeting because of the arbitration on November 1st.

Pl. 3(g), Exh. R, at 2.

Affidavits submitted by Dunhill employees Alicia Wilson and Marzette Seltzer contradict Mr. Rosenberg's testimony. Ms. Wilson claims:

> Mr. Rosenberg did not leave any message on my voice mail on October 31, 1995 to change a previously scheduled meeting because of the arbitration to be held on November 1, 1995. The only message I received from Mr. Rosenberg with regard to the arbitration was a message after the arbitration notifying me that it had been held and that Dunhill had failed to appear.

Wilson Aff. P 4. Likewise, Ms. Seltzer asserts, "I do not recall such a conversation with Mr. Rosenberg or speaking to Mr. Rosenberg on October 31, 1995. I do know that prior to November 1, 1995 neither the Union nor Dunhill had informed me that [*7] there was to be an arbitration on November 1, 1995." Seltzer Aff. P 2.

On November 2, 1995, representatives of Dunhill reached Ms. Lind and informed her that Dunhill had missed the arbitration hearing. Ms. Lind immediately contacted Katharine Pressey, Director of the AAA's Labor Department and asked her why Dunhill had not been informed of the arbitration. Ms. Pressey agreed to arrange a conference with the arbitrator and the Union to discuss the matter.

Case 1:08-cv-00706    Document 45-4    Filed 03/31/2008    Page 4 of 8

Page 3
1996 U.S. Dist. LEXIS 16455, *; 156 L.R.R.M. 2080

On November 3, 1995, Ms. Pressey informed Ms. Lind that the AAA had sent the October 26, 1996 certified notice of hearing to Dunhill. Ms. Pressey also sent Ms. Lind a copy of a letter from the AAA, dated November 2, 1995, stating that the arbitration hearing had been declared closed on November 1, 1995 by the arbitrator. *See* Def. 3(g), Exh. 12.

Meanwhile, employees at Dunhill searched for the certified notice of hearing that had been sent to Dunhill and signed for by Ms. Halpin. Mr. Vasquez at Dunhill testified at deposition that he conducted a search of Dunhill's offices to locate the letter. He testified that on November 15, 1995, he found the unopened letter behind Dunhill's internal mailbox next to Ms. Halpin's desk. Mr. [*8] Vasquez immediately sent the notice by telecopier to Ms. Lind. [2]

> 2   Although Plaintiffs dispute Ms. Vasquez's assertion in their response to Defendant's Local Civil Rule 3(g) statement, they submit no contrary evidence to support a different version of the facts.

A teleconference between the arbitrators and the parties that was originally scheduled for November 14, 1995 had to be adjourned to November 29, 1995. The participants in the November 29 conference were the arbitrator, Mr. Cure, Ms. Lind, and Ms. Pressey. At the time of the conference, neither the parties, their counsel, nor the AAA had received an award or notice of an award from the arbitrator.

On behalf of Dunhill, Ms. Lind moved to reopen the hearings. She informed the arbitrator that no person at Dunhill with requisite knowledge and authority to act had received the AAA notice prior to November 1, 1995. Ms. Lind also noted that the collective bargaining agreement allowed for a decision by default only in the event of a *willful* default and [*9] explained that the default had not been willful. [3] Ms. Lind further informed the arbitrator that Dunhill vigorously contested the Union's position in the case that Dunhill was required to have just cause to terminate Crichlow's employment, and that, in any event, Dunhill did have evidence demonstrating that it had just cause to terminate Mr. Crichlow.

> 3   The collective bargaining agreement provides as follows with respect to a party's failure to appear at a duly demanded arbitration hearing:
>
>> In the event of a willful default by either party in appearing before the AAA after due written notice shall have been given to the said party, the AAA is hereby authorized to render a decision upon the testimony of the party appearing.
>
> Def. 3(g), Exh. 1, art. VIII, P D.

The arbitrator stated in response to Ms. Lind's application that his "druthers" would have been to reopen the hearing and to decide the case on the merits, [4] but that he was without jurisdiction to do so without the parties' mutual consent [*10] because he had already written his opinion and award and therefore had completed his function as an arbitrator. The Union refused to consent to reopening the proceeding.

> 4   Although Plaintiffs' counsel asserted at oral argument that only Ms. Lind recalls the arbitrator making this statement, Plaintiffs do not controvert Ms. Lind's account of the conversation with affidavits or other evidence.

