108RBK

**Time of Request:** Monday, March 31, 2008   16:58:55 EST
**Client ID/Project Name:** 043843/000013
**Number of Lines:** 220
**Job Number:**      1822:84319641

Research Information

**Service:**   LEXSEE(R) Feature
**Print Request:** Current Document: 1
**Source:** Get by LEXSEE(R)
**Search Terms:** 2001 U.S. Dist. LEXIS 2314

**Send to:**   CUNNINGHAM, EILEEN
          NIXON PEABODY LLP
          437 MADISON AVE FL 24
          NEW YORK, NY 10022-7001

LEXSEE 2001 U.S. DIST. LEXIS 2314

**DONEL CORPORATION, Petitioner, -v- KOSHER OVERSEERS ASSOCIATION OF AMERICA, INC., Respondent.**

**92 CIV. 8377 (DLC)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

*2001 U.S. Dist. LEXIS 2314*

**March 8, 2001, Decided
March 9, 2001, Filed**

**DISPOSITION:** [*1] Donel's petition to confirm arbitration award pursuant to Federal Arbitration Act, *9 U.S.C. § 9* ("FAA") granted. Judgment entered for Donel in amount of $ 335,000 and costs.

**COUNSEL:** For Petitioner: Laurence S. Shtasel, David S. Richan, Blank Rome Tenzer Greenblatt LLP, New York, NY.

For Respondent: Bernard Malina, Malina & Wolson, New York, NY.

**JUDGES:** DENISE COTE, United States District Judge.

**OPINION BY:** DENISE COTE

**OPINION**

*OPINION AND ORDER*

DENISE COTE, District Judge:

Petitioner Donel Corporation ("Donel") brings this petition to confirm an arbitration award pursuant to the Federal Arbitration Act, *9 U.S.C. § 9* ("FAA"). Respondent Kosher Overseers Association of America ("KOA") opposes the petition on the ground that the arbitrator exceeded his authority: (1) by substituting Donel as claimant in the arbitration proceeding; and (2) by awarding legal fees to Donel. For the reasons stated below, Donel's petition is granted.

**BACKGROUND**

Rabbi Don Yoel Levy and his brother, Eliezer Levy, doing business as Organized Kashruth Laboratories ("OK Labs"), brought this action in 1992, alleging infringement of OK Labs' kosher foods certification mark [*2] (the "Circle-K Mark"). The Levy brothers owned the Circle-K Mark when they filed this action in 1992. In 1996, the Levy brothers formed Donel, a New York corporation in which they each became a fifty-percent shareholder. In 1997, the Levy brothers transferred their interests in the Circle-K Mark to Donel, in exchange for Donel stock. In April 1998, Eliezer Levy assigned his Donel stock to Don Yoel Levy; Eliezer Levy died in July 1998.

In February 2000, this case was reassigned to this Court. The procedural history of this case is set forth in the Court's March 20, 2000 Opinion and Order denying KOA's motions for summary judgment and to amend its answer, and in the Court's August 25, 2000 Memorandum Opinion and Order denying KOA's motion to stay the arbitration hearing, and will not be repeated here. Following the March 20, 2000 ruling, the parties agreed to submit the case, which was on the Court's April 3, 2000 trial ready calendar, to binding arbitration. Accordingly, by Order dated March 30, 2000, the Court dismissed the trademark infringement case with prejudice based on the parties' agreement to submit their dispute to binding arbitration before the American Arbitration Association [*3] ("AAA").

On April 13, 2000, counsel for OK Labs filed a demand for arbitration with the AAA in the name of "Don Yoel Levy & Eliezer Levy d/b/a Organized Kashrus Laboratories." On July 7, 2000, OK Labs filed an amended demand for arbitration in the name of the "Donel Corporation," as successor in interest to the Circle-K Mark.

On August 25, 2000, this Court denied KOA's motion to stay the arbitration, and the arbitration hearing was held on October 24, 2000. Both parties appeared and presented evidence. At the conclusion of the evidentiary hearing, both parties supplemented the record with writ-

Case 1:08-cv-00706   Document 45-7   Filed 03/31/2008   Page 3 of 6

Page 2
2001 U.S. Dist. LEXIS 2314, *

ten submissions. The arbitration award was issued on December 19, 2000. The award (1) substituted Donel for its predecessors; (2) permanently enjoined KOA from using its Circle Crescent Mark, its Disc-K Mark, "or any other configuration or depiction of any letter K in any circle or circular disc, and from authorizing others to use such marks;" (3) awarded Donel $ 335,000 in attorneys' fees as against KOA; and (4) apportioned the arbitrator's compensation and the AAA fees equally between the parties, resulting in a net payment to Donel of $ 525, after giving effect to previous payments by Donel. [*4] The award was duly executed by the arbitrator and delivered to the parties. KOA has not complied with the award. In its petition, Donel seeks confirmation of the award, and attorneys' fees and costs for bringing this application.

