NASD DISPUTE RESOLUTION
-----------------------------------------------------------------x
DAVID CIKANEK,

                    Claimant

                                                NASD
                                                  Case No. 06-01868

-against-

                                                  ANSWER

JOSEPH STEVENS & CO., INC., KEVIN BRODY,
LEONARD INSERRA and ROSS INSERRA

                    Respondents.
-----------------------------------------------------------------x

      Respondent Joseph Stevens & Co., Inc. ("Joseph Stevens") by its attorneys, Kurzman Eisenberg Corbin & Lever, LLP, for its answer to the Statement of Claim states as follows:

## PRELIMINARY STATEMENT

      Joseph Stevens denies the allegations made against it in the Statement of Claim. Claimants attempt to place Joseph Stevens in the position of a guarantor, making it somehow responsible after the fact for the risks assumed by Claimants when they made knowing, informed, and independent investment decisions.

      Claimants' allegations are nothing more than an obvious attempt to recoup money they invested and lost in the stock market. The evidence presented at hearing will compellingly demonstrate that contrary to Claimants' allegations, Joseph Stevens at all times conducted itself in a professional manner, honored Claimant's investment decisions and wishes, properly supervised Claimants' accounts, executed all trades under Claimants' express orders and authorization and abided by all federal and state securities laws.

Throughout the entire period during which Claimants had an account with Joseph Stevens, they received confirmations and account statements. These documents were sent by Pershing (Joseph Stevens' clearing firm) to Claimants without any involvement by Joseph Stevens. Claimants were well aware of the trading and performance in their account. Moreover, Claimants never complained to Joseph Stevens about the volume of trading in their accounts or the suitability of the trades.

As will be shown at the hearing, all investment decisions were made exclusively by Claimants after full and fair discussions about prospective and current investments, including the risks of the investments and the Claimants' investment objectives. By bringing this proceeding, Claimants seek retroactively to shift the burden of risk, on the broker-dealer which merely executed their investment decisions. At the hearing, the Stevens Respondents will demonstrate that:

(1) The Claimants spoke with their broker and knowingly entered into and authorized each and every transaction within their accounts;

(2) The Claimants understood and realized the risks relative to his investment activities, including the loss potential;

(3) The Claimants represented that they had the financial means to bear the losses which they incurred;

(4) The transactions in the account were consistent with the Claimants' stated objectives; and

(5) The Claimants improperly seek to shift responsibility for their monetary losses to Respondents.

## SPECIFIC RESPONSES TO ALLEGATIONS OF THE STATEMENT OF CLAIM

The introductory paragraph requires no response.

### INTRODUCTION

Joseph Stevens denies the allegations of this paragraph of the Statement of Claim.

### CLAIMANT DAVID CIKANEK

Joseph Stevens denies knowledge or information sufficient to form a belief as to the truth of allegations of this paragraph of the Statement of Claim.

### RESPONDENT JOSEPH STEVENS AND CO.

Joseph Stevens admits the allegations of this paragraph of the Statement of Claim.

### RESPONDENTS KEVIN BRODY, LEONARD INSERRA AND ROSS INSERRA

Joseph Stevens denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Statement of Claim, except admits that Kevin Brody and the Inserras were registered persons.

### RESPONDENTS' MISCONDUCT

1st par.   Joseph Stevens denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Statement of Claim, except denies that Claimants were conservative investors.

2nd par.   Joseph Stevens denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Statement of Claim.

3rd par.   Joseph Stevens denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Statement of Claim.

4th par.   Joseph Stevens denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Statement of Claim.

5th par.     Joseph Stevens denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Statement of Claim, except admits that Claimant opened an account with Joseph Stevens.

6th par.     Joseph Stevens denies the allegations of this paragraph of the Statement of Claim, except refers the Panel to the trading records for a true and accurate depiction of the activiy in the account.

7th par.     Joseph Stevens denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Statement of Claim, except admits that Kevin Brody and the Inserras immediately were suspended and ultimately were terminated while still under suspension.

## UNAUTHORZED TRADING

Joseph Stevens denies the allegations of this paragraph of the Statement of Claim, except admits that the accounts at Joseph Stevens were not discretionary.

