1220BK

**Time of Request:** Wednesday, April 23, 2008   11:31:14 EST
**Client ID/Project Name:** les
**Number of Lines:** 191
**Job Number:**        1822:88903543

Research Information

**Service:**   LEXSEE(R) Feature
**Print Request:** Current Document: 1
**Source:** Get by LEXSEE(R)
**Search Terms:** 1991 U.S. Dist. LEXIS 834

**Send to:**   RADOSZ, PETE
          KOKOSZKA & JANCZUR, PC
          140 S DEARBORN ST STE 1610
          CHICAGO, IL 60603-5299

LEXSEE 1991 U.S. DIST. LEXIS 834

PLUMBERS' PENSION FUND, LOCAL 130, U.A. et al., Plaintiffs, v. A-BEST
PLUMBING & SEWER, INC., an Illinois corporation, JAMES WAGNER and
JANICE WAGNER, Defendants. A-BEST PLUMBING & SEWER, INC. Plaintiff,
v. JAMES J. McCARTHY, et al., Defendants

Nos. 88 C 3087, 88 C 5044

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS, EASTERN DIVISION

*1991 U.S. Dist. LEXIS 834*

January 24, 1991, Decided

**JUDGES:** [*1] James F. Holderman, United States District Judge.

**OPINION BY:** HOLDERMAN

**OPINION**

*MEMORANDUM OPINION AND ORDER*

Plumbers' Pension Fund, Local 130, U.A., *et al.* (collectively "the Funds") and A-Best Plumbing & Sewer, Inc., James Wagner and Janice Wagner (collectively "A-Best") have made cross motions for summary judgment on Count I of the Funds' second amended complaint for enforcement of the award of arbitration in case No. 88 C 3087, and on A-Best's amended petition to vacate the arbitration award in related case No. 88 C 5044. For the reasons stated below, the Funds' motion must be granted and A-Best's motion just be denied.

I. *BACKGROUND FACTS*

The parties do not dispute the following facts. A-Best Plumbing & Sewer, Inc., an Illinois corporation, was engaged primarily in plumbing and sewer cleaning work. A-Best ceased active business operations in July of 1987. [1]

    1   Without citation to supporting materials, A-Best asserts that it "ceased active business operations in July, 1988." (A-Best's Mem. in Support of Motion for Summary Judgment, at 2.) Citing to the deposition of James and Janice Wagner -- A-Best's officers and shareholders -- the Funds note that A-Best actually ceased active business operations in July of 1987. (The Funds' Response to A-Best's Motion for Summary Judgment, at 2, *citing* James Wagner Dep. at 12, Janice Wagner Dep. at 5.)

[*2] A-Best was a party to a collective bargaining agreement with the Chicago Journeymen Plumbers' Local Union #130 ("the Union"). That agreement required A-Best to make payments into certain pension funds. The payments were based upon the hours worked by plumbers and non-plumbers performing covered work as defined by the collective bargaining agreement. Sewer cleaning and related activities were not considered covered work, and A-Best was not required to report upon or make contributions for employees performing only sewer cleaning work.

The Funds disputed the adequacy of the contributions which A-Best made to the various funds. Accordingly, A-Best submitted to an audit by Kaplan & Company, a firm selected by the Funds to audit A-Best's contributions during the relevant period, October 1, 1980 through March 31, 1984.

Pursuant to the collective bargaining agreement between A-Best and the Union, the dispute over A-Best's pension contributions was submitted to a Joint Arbitration Board ("JAB"). The JAB first met on

December 18, 1987, and was chaired by Richard E. Kelly, president and owner of Kelly-Beverly Plumbing Company, located one block from the A-Best office.

The December 18 meeting [*3] was continued to February 5, 1988 at A-Best's request. After hearing evidence at the February 5, 1988 meeting, the JAB entered a decision and award in the sum of $ 95,717.69 against A-Best. A-Best's amended petition in case No. 88 C 5044 seeks to vacate that arbitration award. Count I of the Funds' second amended complaint in case No. 88 C 3087 seeks to enforce the arbitration award. [2]

> [2] Counts II through VII of the Funds' second amended complaint seek to impose liability for the delinquent pension payments upon James and Janice Wagner under the Employee Retirement Income Security Act, the Labor Management Relations Act, and the Illinois Wage Payment and Collection Act.

## II. DISCUSSION

This court's judicial review of arbitration awards is "extremely limited." *Moseley, Hallgarten, Estabrook, Inc. & Weeden v. Ellis, 849 F.2d 264, 267 (7th Cir. 1988)*. Judicial review of a commercial arbitration award is limited by the federal Arbitration Act, *9 U.S.C. Sections 1-14*. *Sections 10* and *11* of the Act set forth the [*4] exclusive grounds for vacating or modifying a commercial arbitration award. *Id.*

A-Best challenges the arbitration award at issue by arguing that the award was procured by "undue means" (*9 U.S.C. § 10(a)*), that there was "evident partiality" in the arbitrators (*9 U.S.C. § 10(b)*), and that the arbitrators were "guilty of [procedural] misconduct" (*9 U.S.C. § 10(c)*). Although A-Best invokes the "undue means" language of *9 U.S.C. Section 10(a)*, it does not argue facts indicating that this language applies apart from A-Best's assertions of "evident partiality" and "procedural misconduct." Accordingly, the court addresses only the latter two issues. The burden of proof in upsetting the arbitration award rests with the party challenging the award -- A-Best. *Teamsters, Chauffeurs, etc. v. E.D. Clapp Corp., 551 F. Supp. 570 576 (N.D.N.Y. 1982)*.

