Case 1:08-cv-00706    Document 58-4    Filed 05/16/2008    Page 1 of 3
Case 1:08-cv-00706    Document 45-14    Filed 03/31/2008    Page 2 of 5

Page 1

LEXSEE 2006 U.S. DIST. LEXIS 47833

**UNITED STATES OF AMERICA, Plaintiff, v. TWO MILLION SEVEN HUN-DRED SIXTY-SEVEN THOUSAND TWO HUNDRED AND TWO DOLLARS AND TWENTY-SEVEN CENTS ($ 2,767,202.27) IN U.S. CURRENCY, Respondent.**

**Case No. 03-1289**

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF IL-LINOIS, PEORIA DIVISION**

*2006 U.S. Dist. LEXIS 47833*

**July 13, 2006, Decided
July 13, 2006, Filed**

**SUBSEQUENT HISTORY:** Summary judgment granted by *United States v. Two Million Seven Hundred Sixty-Seven Thousand Two Hundred & Two Dollars & Twenty-Seven Cents in United States Currency, 2006 U.S. Dist. LEXIS 81742 (C.D. Ill., Nov. 7, 2006)*

**PRIOR HISTORY:** *United States v. $2,767,202.27 in U.S. Currency, 2005 U.S. Dist. LEXIS 36068 (C.D. Ill., Dec. 20, 2005)*

**COUNSEL:** [*1] For USA, Plaintiff: Elizabeth L Collins, Patricia A McInerney, US ATTY, Springfield, IL.

For Howard Jachter, Trustee of Triunity SA, Triunity S A, Defendants: Edward L Clabaugh, THE LAW OF-FICES OF EDWARD L CLABAUGH, Vashon Island, WA; Matthew B Smith, Peter R Jennetten, R Michael Henderson, QUINN JOHNSTON HENDERSON & PRETORIUS, Peoria, IL.

For Palisades UBO Trust, Claimant: D Kendall Perkins, Sandy, UT.

Arthur F Mueller, Trustee of the Pauline K. Rucker, Claimant, Pro se, Little Rock, AR; W Dane Clay, ROSE LAW FIRM, Little Rock, AR.

Mary Smith, doing business as Smith & Thomas Funeral Home, Claimant, Pro Se, Chicago, IL.

Burlington Assembly of God, also known as Foundation of Life Church, Claimant, Pro se, Burlington, NJ.

For Robert Meherg, Robert Allman, Success Concepts Inc, a Nevada corporation, Metropolitan Seventh Day, Adventist Church, John Glenn Roberts, Meherg Partnership, a/k/a Robert & Jane Meherg Family Partnership, Claimants: W Dane Clay, ROSE LAW FIRM, Little Rock, AR.

Debra Aragon, Claimant, Pro se, Los Gatos, CA.

David Roby, Claimant, Pro se, Watertown, SD.

Herbert Mark Blair, Jr, Claimant, Pro se, Hudson, FL.

For Esat [*2] Bajrami, Claimant: Thomas D Murray, LAW OFFICE OF THOMAS D MURRAY PC, Dixon, IL.

For Frank L Davis, Claimant: Robert J Shelist, ROBERT J. SHELIST, Chicago, IL.

Jane Meherg, Claimant, Pro se, Winter Park, FL; W Dane Clay, ROSE LAW FIRM, Little Rock, AR.

William H Blackwell, Jr, Claimant, Pro se, Las Vegas, NV; W Dane Clay, ROSE LAW FIRM, Little Rock, AR.

Leslie E Strong, as trustee of Sigma Trust and High-lander Global Trust, Claimant, Pro se, Creve Coeur, IL.

Maxine Collins, Claimant, Pro se, Aurora, IL.

For James Thomas Kemp, Claimant: Susan Linn Perkins, VONACHEN LAWLESS TRAGER & SLEVIN, Peoria, IL.

For Herbert H. Stam, Claimant: Robert H Rhode, SUT-KOWSKI & RHOADS LTD, Peoria, IL.

2006 U.S. Dist. LEXIS 47833, *

For Michael J Keenan, Claimant: Alison E McLaughlin, David L Wentworth, II, James R Grebe, HASSELBERG WILLIAMS GREBE & SNODGRASS, Peoria, IL.

Arthur Zweig, Claimant, Pro se, Oak Park, CA.

Lee Wasserwald, Claimant, Pro se, Santa Monica, CA.

Pyramod International Inc, Claimant, Pro se, Grass Valley, CA.

For Howard Jachter, Triunity S A, Counter Claimants: Edward L Clabaugh, THE LAW OFFICES OF EDWARD L CLABAUGH, Vashon Island, WA; Matthew B Smith, [*3] Peter R Jennetten, R Michael Henderson, QUINN JOHNSTON HENDERSON & PRETORIUS, Peoria, IL.

