Case 1:08-cv-00706    Document 58-13    Filed 05/16/2008    Page 1 of 5
Case 1:08-cv-00706    Document 45-6    Filed 03/31/2008    Page 2 of 7

Page 1

LEXSEE 2000 U.S. DIST. LEXIS 18213

**ELLEN SWARTZ GODFREY and DIANE SWARTZ WILLIAMS, Beneficiaries of the William Swartz Trust, Plaintiffs, v. CHESTER T. KAMIN, HERBERT B. OLFSON, and JENNER & BLOCK, an Illinois partnership, Defendants.**

**Case Number: 99 C 3230**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

*2000 U.S. Dist. LEXIS 18213*

**December 13, 2000, Decided
December 14, 2000, Docketed**

**DISPOSITION:** [*1] Count I dismissed for failure to state a claim. Defendants' motion for judgment on the pleadings granted with respect to all defendants on counts II, III and IV.

**COUNSEL:** For ELLEN SWARTZ GODFREY, DIANE SWARTZ WILLIAMS, plaintiffs: David H. Latham, Attorney at Law, Jill L. Jennings, Law Offices of David H. Latham, Chicago, IL.

For CHESTER T KAMIN, HERBERT B OLFSON, JENNER & BLOCK, defendants: Lee A. Freeman, Jr., James T. Malysiak, Chris C. Gair, Wendy Lee Toolin, Freeman, Freeman & Salzman, P.C., Chicago, IL.

**JUDGES:** Robert W. Gettleman, United States District Judge.

**OPINION BY:** Robert W. Gettleman

**OPINION**

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Ellen Swartz Godfrey ("Godfrey") and Diane Swartz Williams ("Williams") have filed a four-count amended complaint in this diversity action against Defendants Chester T. Kamin ("Kamin"), Herbert B. Olfson ("Olfson") and the law firm of Jenner & Block ("Jenner") alleging breach of fiduciary duty for failing to provide trust accountings (Count I), for making improper investments (Count II) and improper loans (Count III), and for engaging in improper transactions (Count IV) pursuant to the Illinois Trusts and Trustees Act, 760 Ill. Rev. Stat., §§ [*2] 5/11 and 5/5(a) (2000).

Defendants have filed a motion pursuant to *Fed. R. Civ. P. 12(c)* for judgment on the pleadings and dismissal on the basis that plaintiffs lack standing to bring the above claims. For the reasons set forth below, plaintiffs' claims are dismissed in their entirety.

FACTS [1]

[1] The court has issued two prior opinions in this action. See *Godfrey v. Kamin, 1999 U.S. Dist. LEXIS 14749, 1999 WL 756151* (N.D. Ill. Sept. 13, 1999) ("Godfrey I") and *Godfrey v. Kamin, 194 F.R.D. 627 (N.D. Ill. 2000)* ("Godfrey II"). Familiarity with the facts set forth in those cases is presumed herein.

Plaintiffs are contingent remainder beneficiaries [2] of the estate of their late father, William Swartz. William Swartz appointed defendant Olfson co-executor of his estate and appointed defendant Kamin co-trustee of the William Swartz Marital Trust ("the trust"). Olfson served as a trustee from on or about November 11, 1987, until March 9, 1992, at which point Kamin became [*3] a trustee until his resignation on July 9, 1997. Olfson and Kamin were partners at Jenner at various points during this time, and Jenner received all trustee fees and performed legal representation for the trustees and the trust. [3] Plaintiffs' mother, Mary Swartz, is the sole income beneficiary of the trust for the remainder of her life, at which time the trust corpus will pass to her children (including plaintiffs) in equal shares or, if any of her children predecease her, to their then living descendants *per stirpes*.

[2] Because plaintiffs' receipt of the trust benefit is conditioned upon them being alive upon the death of their mother, and because their interest

Case 1:08-cv-00706   Document 58-13   Filed 05/16/2008   Page 2 of 5
Case 1:08-cv-00706   Document 45-6   Filed 03/31/2008   Page 3 of 7

Page 2

2000 U.S. Dist. LEXIS 18213, *

passes directly to their children, if then living, and not to their personal estates, plaintiffs are contingent remainder beneficiaries.

