IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

------------------------------------------------------------ X
JOSEPH STEVENS & COMPANY, INC.,

        Petitioner,

    vs.                                            Case No. 08 C 706

DAVID CIKANEK,                             Hon. Amy St. Eve

        Respondent.
------------------------------------------------------------ X

**RESPONDENT'S SUPPLEMENTAL BRIEF IN SUPPORT OF HIS
MOTION TO REDUCE ARBITRATION AWARD TO A MONEY JUDGMENT**

Ordinarily, when a brokerage customer receives a FINRA arbitration award from a member firm and a court confirms that award, the customer does not care whether he receives a money judgment. Since FINRA will automatically suspend any member firm that fails to pay the award, the customer can expect the member firm to immediately pay the award. Joseph Stephens & Company, Inc., however, has recently withdrawn its registration with FINRA. In this case it is therefore critical that Respondent receive a money judgment.

On July 15, 2007, counsel for both sides appeared in this matter and this Court entered an order granting Respondent David Cikanek's motion for immediate registration of the Court's judgment confirming the arbitration award in his favor. As to his request that the award be reduced to a money judgment, including the accrued prejudgment interest, this Court directed David Cikanek to submit a supplemental brief on the issues of (1) whether this Court has the power to award prejudgment interest when it confirms an arbitration award, and (2) whether orders confirming arbitration awards may be in the form of money judgments.

1

### A. NUMEROUS COURTS OUTSIDE THIS DISTRICT HAVE ISSUED MONEY JUDGMENTS CONFIRMING ARBITRATION AWARDS WITH PREJUDGMENT INTEREST

This Court has power to issue a ruling as to prejudgment interest on the arbitration award which it has confirmed. Numerous federal courts, including appellate courts, have addressed this issue. The decisions listed below all make it clear that federal courts have the power (and duty) to decide what law applies to the computation of prejudgment interest on arbitration awards, and to make the appropriate computation.

The NASD Code of Arbitration calls for prejudgment interest computed pursuant to the law of the state in which the hearing was held (in this case, Illinois). See Code § 12904(h), http://www.finra.org/web/groups/rules_regs/documents/rule_filing/p009316.pdf. Absent any provision calling for application of state prejudgment rates, many federal courts have computed prejudgment interest according to state law in diversity cases. *Northrop Corp v. Triad Intern. Marketing*, 842 F.2d 1154 at 1155 & n. 3 (9th Cir. 1988); *General Electric Co. v. Anson Stamping Co., Inc.*, 426 F.Supp.2d 579 at 596-97 (W.D.Ky. 2006); *Taylor v. Central Pennsylvania Drug and Alcohol Services*, 890 F.Supp. 360 at 368-69 (M.D.Pa. 1995); *Hollie v. Korean Air Lines Co. Ltd.*, 834 F.Supp. 65 at 70 (S.D.N.Y. 1993); *U.S. ex rel. National Roofing Service, Inc. v. Lovering- Johnson, Inc.,* 53 F.Supp.2d 1142 at 11470 (C.D.Kansas 1999).

All of the foregoing cases except the *General Electric* case are too old to be on PACER, but in the *General Electric* case, the undersigned has obtained a print-out of the judgment for money damages of $1,183,372.71, which amount included prejudgment interest. See opinion, 426 F.Supp.2d 579 at 596-97. That judgment for money damages of $1,183,372.71 is attached as EXHIBIT A. Another example of a recent judgment for a specific amount of money

2

including prejudgment interest is *In re Arbitration of Westchester Fire Ins. Co. v. Massamont Ins. Agency, Inc.*, 420 F.Supp.2d 223 at 227 (S.D.N.Y. 2005), attached as EXHIBIT B.

>   **B.    COURTS IN THIS DISTRICT HAVE CONFIRMED ARBITRATION AWARDS IN THE FORM OF MONEY JUDGMENTS, EVEN WHEN PREJUDGMENT INTEREST IS NOT AN ISSUE**

Even when prejudgment interest is not an issue, federal district judges in the Northern District of Illinois have entered judgments for a specific amount of money when confirming arbitration awards. See sample judgments, Exhibits C, D and E submitted herewith. (Also see judgments from other districts, referred to in the preceding section.)

>   **C.    THE FORMAT RECOMMENDED BY THE NATIONAL ARBITRATION FORUM FOR JUDGMENTS CONFIRMING ARBITRATION AWARDS IS IN THE FORM OF MONEY JUDGMENTS**

The National Arbitration Forum is one of the three largest national organizations offering arbitration services. Last year, Susan Wiens and Roger Haydock, the Director of Arbitration and the Director of Education of the National Arbitration Forum, co-authored an article entitled: *Confirming Arbitration Awards: Taking the Mystery Out of a Summary Proceeding*, 33 William Mitchell Law Review 1293 (April 2007). The entire article may be found on the Internet at http://www.wmitchell.edu/lawreview/Volume33/documents/2.HaydockWiens.pdf. In that article, on page 1316, the authors included a model Order directing entry of judgment for practitioners to submit to a court. The Model Order stated in its entirety:

> This Court has considered the request of Petitioner to confirm an arbitration award and has reviewed all documents.
>
> THIS COURT ORDERS that the arbitration award issued in this case in the amount of $_____ be confirmed and **that a judgment be entered immediately in the amount of**

3

**$ [same amount]** in favor of [Petitioner's name] and against [Respondent's name].

(Article at Page 1316, Internet version at page 23, emphasis added.)

This model Order should be considered by this Court, particularly since the amount of prejudgment interest is not computed in the original award (not could it be, since the arbitrators had no way to predict how long it would take to confirm their award).

## CONCLUSION

As demonstrated above, it is common practice for federal courts to reduce confirmed arbitration awards to money judgments. Moreover, federal courts have the power (and duty) to decide what law applies to the computation of prejudgment interest on confirmed arbitration awards, and include that sum in the money judgment. Accordingly, David Cikanek is entitled to a similar ruling in this case granting his Motion for the entry of a final money judgment and directing the Deputy Clerk to issue same. This Court should issue a money judgment for $238,519.00, representing the underlying arbitration award of $213,750 plus prejudgment interest in the amount of $24,769.00. [1]

---

[1] As noted on page 2 above, the NASD Code of Arbitration for Customer Disputes provides that prejudgment interest is computed according to the law of the state in which the hearing was held, which was Illinois. That rate is 9% as to awards in arbitration; see First Commercial Financial Group v. Baghdoian, 812 F.Supp.2d 837 at 840-841 (N. D. Ill. 1992). The same 9% rate applies in New York State. N.Y. Civil Practice Law and Rules (CPLR), §5004. Accordingly, the interest was calculated by Petitioner as follows: $213,750 × 9% ÷ 365 = $52.70 × 470 (3/30/07-7/17/08) =$24,769.

5

Respectfully submitted,

/s/ Leslie A. Blau                           /s/ Renan Sugarman
Leslie A. Blau, Esq.                         Renan I. Sugarman, Esq.
Co-Counsel for David Cikanek                 Co-Counsel for David Cikanek
BLAU & MALMFELDT                             LAW OFFICE OF RENAN SUGARMAN, PC
140 South Dearborn, Suite 1610               30 North LaSalle, Suite 1530
Chicago, IL   60603-5202                     Chicago, IL   60602
(312) 443-1600   fax-1665                    (312) 578-9411   fax-9431


Dated:   July 16, 2008