The arbitration award was delivered to the parties by the AAA under cover of a letter dated November 29, 1995. The decision itself is dated November 10, 1995. In the decision, the arbitrator found "upon the uncontradicted testimony in the record that [Dunhill] lacked just cause for the action which it took in discharging Mr. Crichlow on May 26, 1995." Pl. 3(g), Exh. R at 4. The arbitrator therefore ordered Dunhill to "promptly reinstate Crichlow to his former position with full back pay and all contractual benefits, less unemployment insurance received." *Id*. at 4. The arbitrator also concluded that Dunhill's failure [*11] to appear at the arbitration hearing was "apparently willful." *Id*.

On January 16, 1996, Plaintiffs brought the instant action to confirm the arbitration award. Dunhill answered on January 31, 1996, asserting several counterclaims seeking vacatur of the arbitration award. Following the close of discovery, the parties filed the instant motions.

## *DISCUSSION*

Plaintiffs move for summary judgment confirming the arbitration award. They argue that the arbitrator's conclusion that Dunhill's default was "willful" is an interpretation of the collective bargaining agreement which may not be overturned by this Court. Dunhill, on the other hand, argues that it is entitled to summary judgment vacating the award under *9 U.S.C. § 10(a)(3)*, which provides that a district court may vacate an arbitration award if the arbitrator refused to hear evidence pertinent and material to the controversy.

**I. Summary Judgment Standards**

Case 1:08-cv-00706   Document 45-4   Filed 03/31/2008   Page 5 of 8

Page 4
1996 U.S. Dist. LEXIS 16455, *; 156 L.R.R.M. 2080

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled [*12] to a judgment as a matter of law." *Fed. R. Civ. P. 56(c)*. *See also Celotex Corp. v. Catrett, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)*; *Silver v. City Univ. of New York, 947 F.2d 1021, 1022 (2d Cir. 1991)*. The Court's role on a motion for summary judgment is to determine whether there are any genuine issues requiring a trial, not to resolve disputed issues of fact. *See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)*.

The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex, 477 U.S. at 323*. If the movant is able to carry this initial burden, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a general issue for trial." *Fed. R. Civ. P. 56(e)*; *see also Anderson, 477 U.S. at 250*. Although the Court must "resolve ambiguities and [draw] reasonable inferences against the moving party" in assessing whether there are any factual issues to be tried, *Knight v. United States Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986), cert. denied, 480 U.S. 932, 94 L. Ed. 2d 762, 107 S. Ct. 1570 (1987)*, the non-moving [*13] party must produce "sufficient evidence favoring [it] for a jury to return a verdict for that party." *Anderson, 477 U.S. at 249*. The non-movant's "speculation, conclusory allegations and mere denials" are insufficient to defeat a properly supported motion for summary judgment. *Greenblatt v. Prescription Plan Services Corp., 783 F. Supp. 814, 819-20 (S.D.N.Y. 1992)*; *accord Knight, 804 F.2d at 12*.

**II. Arbitration Standards**

Under *section 9* of the United States Arbitration Act, *9 U.S.C. § 9*, a party to an arbitration may move the federal district court for an order confirming an arbitration award within one year after the making of the award. *Section 9* provides further that "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in *sections 10* and *11* of this title." *9 U.S.C. § 9*.

*Section 10(a)(3)*, upon which Dunhill relies, provides in relevant part that the district court may issue an order vacating an arbitration award "where the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy." *9 U.S.C. § 10(a)(3)* (formerly *9 U.S.C. § 10(c)*). Although an arbitrator [*14] is not required to comport with the strictures of formal court proceedings in conducting the arbitration hearing, he or she must nevertheless "grant the parties a fundamentally fair hearing." *Bell Aerospace Co. Div. Of Textron, Inc. v. Local 516, UAW, 500 F.2d 921, 923 (2d Cir. 1974)*; *accord Robbins v. Day, 954 F.2d 679, 685* (11th Cir.), *cert. denied, 506 U.S. 870 (1992)*; *Chiarella v. Viscount Indus. Co., Ltd.*, 1993 U.S. Dist. 16903, No. 92 Civ. 9310 (RPP), 1993 WL 497967, at *5 (S.D.N.Y. Dec. 1, 1993), *modified on other grounds*, 1994 U.S. Dist. LEXIS 35, 1994 WL 3412 (S.D.N.Y. Jan. 5, 1994).