## DISCUSSION

It is well settled that "the FAA does not confer subject matter jurisdiction on the federal courts even though it creates federal substantive law." *Greenberg v. Bear, Stearns & Co., 220 F.3d 22, 25 (2d Cir. 2000)*, cert. denied, 531 U.S. 1075, 148 L. Ed. 2d 669, 121 S. Ct. 770 (2001). Rather, "there must be an independent basis of jurisdiction before a district court may entertain petitions under the [FAA]." *Harry Hoffman Printing, Inc. v. Graphic Communications, Int'l Union, Local 261, 912 F.2d 608, 611 (2d Cir. 1990)*; see also *Greenberg, 220 F.3d at 25*; *Westmoreland Capital Corp. v. Findlay, 100 F.3d 263, 267 (2d Cir. 1996)*. The fact that the underlying arbitration involved federal claims does not create "an independent basis." *Greenberg, 220 F.3d at 26*. There is diversity, however, between Donel and KOA.

The FAA governs arbitration in the United States and "reflects [*5] a legislative recognition of the desirability of arbitration as an alternative to the complications of litigation." *Genesco, Inc. v. T. Kakiuchi & Co., 815 F.2d 840, 844 (2d Cir. 1987)* (citation omitted). "'Arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation.'" *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997)* (citation omitted). Arbitration awards are not reviewed for errors made in law or fact. *Id.* Generally, the confirmation of an arbitration award should be a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1971)*. In such a proceeding, "the court properly may consider only the statutory bases for modifying or vacating an award." *Ottley v. Schwartzberg, 819 F.2d 373, 377 (2d Cir. 1987)*.

The FAA provides that an award may be vacated or modified if: (1) the award was procured by corruption, fraud, or undue means; [*6] (2) the arbitrator exhibited "evident partiality" or "corruption"; (3) the arbitrator was guilty of misconduct; or (4) the arbitrator exceeded his powers. *9 U.S.C. § 10(a)*; see *Halligan v. Piper Jaffray, Inc., 148 F.3d 197, 201-02 n.3 (2d Cir. 1998)*. In addition to these statutory grounds, an award may be vacated where an arbitrator acts in manifest disregard of the law. See *Halligan, 148 F.3d at 202*. The doctrine of manifest disregard is "severely limited", however, and means more than an error of law. It requires that "(1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case." *Id.*

KOA has not made a formal application to vacate the arbitration award pursuant to *9 U.S.C. § 10*. In considering KOA's opposition to the motion to confirm, however, the Court applies the same standards as it would in considering a motion to vacate the arbitration award. See *Smiga v. Dean Witter Reynolds, Inc., 766 F.2d 698, 707 (2d Cir. 1985)*; *The Hartbridge, 57 F.2d 672, 673 (2d Cir. 1932)*. [*7] The party seeking to avoid confirmation of the award bears the burden of proof. See *Willemijn, 103 F.3d at 12*. So long as there exists "'a barely colorable justification'" for the arbitration award, it should be enforced. *Id. at 13* (citation omitted).

*Substitution of Donel for the Levy Brothers*

KOA argues that confirmation should be denied because it never agreed to arbitrate this dispute with Donel. KOA asserts that, although the Circle-K Mark was assigned by OK Labs to Donel in October 1996,[1] KOA did not learn of the transfer until July 7, 2000, when OK Labs filed an amended demand for arbitration in the name of Donel.

> 1   OK Labs has asserted that the Levy brothers transferred their interests in the Circle-K Mark to Donel in 1997.

As reflected in this Court's Opinion of August 25, 2000, which is incorporated by reference, OK Labs had no obligation to substitute Donel for the Levy brothers as plaintiff in the action filed in 1992. Further, KOA has not identified [*8] any prejudice from the failure to substitute Donel as plaintiff prior to the time it agreed to arbitrate this dispute or from any delay in notifying KOA of the transfer of rights. The transfer of rights to Donel did not change in any way the substantive rights sought to be enforced against KOA.