## CHURNING EXESSIVE TRADING

Joseph Stevens denies the allegations of this paragraph of the Statement of Claim, except refers the Panel to the trading records for a true and accurate depiction of the activity in the account.

## MISREPRESENTATIONS AND OMISSIONS

1st par.     Joseph Stevens neither admits nor denies the allegations of this paragraph of the Statement of Claim which purport to state a legal conclusion and require no response.

2nd par.     Joseph Stevens denies knowledge or information sufficient to form a belief as to the allegations of this paragraph of the Statement of Claim, except denies that any such conduct occurred at Joseph Stevens.

UNSUITABLE INVESTMENT RECOMMENDATIONS

Joseph Stevens denies the allegations of this paragraph of the Statement of Claim.

NEGLIGENT ACCOUNT MANAGEMENT

1st par.     Joseph Stevens denies the allegations of this paragraph of the Statement of Claim, except denies knowledge or information to form a belief as to the truth of the allegations which concern academic studies.

2nd par.     Joseph Stevens denies knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Statement of Claim, except refers the Panel to the trading records for a true and accurate depiction of the account activity.

CAUSES OF ACTION

STATE SECURITIES LAW VIOLATIONS

Joseph Stevens denies the allegations of this paragraph of the Statement of Claim.

VIOLATIONS OF SECTION 2310 CONDUCT RULES OF THE NASD

Joseph Stevens denies the allegations of this paragraph of the Statement of Claim.

VIOLATIONS OF SECTION 2110 CONDUCT RULES OF THE NASD

Joseph Stevens denies the allegations of this paragraph of the Statement of Claim.

VIOLATION OF SECTION 2120 CONDUCT RULES OF THE NASD

Joseph Stevens denies the allegations of this paragraph of the Statement of Claim.

VIOLATION OF SECTION 3010 CONDUCT RULES OF THE NASD

1st par.     Joseph Stevens denies the allegations of this paragraph of the Statement of Claim.

2nd par.     Joseph Stevens denies the allegations of this paragraph of the Statement of Claim.

## BREACH OF CONTRACT

Joseph Stevens denies the allegations of this paragraph of the Statement of Claim.

## COMMON LAW FRAUD AND MISREPRESENTATION

Joseph Stevens denies the allegations of this paragraph of the Statement of Claim.

## BREACH OF FIDUCIARY DUTY AND CONSTRUCTIVE FRAUD

Joseph Stevens denies the allegations of this paragraph of the Statement of Claim.

## RESPONDENT SUPERIOR

Joseph Stevens denies the allegations of this paragraph of the Statement of Claim.

## NEGLIGENCE AND NEGLIGENT SUPERVISION

Joseph Stevens denies the allegations of this paragraph of the Statement of Claim.

## NEGLIGENT HIRING AND RETENTION

Joseph Stevens denies the allegations of this paragraph of the Statement of Claim.

## DAMAGES

Joseph Stevens denies the allegations of this paragraph of the Statement of Claim.

## CONCLUSION

Joseph Stevens denies the allegations of this paragraph of the Statement of Claim.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

At all times relevant hereto Joseph Stevens had a reasonable supervisory system designed to supervise the activities of each registered representative and to achieve compliance with the securities laws as well as the rules and regulations of the NASD. Joseph Stevens implemented the procedures in good faith and reasonably exercised its supervisory obligations over its brokers and Claimants' account.

### SECOND AFFIRMATIVE DEFENSE

The proper law applicable to this proceeding is the law of the State of New York.

### THIRD AFFIRMATIVE DEFENSE

The damages allegedly sustained by Claimants have no causal relationship with any act, or failure to act, attributable to Joseph Stevens.

### FOURTH AFFIRMATIVE DEFENSE

If any damage or loss was sustained by Claimants, this damage or loss was caused or contributed to by Claimant's own actions, fault or lack of due diligence.