### A. *Evident Partiality*

*Section 10(b)* of the Arbitration Act provides that a district court may vacate an arbitration award "where there was evident partiality . . . in the arbitrators." *9 U.S.C. § 10(b)*. "Evident partiality" requires proof of "actual bias" or circumstances that are "powerfully suggestive of bias . . .." *Merit Insurance Co.* [*5] *v. Leatherby Insurance Co., 714 F.2d 673, 680 (7th Cir. 1983)*. A-Best asserts that partiality is "evident" because Richard E. Kelly, chairman of the JAB, was president and owner of a plumbing company in "competition" with A-Best.

The undisputed facts reveal otherwise. A-Best ceased active business operations in July of 1987 -- over six months before the JAB met and decided the dispute among the parties here. (James Wagner Dep. at 12, Janice Wagner Dep. at 5.) No evidence suggests that Mr. Kelly had a financial or other interest in the outcome of the A-Best arbitration. Accordingly, the mere fact that Mr. Kelly engaged in a plumbing business which at one time may have competed with A-Best does not indicate evident partiality. [3] *Cf. Tamari v. Bache Halsey Stuart, Inc., 619 F.2d 1196, 1200 (7th Cir. 1980)* ("In setting aside an award for bias the 'guiding principle' is, 'The interest or bias of an arbitrator must be direct, definite, and capable of demonstration rather than remote, uncertain or speculative.'").

> [3] Similarly, criticisms Mr. Kelly made of A-Best's plumbing work in April of 1986 do not reflect "evident bias" such that the arbitration award must be vacated.

[*6] Moreover, A-Best cannot complain of Mr. Kelly's status as owner of a plumbing company when the collective bargaining agreements voluntarily entered into by A-Best expressly create a JAB comprising an equal number of representatives appointed or elected respectively the Union and A-Best. *(See* The Funds' Response Mem., Ex. 4., Article III, Section 2.) Given the composition of the JAB authorized by the collective bargaining agreements, it should come as no surprise to A-Best that a businessman such as Mr. Kelly was selected by the Union to sit on the JAB.

As the Seventh Circuit stated in *Merit Insurance Co.*:

People who arbitrate do so because they prefer a tribunal knowledgeable about the subject matter of their dispute to a generalist court with its austere impartiality but limited knowledge of subject matter. . . . Expertise in an industry is accompanied by exposure, in ways large and small, to those engaged in it.

*714 F.2d at 679*. If A-Best had wanted its dispute resolved by a federal judge it should not have agreed to the arbitration clause it did. "The parties to an arbitration choose their method of dispute resolution, and can ask no more impartiality than inheres in [*7] the method they have chosen." *Id*. Given the arbitration clause chosen by A-Best, the presence on the JAB of a plumbing contractor who once may have competed with A-Best does not reflect evident bias. [4]

> 4   Also unavailing is A-Best's argument that manifest bias is reflected in Mr. Kelly's apparent failure to disclose that he was once in competition with A-Best. As discussed above, at the time the JAB met Mr. Kelly had no conflict requiring disclosure. *Cf. Merit Insurance Co., 714 F.2d at 680, 682* ("the mood of [Supreme Court opinions] is one of reluctance to set aside arbitration awards for failure of the arbitrator to disclose a relationship with a party"). Even if there had been a conflict requiring disclosure, the undisputed fact that Mr. Kelly's plumbing company was within a block of the A-Best office suggests that Mr. Wagner knew or should have known Mr. Kelly's status, thereby obviating the need for further disclosure.

B. *Procedural Misconduct*

A-Best brings its second challenge to the arbitration award [*8] under *Section 10(c)* of the Arbitration Act, which authorizes district courts to vacate an arbitration award under the following circumstances:

Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

*9 U.S.C. § 10(c)*. A-Best claims that the arbitration award at issue should be vacated for two main reasons: (1) because the JAB refused A-Best's request for an opportunity to respond in writing to documents admitted at the hearing; and (2) because the JAB admitted certain evidence that had been provided by two of its members, Mr. Kelly and James McCarthy.

At the February 5 JAB hearing A-Best requested an opportunity to respond in writing within fourteen days to new documents entered in evidence. (*See* The Funds' Response Mem., Ex. 5 and Ex. 7 at 4.) The JAB refused A-Best's request.