For USA, Counter Defendant: Patricia A McInerney, US ATTY, Springfield, IL.

For Howard Jachter, Trustee of Triunity SA, Triunity S A, Cross Claimants: Edward L Clabaugh, THE LAW OFFICES OF EDWARD L CLABAUGH, Vashon Island, WA; Peter R Jennetten, QUINN JOHNSTON HENDERSON & PRETORIUS, Peoria, IL.

Leslie E Strong, as trustee of Sigma Trust and Highlander Global Trust, Cross Defendant, Pro se, Creve Coeur, IL.

Arthur F Mueller, Trustee of the Pauline K. Rucker Trust, TIN 71-6180446, Cross Claimants, Pro se, Little Rock, AR; W Dane Clay, ROSE LAW FIRM.

William H Blackwell, Jr, Cross Claimants, Pro se, Little Rock, AR; W Dane Clay, ROSE LAW FIRM.

For Robert Allman, Meherg Partnership, a/k/a Robert & Jane Meherg Family Partnership, Success Concepts Inc, a Nevada corporation, Metropolitan Seventh Day, Adventist Church, John Glenn Roberts, Cross Claimants: W Dane Clay, ROSE LAW FIRM.

Success Concepts Inc, a Nevada corporation, Cross Defendant: W Dane Clay, ROSE LAW FIRM.

**JUDGES:** Michael M. Mihm, United States District Judge.

**OPINION BY:** Michael M. Mihm

**OPINION**

**ORDER**

Before the [*4] Court is Howard Jachter's, Trustee for Triunity S.A. and Triunity, ("Jachter") Motion to Dismiss the Claims of Herbert Mark Blair, Jr., Michael Keenan, Pyramod International, Inc., Herbert H. Stam, Lee Wasserwald, and Arthur Zweig, and the Government's Motion to Strike the Claim of Lee Wasserwald. The Court has issued two previous orders with respect to Jachter's Motion. (*See* docket entries # 216 and # 235.) The only remaining pending claim in the motion is Jachter's Motion to Dismiss the claim of Lee Wasserwald. For the reasons that follow, the Government's Motion to Strike Wasserwald's claim [# 229] is GRANTED and Jachter's Motion to Dismiss the claim of Lee Wasserwald [# 198] is MOOT.

The background for this order was previously described in the Court's Orders dated June 22, 2006 and July 11, 2006. Suffice it to say that Lee Wasserwald has filed a claim and answer in this case in an attempt to recover an investment that was made with Leslie Strong and associates. The Government now moves to strike Wasserwald's claim because they claim that Wasserwald does not have standing to bring the claim. The Government argues that Wasserwald, acting as the Trustor, created the Lee [*5] Wood Financial Trust (the "Trust") and the Trust, not Wasserwald, was the entity that made the investment with Leslie Strong. The Government cites the Trust Agreement, which created the Trust, as support for its argument. The Trust Agreement states:

> The Trustor hereby declares that this Trust is and shall be irrevocable and that, after the execution of this Trust, Trustor shall have no rights, title, or interest in, or power, privilege, or incident of ownership in regard to any of the property in this Trust and no right to alter, amend, revoke, or terminate this Trust or any of its provisions.

(Docket Entry # 229, Exhibit A, at 3.) Wasserwald argues, in response to the Government's motion, that he has standing to bring this claim because it was his money that was used for the investment. Wasserwald concedes that any money that is recovered as a result of his claim would go to the Trust and not to him as the Trustor.

After reviewing the Trust Agreement, the Court finds that Wasserwald lacks standing to bring a claim on behalf of the Trust. The creation of a Trust provides a Trustor with certain legal and tax consequences; however, in return, the Trustor gives up certain [*6] rights. Those rights are outlined in the Trust Agreement. Here, Wasserwald created the Trust and presumably reaped the benefits of doing so. In the process, he gave up certain

2006 U.S. Dist. LEXIS 47833, *

rights and one of those rights was the right to bring a claim on behalf of the Trust. Once the irrevocable Trust was created, Wasserwald no longer had any "rights, title, or interest in, or power, privilege, or incident of ownership in regard to any of the property in this Trust." Accordingly, as the investment, which is the subject of this claim was made by the Trust, Wasserwald no longer has any right to file a claim for the return of any money. Accordingly, Wasserwald lacks standing to bring this claim and the Government's Motion to Strike the claim is granted. Moreover, because Wasserwald lacks standing to bring this claim, the Court finds no need to address whether the claim was timely and Jachter's Motion to Dismiss the claim is therefore moot.

**CONCLUSION**

For the reasons set forth above, the Government's Motion to Strike Wasserwald's claim is GRANTED and therefore Jachter's Motion to Dismiss Wasserwald's claim is MOOT.

ENTERED this 13th day of July, 2006.

s/ Michael M. Mihm

United States District [*7] Judge