3 Plaintiffs' brother, Robert Swartz, was joined as a defendant in this case in 1999 due to the fact that he served as co-trustee during the same time-frame as defendants Olfson and Kamin. See Godfrey I. In August, 2000, however, plaintiffs moved the court to dismiss their brother from the suit and the court granted that motion. Thus, the remaining defendants are properly described as two of the past co-trustees of the trust and their attorneys.

[*4] STANDARD FOR JUDGEMENT ON THE PLEADINGS

The same standards apply to both the *Fed. R. Civ. P. Rule 12(b)(6)* motion to dismiss and the *Rule 12(c)* motion for judgment on the pleadings. *Gutierrez v. Peters, 111 F.3d 1364, 1368 (7th Cir. 1997)*. Because plaintiff is the non-movant, all well-pleaded allegations in the complaint must be accepted as true and all reasonable inferences drawn in plaintiff's favor. *Leatherman v. Tarrant County Narcotics & Intelligence Unit, 507 U.S. 163, 164-65, 122 L. Ed. 2d 517, 113 S. Ct. 1160 (1993)*.

DISCUSSION

The motion pending before the court can be decided by addressing the following questions: Are plaintiffs suing defendants on behalf of the trust? If so, do plaintiffs have standing to maintain such a suit? The court will address each in turn.

A. Are plaintiffs suing defendants on behalf of the trust?

Plaintiffs argue that this suit is not derivative; that is, that they are suing the former trustees of the trust to which they are beneficiaries to redress harm done to them personally. Defendants argue that plaintiffs's suit is derivative in nature because it seeks to redress harm allegedly done [*5] to the trust and not to plaintiffs directly. 4 The court agrees with defendants.

4 Defendants do not make this argument with respect to Count I, which alleges breach of fiduciary duty for failing to provide trust accountings to plaintiffs. Instead, defendants argue that under the Illinois Trusts and Trustees Act, accounts need be furnished only to "beneficiaries then entitled to receive or receiving the income from the trust estate, or if none, then those beneficiaries eligible to have the benefit of the income of the trust estate." See 760 Ill. Rev. Stat. § 5/11(a) (2000). Because plaintiffs' mother is the only beneficiary who was "entitled to receive or receiving the income from the trust estate" during the time-frame for which plaintiffs have requested an accounting, defendants argue that plaintiffs have no legal right to an accounting.

Plaintiffs respond by pointing out that defendants have already agreed to provide and have provided plaintiffs with an accounting for the trust (though allegedly insufficient), and thus defendants should be estopped from denying plaintiffs further accountings now. Plaintiffs also cite cases supporting their right to bring suit against the trustee of the trust. Plaintiffs' arguments miss the target. Plaintiffs cite no authority supporting their estoppel argument; thus, although they have established that defendants adhered to their requests for accountings in the past, the court finds no authority under which it can compel defendants to do so here. Next, even assuming defendants were current trustees (which they are not), plaintiffs still would not be legally entitled to an accounting for the trust since the statute requires trustees to furnish accountings only to current income beneficiaries (which plaintiffs are not).

Thus, with respect to Count I, the court hereby treats defendants' motion for judgment of on the pleadings pursuant to *Fed. R. Civ. P. 12(c)* as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to 12(b)(6), and dismisses Count I of plaintiffs' complaint with prejudice.

[*6] Plaintiffs sue only as "beneficiaries of the William Swartz trust," and four of their five claims are for breaches of fiduciary duties owed by defendants pursuant to the Illinois Trusts and Trustees Act, 760 Ill. Rev. Stat., § 5/5(a). The remedies plaintiffs seek in this case are for injuries caused to the trust by these alleged breaches. Count II seeks judgment "in an amount compensating . . . plaintiffs for the difference between a properly invested diversified portfolio of the liquid assets of the trust, and an improperly non-diversified portfolio of the liquid assets of the trust." Defendants correctly point out that the portfolio of investments belongs to the trust, not to plaintiffs. Likewise, Counts III and IV seek judgments in the amounts of money "the trust never received" as a result of allegedly improper loans and transactions.