A fundamentally fair hearing requires that the parties be permitted to present evidence and cross-examine adverse witnesses. *See Robbins, 954 F.2d at 685* (arbitrator must "give each party the opportunity to present its arguments and evidence"); *Konkar Maritime Enters., S.A. v. Compagnie Belge D'Affretement, 668 F. Supp. 267, 271 (S.D.N.Y. 1987)*; *Wright-Bernet, Inc. v. Amalgamated Local Union No. 41, 501 F. Supp. 72, 74 (S.D. Ohio 1980)*. If the arbitrator refuses to hear pertinent and material evidence to the prejudice of one of the parties, the arbitration award may be set aside. *See Hoteles Condado Beach v.* [*15] *Union de Tronquistas Local 901, 763 F.2d 34, 39-40 (1st Cir. 1985)*. However, "the misconduct must amount to a denial of fundamental fairness of the arbitration proceeding in order to warrant vacating the award." *Transit Cas. Co. v. Trenwick Reins. Co., 659 F. Supp. 1346, 1354 (S.D.N.Y. 1987)*, *aff'd, 841 F.2d 1117 (2d Cir. 1988)*.

A fair hearing also requires that all parties receive notice and an opportunity to be heard. *See Konkar Maritime Enters., S.A., 668 F. Supp. at 271* (citing *Totem Marine Tug & Barge, Inc. v. North American Towing, Inc., 607 F.2d 649, 651 (5th Cir. 1979))*. If this procedural due process requirement is not met, "a district court will not hesitate to vacate the award." *Konkar Maritime Enters., S.A., 668 F. Supp. at 271*; *accord Amalgamated Cotton Garment & Allied Industries Fund v. J.B.C. Co. of Madera, Inc., 608 F. Supp. 158, 164-65 (W.D. Pa. 1984)* ("We cannot enforce an arbitration award where the evidence does not establish that the parties did in fact receive proper notice and the opportunity to be present at the arbitration proceeding.").

**III. Analysis**

The Court finds upon the undisputed facts that the arbitrator deprived [*16] Dunhill of a fundamentally fair hearing by refusing to hear any evidence from Dunhill before rendering his decision. The Court certainly cannot fault the arbitrator for concluding on the date of the hearing, based on Mr. Rosenberg's testimony, that Dunhill's failure to appear at the hearing was willful. However, when Ms. Lind spoke with Ms. Pressey at the AAA on November 2, 1995, just one day after the hearing, the arbitrator was on notice of Dunhill's position that it had not been given the requisite notice of the hearing or an opportunity to be heard.

Case 1:08-cv-00706   Document 45-4   Filed 03/31/2008   Page 6 of 8

Page 5
1996 U.S. Dist. LEXIS 16455, *; 156 L.R.R.M. 2080

It is undisputed that when Dunhill was finally heard on November 29, 1995, it explained that its failure to appear at the hearing was due to lack of notice and that it strongly desired to be heard before the arbitrator rendered his decision. Dunhill pointed out that it had evidence it wished to present that controverted the legal and factual positions of Crichlow and the Union. Although the arbitrator apparently agreed that his preference would have been to hear the case on the merits, he took the position that he was without jurisdiction to reopen the hearing because he had already written (though not announced or delivered) his decision.

 [*17] The Court is unable to find support for the notion that the arbitrator was without power to reopen the hearing. Rule 32 of AAA's Labor Arbitration Rules provides that "hearings may for good cause shown be opened by the arbitrator at will or on the motion of either party at any time before the award is made." Dunhill points out that the arbitrator perhaps labored under a misunderstanding of the doctrine of *functus officio* -- Latin for "office performed." Pursuant to that common law doctrine, "once an arbitrator executes and delivers an award, that award is final and the arbitrator lacks any power to amend it." *Red Star Express Lines v. International Bhd. of Teamsters, 809 F.2d 103, 106 (1st Cir. 1987)*. Here, the doctrine would not have been applicable because the award, though executed by the arbitrator on November 10, had not been delivered or declared at the time of the November 29 teleconference. *See United Steel Workers of America, AFL-CIO-CLC v. Ideal Cement Co., 762 F.2d 837, 842 (10th Cir. 1985)* (in order for award to be final under *functus officio* doctrine, award must be executed by arbitrator *and* delivered or declared); *Local P-9, United Food & Commercial* [*18] *Workers Int'l Union, AFL-CIO v. George A. Hormel & Co., 776 F.2d 1393, 1394 (8th Cir. 1985)*; *Locals 2222, 2320-2327, Int'l Bhd. of Electrical Workers, AFL-CIO v. New England Tel. & Tel. Co., 628 F.2d 644, 647 n.5 (1st Cir. 1980)*; *Teamsters Local 312 v. Matlack, Inc., 916 F. Supp. 482, 485 (E.D. Pa. 1996)*.