Whether or not the plaintiffs' names changed, KOA bargained for arbitration instead of a trial over KOA's

rights to use certain trademarks. KOA has presented no legal or factual argument as to why Donel is not the successor in interest to the Circle-K Mark or why the change in name had any substantive impact on the parties' agreement to arbitrate. In sum, KOA received what it bargained for: avoiding an immediate trial date and defending the infringement claim before an arbitrator.

The arbitrator specifically found that Donel, as the owner by assignment of the Circle-K Mark and the legal successor of the originally named plaintiffs in litigation, was the proper claimant in the arbitration. KOA has not even attempted to show that this finding constituted manifest disregard of the law. As an assignee of OK Labs' Circle-K Mark and the legal successor of OK Labs, Donel had the right to arbitrate [*9] the dispute with KOA. *See Porzig v. Dresdner Kleinwort Benson North Am. LLC, 1999 U.S. Dist. LEXIS 11067*, *16 n.5, No. 98 Civ. 7670 (BSJ), 1999 WL 518833, at *5 n.5 (S.D.N.Y. July 21, 1999) ("The law is clear that an arbitration agreement may be enforced both by and against the successors-in-interest of the original signatories."); *Lippus v. Dahlgren Mfg. Co., 644 F. Supp. 1473, 1482 (E.D.N.Y. 1986)* (finding that successor in interest to a party to an arbitration agreement could enforce the arbitration clause); *see also Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, 198 F.3d 88, 98 (2d Cir. 1999)* (the Second Circuit and other circuits "'have been willing to estop a *signatory* from avoiding arbitration with a nonsignatory when the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed.'") (citation omitted); *Norcom Elecs. Corp. v. CIM USA Inc., 104 F. Supp. 2d 198, 203 (S.D.N.Y. 2000)* (same). Thus, the arbitrator did not exceed his powers by deciding that Donel was a proper party to the arbitration proceeding.

KOA also complains that the Court erred [*10] in its August 25, 2000 Opinion in which it denied KOA's request to stay arbitration. Specifically, KOA contends that the Court erred when it indicated that "the effect, if any, of the substitution of Donel as claimant in the arbitration proceedings is best decided as part of those proceedings . . . ."[2] KOA correctly notes that arbitration is a creature of contract. *AT&T Techs., Inc. v. Communications Workers of Am., 475 U.S. 643, 648, 89 L. Ed. 2d 648, 106 S. Ct. 1415 (1986)*; *National Broad. Co., Inc. v. Bear Stearns & Co., Inc., 165 F.3d 184, 186 (2d Cir. 1999)*. Thus, a party may not be compelled to arbitrate with another party unless it agreed to such arbitration. *AT&T, 475 U.S. at 648*. For the reasons already discussed, the Court also finds that Donel was a proper party to the arbitration proceeding. *See National Ass'n of Broad. Employees & Technicians v. American Broad. Co., Inc., 140 F.3d 459, 462 (2d Cir. 1998)* ("We see no reason why arbitrability must be decided by a court before an arbitration award can be made. . . . If arbitrability is upheld after the award, there is no reason for a court not to confirm [*11] the arbitrator's award.").

2  KOA cites *Application of Herman Miller, Inc., 1998 U.S. Dist. LEXIS 5557*, No. 97 Civ. 7878, 1998 WL 193213 (SAS), at *4 (S.D.N.Y. Apr. 21, 1998), aff'd, *173 F.3d 844 (2d Cir. 1999)*, for the proposition that "where the party seeking arbitration is not a party to the arbitration agreement, the question of arbitrability is for the court, not the arbitrator." *Herman Miller*, however, involved a licensing agreement which specifically required notice of any transfer or assignment of rights in order to bind the parties to arbitration. There being no notice of the assignment of claims, the court held that the assignee was not a proper party to the arbitration. *Id.* In the instant case, there was no agreement requiring notice. The other cases cited by KOA involve motions to compel arbitration where the agreement to arbitrate was in dispute. *See, e.g., AT&T Techs., Inc. v. Communications Workers of Am., 475 U.S. 643, 649, 89 L. Ed. 2d 648, 106 S. Ct. 1415 (1986)* (collective bargaining agreement); *Volt Info. Scis., Inc. v. Board of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 478, 103 L. Ed. 2d 488, 109 S. Ct. 1248* (construction contract).