### FIFTH AFFIRMATIVE DEFENSE

Claimants acted in reckless disregard of facts of which they were, or should have been, aware regarding their securities accounts maintained with Joseph Stevens, including the positions maintained and the transactions maintained therein. Accordingly, Claimants should be estopped from bringing this proceeding or from obtaining any recovery herein.

## SIXTH AFFIRMATIVE DEFENSE

Claimants, at all relevant times, had, or should have had, full knowledge of all material facts concerning their securities accounts maintained with Joseph Stevens, including the positions maintained and the transactions maintained therein. Accordingly, Claimants should be estopped from bringing this proceeding or from obtaining any recovery herein.

## SEVENTH AFFIRMATIVE DEFENSE

Claimants authorized and directed the execution of all transactions in their securities accounts maintained with Joseph Stevens.

## EIGHTH AFFIRMATIVE DEFENSE

Claimants authorized and/or ratified all transactions in their securities accounts maintained with Joseph Stevens with full knowledge of all material facts with respect thereto. Accordingly, Claimants' claims are barred by applicable principles of waiver and ratification.

## NINTH AFFIRMATIVE DEFENSE

Claimants, with full knowledge of all material facts concerning their securities accounts maintained with Joseph Stevens, waived all of the claims set forth in the Statement of Claim and the alleged damages resulting therefrom by failing to take timely and appropriate action prior to incurring such damages.

## TENTH AFFIRMATIVE DEFENSE

Joseph Stevens, in discharging its duties, if any, to Claimants, acted in good faith and exercised at least that degree of care, diligence and skill which ordinarily prudent persons would exercise in similar circumstances and like positions.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Claimants have obtained or will obtain cash and/or income tax savings as a result of their investments, Claimants are barred from recovery on all claims.

## TWELFTH AFFIRMATIVE DEFENSE

Claimants failed to mitigate their damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

There is no private right of action for a violation of NASD rules.

## FOURTHEENTH AFFIRMATIVE DEFENSE

Certain of Claimants' claims are barred by the Statute of Limitations.

Dated: July 5, 2006
New York, New York

KURZMAN EISENBERG CORBIN & LEVER, LLP

By: _____
Martin P. Russo
675 Third Avenue
New York, New York 10017
(212) 661-2150

Attorneys for Respondent
Joseph Stevens & Co., Inc.

UNIFORM SUBMISSION AGREEMENT

**NASD Dispute Resolution**

In the Matter of the Arbitration Between

Name of Claimant(s)

David Cikanek

06-01868

Name of Respondent(s)

Joseph Stevens and Co., Inc.
Kevin P. Brody
Leonard J. Inserra
Ross Inserra

1. The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, cross claims and all related counterclaims and/or third party claims which may be asserted, to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations and/or Code of Arbitration Procedure of the sponsoring organization.

2. The undersigned parties hereby state that they have read the procedures and rules of the sponsoring organization relating to arbitration.

3. The undersigned parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The undersigned parties further agree and understand that the arbitration will be conducted in accordance with the Constitution, By-Laws, Rules, Regulations and/or NASD Code of Arbitration Procedure of the sponsoring organization.

4. The undersigned parties further agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agree that a judgment and any interest due thereon may be entered upon such award(s) and, for these purposes, the undersigned parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5. IN WITNESS WHEREOF, the parties hereto have signed and acknowledged the foregoing Submis
Agreement.

Party(ies) Signature

*Linda Chudnoff* (signature)

Joseph Stevens and Co., Inc.

Date: _____

LC43A: SUBMISSION AGREEMENT
rc:06/02
CC:
    Renan I. Sugarman, Esq., David Cikanek
    Renan I. Sugarman, P.C., 30 North LaSalle St., Suite 1530, Chicago, IL 60602

RECIPIENTS:
    Linda Chudnoff, Compliance, Joseph Stevens and Co., Inc.
    Joseph Stevens and Co., Inc., 59 Maiden Lane, 32ND Floor, New York, NY 10038

    Kevin P. Brody
    6 Hunt Lane, Staten Island, NY 10304

    Leonard J. Inserra
    37 Sawyer Ave., Staten Island, NY 10314

    Ross Inserra
    128 Fairview Ave., Staten Island, NY 10314