However, this refusal did not violate *Section 10(c)*. A-Best has offered no evidence suggesting that it wished to but was denied an opportunity to provide *additional evidence* to the JAB. [*9] On the contrary, all evidence of record suggests that A-Best merely wanted to respond in writing to the relevance of evidence introduced against it. Absent an indication that A-Best was prejudiced by not being allowed to introduce new evidence, the JAB certainly had discretion to refuse A-Best's request for further "briefing."

Similarly, the JAB's admission of certain documents originally procured by Mr. Kelly and Mr. McCarthy does not provide a basis for vacating the arbitration award. One of the challenged documents admitted by the JAB was an employment application form signed by Frank M. Ponsche, dated January 23, 1987, and indicating that Mr. Ponsche previously had worked for A-Best. Mr. Kelly had received the application from Mr. Ponsche at Mr. Kelly's plumbing company and passed it on to Mr. McCarthy, president of the Union. The JAB also admitted the affidavit of John Hujbar indicating that Mr. Hujbar had worked as a plumber for A-Best. Mr. Hujbar's affidavit was typed and notarized by Mr. McCarthy's office manager at the Union Hall after Mr. Hujbar had met with Mr. McCarthy and a Union business representative.

A-Best has failed to offer any evidence, however, that the JAB erred [*10] in admitting the documents at issue. There is no indication that the documents were not authentic, were unduly prejudicial, or were irrelevant.

*Section 10(c)* of the Arbitration Act does not authorize a de novo inquiry into evidence admissibility. *Lebda v. Charles Schwab & Co., Inc.,* No. 89 C 7840 (N.D. Ill. Mar. 30, 1990) (*1990 U.S. Dist. LEXIS 3627* at *13), *citing Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co., 397 F.2d 594, 599-600 (3d Cir. 1968)*. Rather, the emphasis is on whether basic notions of fairness and due process have been meted out to the parties. *Id.* Specifically, the focus should be on whether "the fundamental right to be heard was grossly and totally blocked." *Id.* The evidence in this case indicates that the JAB gave A-Best sufficient process to uphold the arbitration award. [5]

5   This reasoning pertains equally to admission of copies of certain pages of the 1986 and 1987 telephone company yellow pages, which A-Best now claims were irrelevant to the arbitration.

To the [*11] extent that A-Best argues that admission of the documents reflects partiality by Mr. Kelly and Mr. McCarthy, A-Best's argument fails. Mr. Kelly and Mr. McCarthy are not professional jurists -- they are an owner of a plumbing company and a union president, respectively. For the reasons discussed in the prior section, the fact that Mr. Kelly and Mr. McCarthy may have had access to certain relevant evidence by virtue of their respective positions does not in itself indicate evident bias. [6]

6   It must also be noted that A-Best did not object to admission of the challenged evidence. Accordingly, A-Best has waived its assertion that admission of the evidence constitutes procedural misconduct. *See Lashco, Inc. v. Erickson, 700 F. Supp. 960, 964 (N.D. Ill. 1988).*

A-Best must realize that "the arbitration system is an inferior system of justice, structured without due process, rules of evidence, accountability of judgment and rules of law." *Moseley, 849 F.2d at 268*, quoting *Stroh Container Co. v. Delphi Industries,* [*12] *Inc., 783 F.2d 743, 751 n.12 (8th Cir. 1986).* "Parties should be aware that they get what they bargain for and that arbitration is far different from adjudication." *Id.*

A-Best "bargained *ex ante* for arbitration as an alternative means of dispute resolution, and *ex post* must abide by this bargain." *Id.*, quoting *E.I. Du Pont de Nemours & Co. v. Grasselli Employees Independent Assoc., 790 F.2d 611, 614 (7th Cir. 1986).* A-Best's motion for summary judgment must be denied, and the Funds' cross-motion must be granted.

III. *CONCLUSION*

For the reasons stated in this memorandum opinion and order: (1) in case No. 88 C 5044 A-Best's motion for summary judgment on its amended petition to vacate the arbitration award is DENIED and the Funds' cross-motion for summary judgment is GRANTED; (2) case No. 88 C 5044 is DISMISSED in its entirety; (3) in case No. 88 C 3087 A-Best's motion for summary judgment on Count I of the Funds' second amended complaint for enforcement of the award of arbitration is DENIED and the Funds' cross-motion for summary judgment is GRANTED; (4) in case No. 88 C 3087 judgment is entered in the Funds' favor and against A-Best on Count I of the Funds' [*13] second amended complaint; (5) the case is set for status on February 7, 1991 at 10:00 a.m. The parties are urged to discuss settlement of Counts II through VII of the second amended complaint and report on the status of those discussions at the status hearing.

```
                                                                         1220BK
********** Print Completed **********

Time of Request: Wednesday, April 23, 2008   11:31:14 EST

Print Number:    1822:88903543
Number of Lines: 191
Number of Pages: 4




Send To:  RADOSZ, PETE
          KOKOSZKA & JANCZUR, PC
          140 S DEARBORN ST STE 1610
          CHICAGO, IL 60603-5299
```