Accordingly, although the defendant former trustees owed duties both to the trust and the beneficiaries, the misconduct plaintiffs allege would have damaged only the trust. This is particularly the case with respect to these plaintiffs, who are merely contingent remainder beneficiaries with no current right to income or corpus of the trust. Therefore, [*7] the court concludes that plain-

Case 1:08-cv-00706   Document 58-13   Filed 05/16/2008   Page 3 of 5
Case 1:08-cv-00706   Document 45-6   Filed 03/31/2008   Page 4 of 7

2000 U.S. Dist. LEXIS 18213, *

Page 3

tiffs' claims are derivative and are being advanced only on behalf of the trust. [5]

> 5   The following analogy to derivative suits by stockholders is apt:
>
> > Instead of a corporation, we have a trust. Instead of stockholders, we have trust beneficiaries. Instead of a charge that the corporation has breached its fiduciary duties and responsibilities to its stockholders and otherwise acted inimically to the interests of the stockholders, we have a charge that the trustee has acted inimically to the interests of the trust beneficiaries.
>
> *Remien v. Remien*, 1996 U.S. Dist. LEXIS 11469, *11 (N.D. Ill. May 22, 1996).

### B. Do plaintiffs have standing to bring these claims?

The next question for the court is whether plaintiffs have standing to bring these claims on behalf of the trust. Defendants argue that they do not because the status of defendants Olfson and Kamin as past trustees makes them third parties in relation to the trust, and only current trustees [*8] have standing to sue third parties. [6] To support this argument, defendants cite *Axelrod v. Giambalvo, 129 Ill. App. 3d 512, 518, 84 Ill. Dec. 703, 472 N.E.2d 840 (1st Dist. 1984)*, in which the court concluded that because the defendants were no longer trustees they were "third persons in their relationship to the trust." Further, defendants direct the court to Judge Shadur's pronouncement in *Levenfeld v. Clinton, 1986 U.S. Dist. LEXIS 27109, *27, 1986 WL 4425, *9 (N.D. Ill. 1986)*, that "it is black-letter law that a trust beneficiary lacks standing to maintain a suit against a third person for injury to the trust." (citing, *inter alia*, RESTATEMENT (SECOND) OF TRUSTS § 282(a) (1959) (stating that where, as here, "the trustee could maintain an action at law or suit in equity or other proceeding against a third person if the trustee held the property free of trust, the beneficiary cannot maintain a suit in equity against the third person ....")) [7]

> 6   Plaintiffs do not contest, and the court finds, that Jenner is a third party in relation to the trust. Thus, defendants' motion for judgment on the pleadings pursuant to *Fed. R. Civ. P. 12(c)* is granted with respect to defendant Jenner.

[*9]

> 7   There are two exceptions to this rule: beneficiaries may maintain suits against third persons where "the trustee improperly refuses or neglects to bring an action against the third person"; and where "the trustee cannot be subjected to the jurisdiction of the court or if there is no trustee . . . [and] if such suit is necessary to protect the interest of the beneficiary." RESTATEMENT (SECOND) OF TRUSTS § 282(b) and (c) (1959). Neither of these exceptions apply to the instant case because plaintiffs do not allege that the current trustees have improperly refused or neglected to bring suit, or that the current trustees cannot be subjected to the jurisdiction of the court.