Plaintiffs argue that even assuming the arbitrator erred in refusing to reopen the hearing, the Court is without authority to vacate the award. It is true that an arbitrator's decision with respect to procedural matters such as whether to reopen a hearing to consider *additional* evidence is a discretionary decision entitled to considerable deference by a district court. *See, e.g.*, *Washington-Baltimore Newspaper Guild, Local 35 v. Washington Post Co., 442 F.2d 1234 (D.C. Cir. 1971)* (declining to vacate award based on arbitrator's decision not to reopen hearing to consider new evidence); *Warehouse Employees Local 169 v. Acme Markets, 473 F. Supp. 709, 714-15 (E.D. Pa. 1979)* (confirming award despite claim that arbitrator refused to reopen hearing to consider decision made by another arbitrator where court concluded that plaintiff received a fundamentally fair [*19] hearing), *aff'd*, 620 F.2d 291 (3d Cir. 1980). "This great deference, however, is not the equivalent of a grant of limitless power." *Leed Architectural Prods., Inc. v. United Steelworkers of America, Local 6674, 916 F.2d 63, 65 (2d Cir. 1990)*. Before a district court may confirm an arbitration award, it must be satisfied that the parties were provided a fundamentally fair hearing.

The Court cannot reach that conclusion here. Dunhill submits substantial, undisputed evidence demonstrating that it did not receive notice of the hearing and that it immediately took steps to rectify the situation once it learned a hearing had been held in its absence. Although Dunhill attempted to make the arbitrator aware of the problem just one day after the hearing -- more than one week before the arbitrator executed the decision -- its application was not heard until November 29. At that time the arbitrator concluded, for reasons not mentioned in either his decision or to the parties, that he was without jurisdiction to reopen the hearing.

During the November 29 teleconference, Dunhill argued to the arbitrator that it had pertinent evidence bearing on Crichlow's claims. It submits affidavits [*20] in connection with the instant motions supporting that contention. For instance, Ms. Wilson, Crichlow's manager, attests in an affidavit that Crichlow engaged in various misconduct during his employment with Dunhill that had caused him to be placed on probation by Dunhill previously and that contributed to the decision to terminate his employment. *See* Wilson Aff. P 3. This evidence bears directly on the issue of whether Dunhill had just cause to terminate Crichlow and is therefore pertinent and material within the meaning of *§ 10(a)(3)*.

Under these circumstances, the Court finds that the arbitrator violated *9 U.S.C. § 10(a)(3)* by "refusing to hear evidence pertinent and material to the controversy." This refusal prejudiced Dunhill and deprived it of a fundamentally fair hearing. Manifestly, "principles of fundamental fairness required that [Dunhill] be given a full opportunity to present its case to the arbitrator for consideration." *Teamsters, Chauffeurs, Warehousemen & Helpers, Local Union No. 56 v. E.D. Clapp Corp., 551 F. Supp. 570, 578 (N.D.N.Y. 1982)* (vacating arbitration award where arbitrator refused to hear party's pertinent and material evidence), *aff'd*, [*21] *742 F.2d 1441 (2d Cir. 1983)*; *accord Hoteles Condado Beach, 763 F.2d at 40* (affirming vacatur of arbitration award where arbitrator refusal to consider "unquestionably relevant" testimony). The deference due an arbitrator does not extend so far as to require a district court to countenance, much less confirm, an award obtained without the requisites of fairness or due process.

Case 1:08-cv-00706    Document 45-4    Filed 03/31/2008    Page 7 of 8

Page 6

1996 U.S. Dist. LEXIS 16455, *; 156 L.R.R.M. 2080

The award is hereby vacated. Given this result, the Court does not reach Defendant's other asserted grounds for vacating the arbitration award.

## *CONCLUSION*

For the foregoing reasons, Plaintiffs' motion for summary judgment is denied and Defendant's cross-motion for summary judgment vacating the arbitration award is granted. The arbitration award is vacated and the matter remanded to the AAA for rehearing, pursuant to *9 U.S.C. § 10(a)(5)*.

**SO ORDERED.**

Dated: New York, New York

November 4, 1996

**JOHN F. KEENAN**

**United States District Judge**

Case 1:08-cv-00706    Document 45-4    Filed 03/31/2008    Page 8 of 8

108RBK

********** Print Completed **********

Time of Request: Monday, March 31, 2008   17:00:10 EST

Print Number:    1841:84320073
Number of Lines: 301
Number of Pages:

Send To:  CUNNINGHAM, EILEEN
          NIXON PEABODY LLP
          437 MADISON AVE FL 24
          NEW YORK, NY 10022-7001