[*12] *Attorneys' Fees*

Next, KOA argues that the arbitrator exceeded his authority by awarding Donel attorneys' fees. The arbitrator awarded Donel attorneys' fees in the amount of $335,000 pursuant to the Lanham Act, *15 U.S.C. § 1117(a)*. The arbitrator found that KOA's actions "demonstrated sufficient bad faith, malice and deliberation to support an award of [Donel's] attorneys' fees." KOA asserts that Donel did not pay any legal fees; instead, two committees, the Committee for the Furtherance of Torah Observance d/b/a Organized Kashruth Laboratories and the Committee for the Advancement of Torah d/b/a Organized Kashruth Laboratories, paid the legal fees on behalf of Donel.

KOA's argument misconstrues the scope of review of an arbitrator's award of attorneys' fees. "We have consistently accorded the narrowest reading to *section 10(d)* [currently *section 10(a)(4)* of the FAA], especially when it has been invoked in the context of the arbitrators' alleged failure to correctly decide a question of which all concede to have been properly submitted in the first instance." *DiRussa v. Dean Witter Reynolds, Inc., 121 F.3d 818, 824 (2d Cir. 1997)* [*13] (quoting *New York Stock Exchange Arbitration between Fahnestock & Co. v.*

Case 1:08-cv-00706    Document 45-7    Filed 03/31/2008    Page 5 of 6

Page 4
2001 U.S. Dist. LEXIS 2314, *

*Waltman, 935 F.2d 512, 515 (2d Cir. N.Y. 1991))*. The question is whether the arbitrator had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrator correctly decided the issue. *Id.*

In this case, the parties submitted to the arbitrator the issue of whether OK Labs was entitled to recover attorneys' fees. In both the Demand for Arbitration and the Amended Demand for Arbitration, Donel sought relief in the form of an injunction and attorneys' fees. At the October 24, 2000 evidentiary hearing, Donel quantified its request for attorneys' fees in the amount of $ 442,921.71. At the arbitrator's request at the conclusion of the evidentiary hearing, the parties supplemented the record with written submissions related to, *inter alia*, the reasonableness and appropriateness of the invoices submitted by Donel's counsel to support the $ 442,921.71 attorneys' fees claim. KOA's counsel was allowed an expedited review of the invoices of Donel's counsel for purposes of preparing written objections. KOA submitted its written objections and Donel replied to those written objections by mid-November 2000. Thus, in granting [*14] attorneys' fees to Donel as against KOA, the arbitrator did not exceed his powers. KOA's real objection appears to be that the arbitrator committed a legal error in awarding KOA attorneys' fees. The Court does not, however, review an arbitration award for legal errors. *See Willemijn, 103 F.3d at 13*; *see also DiRussa, 121 F.3d at 824*.

Finally, Donel requests that the Court award it attorneys' fees for bringing this application to confirm the arbitration award. There is no statutory or contractual basis for such an award. Despite the so-called American rule that "'the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser,'" *Hirschfeld v. Board of Elections in City of New York, 984 F.2d 35, 40 (2d Cir. 1993)* (citation omitted), "a district court has the authority to award attorney's fees to the prevailing party when the losing party 'has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Eisemann v. Greene, 204 F.3d 393, 395 (2d Cir. 2000)* (citation omitted). In the context of a petition to confirm an arbitration award, the Second Circuit has held that [*15] attorneys' fees are warranted where "the party challenging the award has 'refused to abide by an arbitrator's decision without justification.'" *First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Employees Union, Local 228, 118 F.3d 892, 898 (2d Cir. 1997)* (citation omitted). While it would appear that the opposition to the petition to confirm the arbitration award is simply one more effort by KOA to postpone the day of judgment, this Court is not prepared to find that KOA has so little justification for its opposition to this petition that it is appropriate to award attorneys' fees.

**CONCLUSION**

For the reasons stated, the arbitration award is confirmed. The Clerk of Court shall enter judgment for Donel in the amount of $ 335,000 and costs. All reasonable costs incurred by Donel in enforcing this Order shall be recoverable and considered a part hereof. The Clerk of Court shall close this case.

SO ORDERED:

Dated: New York, New York

March 8, 2001

DENISE COTE

United States District Judge

```
                                                                        108RBK
********** Print Completed **********

Time of Request: Monday, March 31, 2008   16:58:55 EST

Print Number:    1822:84319641
Number of Lines: 220
Number of Pages:




















Send To:  CUNNINGHAM, EILEEN
          NIXON PEABODY LLP
          437 MADISON AVE FL 24
          NEW YORK, NY 10022-7001
```