In response, plaintiffs make various arguments as to why the Axelrod finding that past trustees are third persons in relation to the trust should not be followed by the court. At the start, plaintiffs argue that the Axelrod finding is "dicta" and should not be given any weight. The court disagrees. In Axelrod, the plaintiff trust beneficiaries attempted to sue past managing trustees despite the conclusion of [*10] the current managing trustees that the lawsuit should not be allowed to proceed. *Axelrod, 129 Ill. App. 3d at 518-520*. The trial court addressed two arguments made by the defendant prior trustees: "(1) that plaintiffs no longer had standing to represent the trust in a derivative action, a theory rejected by the [trial] court; and (2) that the real party in interest in derivative claims, the trust, had ratified defendants' actions, a theory accepted by that court." *Id. at 518*. On appeal, the appellate court concluded that, "under either theory, the circuit court's ultimate decision was correct." Id. Central to the appellate court's conclusion that the plaintiffs lacked standing to sue on behalf of the trust was its determination that the defendant past trustees were third parties in relation to the trust. [8] Thus, the finding by the Axelrod court was hardly the "afterthought" that plaintiffs claim.

> 8   Hence the appellate court's reliance on the RESTATEMENT (SECOND) OF TRUSTS § 282(2) (1959), and its analogy, like this court's, to the well-grounded rule that shareholders may not bring derivative suits against third parties. See *Axelrod, 129 Ill. App. 3d at 519-20*.

As to the second conclusion by the trial court, the appellate court found that the current managing trustees' decision not to participate in the litigation was proper because it was made according to the best interests of the trust. See id. (citing the RESTATEMENT (SECOND) OF TRUSTS § 282 Comment (e), which explains that, "If the trustee does not commit a breach of trust in failing to bring an action against the third person, as for example where it is prudent under the

Case 1:08-cv-00706    Document 58-13    Filed 05/16/2008    Page 4 of 5
Case 1:08-cv-00706    Document 45-6    Filed 03/31/2008    Page 5 of 7

Page 4

2000 U.S. Dist. LEXIS 18213, *

circumstances to refrain from bringing an action (see § 192), the beneficiary cannot maintain a suit against the trustee and the third person").

[*11] Plaintiffs also argue that *§ 282 of the RESTATEMENT (SECOND) OF TRUSTS* does not apply to former trustees. To support this argument, however, plaintiffs cite only one case, *McPherson v. McPherson, 258 Ark. 257, 267, 523 S.W.2d 623 (1975)*. This Arkansas Supreme Court decision not only pre-dates Axelrod, but it is also not on point and not binding precedent. Plaintiffs' further argument that Axelrod does not apply to their claims because their claims are not derivative (contrary to the court's determination) suffers a similar death.

Next, plaintiffs argue that Axelrod can be distinguished from the instant case because Axelrod involved a land trust, not a testamentary trust. Plaintiffs assert that trustees of testamentary trusts have fiduciary duties to manage and protect the trust property, and that these duties "flow to all beneficiaries[,] giving each beneficiary standing to bring suit against the trustee." While this statement is correct with respect to current trustees, plaintiffs fail to cite any authority supporting its application to former trustees. Finally, plaintiffs cite an Illinois case and claim that the court in that case "rejected the [*12] argument defendants make here." However, the case plaintiffs cite, *McCormick v. McCormick, 118 Ill. App. 3d 455, 74 Ill. Dec. 73, 455 N.E.2d 103 (1st Dist. 1983)*, predates Axelrod and does not directly address whether the plaintiffs in that case had standing to sue past trustees for mismanagement and waste of trust assets (though such claims were allowed to proceed). For these reasons, and because the weight of authority and logic support defendants' argument, the court follows Axelrod and finds that defendants are third parties in relation to the trust. Accordingly, plaintiffs may not sue defendants directly under the facts presented in the instant case.

The Illinois Trusts and Trustees Act, 760 Ill. Rev. Stat., §§ 5/4 and 5/4.11 (2000), vest trustees, not beneficiaries, with the power to pursue "claims in favor of or against [the] estate," and, specifically, the power to "compromise, contest, prosecute or abandon claims or other charges in favor of or against the trust estate." Illinois courts have interpreted this power to mean that, "a trustee is the one who has the legal right to sue, not the beneficiary." *United States ex rel. Mosay v. Buffalo Bros. Management, 20 F.3d 739, 742 (7th Cir. 1994)*; [*13] see also *Trustees of Hotel Employees & Restaurant Employees Int'l Union Welfare Pension Fund v. Amivest Corp., 733 F. Supp. 1180, 1184 (N.D. Ill. 1990)* (finding that, "the trustee is the proper party to litigate issues on behalf of the trust"); *Levenfeld, 1986 U.S. Dist. LEXIS 27109, *32-33, 1986 WL 4425, *10* (concluding that, "only a trustee can bring lawsuits on behalf of a trust."); *Pierce v. Chester Johnson Electric Co., 117 Ill. App. 3d 867, 868, 73 Ill. Dec. 311, 454 N.E.2d 55 (1st Dist. 1983)* (citing 760 Ill. Rev. Stat. § 5/4.11 and concluding that, "trustees possess a specific statutory power to sue in a representative capacity on behalf of a trust"); *Brookfield v. Pentis, 101 F.2d 516, 520 (7th Cir. Ill. 1939)* (finding that trustee is the proper party to sue on behalf of trust).

Illinois courts are not alone. As the United States Supreme Court explained, "In most cases, a trustee has the exclusive authority to sue third parties who injure the beneficiaries' interest in the trust, including any legal claim the trustee holds in trust for the beneficiaries[.] The trustee then has the sole responsibility [*14] for determining whether to settle, arbitrate, or otherwise dispose of the claim." *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 567, 108 L. Ed. 2d 519, 110 S. Ct. 1339 (1990)* (internal citations omitted); see also GEORGE G. BOGERT & GEORGE T. BOGERT, THE LAW OF TRUSTS AND TRUSTEES § 869 (2d ed. 1995) (explaining that the right to sue "in the ordinary case vests in the trustee as representative" and that absent "special circumstances, the beneficiary is not eligible to bring or enforce . . . causes of action which run to his trustee").

Thus, in the instant case it is the current trustees that have standing to pursue plaintiffs' claims and, since the current trustees are not parties to the instant lawsuit and since plaintiffs have failed to allege that those trustees have improperly refused or neglected to bring suit or cannot be subjected to the jurisdiction of the court, defendants' motion is granted with respect to Counts II, III, and IV. [9]

> 9 See *RESTATEMENT (SECOND) OF TRUSTS § 199* ("The beneficiary of a trust can maintain a suit . . . (c) to compel the [successor] trustee to redress the breach of trust"), § 200 Cmt. (f) ("The successor trustee can maintain a suit against [the prior trustee] to redress the breach of trust"), § 223(2) ("A trustee is liable to the beneficiary for breach of trust, if he . . . (c) neglects to take proper steps to redress a breach of trust committed by the predecessor [trustee]"), § 223(2)(c) Cmt. (d) ("[The predecessor trustee] is liable for damages to the extent to which a loss results from his failure to take [the steps described in § 223(2)]"), and *§ 282(2)* Cmt. (e) (In order to settle the controversy in a single suit and avoid multiplicity of suits, the beneficiary can join the third person with the trustee as co-defendants, and the matter will be disposed of in a single suit.").

[*15] **CONCLUSION**

In sum, Count I is hereby dismissed for failure to state a claim since plaintiffs have not established that defendants have a legal duty to provide plaintiffs with an accounting. Defendants' motion for judgment on the pleadings is granted with respect to all defendants on Counts II, III, and IV by virtue of the court's finding that past trustees and their attorneys are third parties in relation to the trust and that, under the facts of the instant case, the current trustees alone possess standing to pursue these claims.

**ENTER: December 13, 2000**

**Robert W. Gettleman**

**United States District Judge**

**JUDGMENT IN A CIVIL CASE**

Decision by Court. This action came to hearing before the Court. The issues have been heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that count I is dismissed for failure to state a claim. Defendants' motion for judgment on the pleadings is granted with respect to counts II, III and IV.

Date: December 13, 2000