# EXHIBIT B

Case 1:08-cv-00706    Document 86-3    Filed 09/09/2008    Page 2 of 5

(Page 1 of 6 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

## LETTER OF CREDIT ASSIGNMENT AND SECURITY AGREEMENT



THIS ASSIGNMENT AND SECURITY AGREEMENT (this "Agreement") by the undersigned (herein whether one or more in number referred to as "Assignor" and which if two or more in number, shall be jointly and severally bound) to CITIBANK, N.A., having an office at One Court Square, Long Island City, New York 11120 ("Bank")

### WITNESSETH

WHEREAS, Bank has heretofore and may hereafter extend credit or provide financial accommodations to Assignor or to the entity named in Schedule A. Such borrower whether the Assignor or the person or entity so named shall be referred to herein, as the context shall require, as the Borrower

WHEREAS, in order to induce Bank to create or acquire the Obligations (as defined below), Assignor wishes to assign to Bank all of its right, title and interest in and to the accounts more particularly described on Schedule A annexed hereto and made a part hereof (the "Assigned Accounts" whether or such accounts are maintained at the Bank or at any other financial institution identified on such schedule (each such other financial institution if any being a "Bank of Account"), as collateral security for the payment of and performance of all Obligations.

NOW THEREFORE in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor hereby agrees as follows

1. **Security Interest**
   (a) As security for the Obligations, Assignor hereby delivers, pledges and assigns to Bank, and creates in favor of Bank a first priority security interest in all of its rights, title and interests in and to all of the Assigned Accounts, all certificates, confirmations, pass books if any and other instruments evidencing the Assigned Accounts, all money now on deposit and hereafter deposited to the credit of the Assigned Accounts including all interest now due or hereafter becoming due thereon, and all products and proceeds of the foregoing together with all renewals, extensions, replacements and substitutions thereof and all additions thereto (all of the foregoing including the Assigned Accounts being hereinafter referred to as the "Collateral")
   (b) This Agreement secures the payment of all now existing or hereafter arising obligations of the Borrower and/or Assignor to Bank whether primary or secondary, direct or indirect, absolute or contingent, joint or several secured or unsecured due or not liquidated or unliquidated arising by operation of law or otherwise under any promissory note, guarantee loan or credit agreement letter of credit draft acceptance interest rate or foreign exchange agreement, mortgage or other document evidencing indebtedness whether for principal interest fees, expenses or otherwise, together with all costs of collection or enforcement including without limitation, reasonable attorneys fees incurred in any collection efforts or in any judicial proceeding, including without limitation, bankruptcy or reorganization proceedings (all of such obligations being the "Obligations")

2. **Inducing Representations of Assignor** Assignor represents and warrants to Bank that
   (a) Assignor is the sole legal and beneficial owner of, and has good and marketable title to the Collateral, free and clear of all pledges liens security interests and other encumbrances other than the security interest created by this Agreement and Assignor has the unqualified right and authority to execute this Agreement and to pledge the Collateral to Bank as provided for herein.
   (b) Any consent, approval or authorization of or designation or filing with any authority on the part of Assignor which is required in connection with the pledge and security interest granted under this Agreement has been obtained or effected and is in full force and effect
   (c) The execution and delivery of this Agreement by Assignor, and the performance by Assignor of its obligations hereunder will not result in a violation of any mortgage, indenture, contract, instrument, judgment, decree order statute, rule or regulation to which Assignor is subject and
   (d) If Assignor shall become entitled to receive or shall receive any interest or other income in connection with the Assigned Accounts Assignor shall after the occurrence and continuance of an Event of Default (as defined below) accept any such interest or income as Bank's agent and shall hold it in trust for Bank, and shall deliver them forthwith to Bank in the exact form received with Assignor's endorsement when necessary as further collateral security for the Obligations
   (e) Assignor has received no notice of bankruptcy or insolvency nor of the contemplated filing of any petition in bankruptcy or other proceeding for the relief of debtors by Assignor
   (f) No applicable law or governmental regulation and nothing in any other agreement between Assignor and any other party do ports to forbid rest of or subject to conditions precedent the granting of an assignment of or a security interest in any of the Collateral
   (g) Assignor is not in default with respect to any judgment order, writ injunction decree or decision of any governmental body, and default could have a material adverse effect on Assignor's financial condition, operations or property
   (h) Assignor has filed or caused to be filed all tax returns required to be filed or has made adequate provision for the payment of all taxes shown to be due and payable on said returns, and no tax liens have been filed and no claims are being asserted with respect to such taxes
   (i) Assignor's address specified on the signature page hereof is true, complete and correct

3. **Obligations of Assignor** Assignor further represents, warrants and covenants to Bank that
   (a) Assignor will not sell, convey or otherwise dispose of any of the Collateral or any interest therein nor will Assignor create, incur or permit to exist any pledge, mortgage, lien, charge, encumbrance or any security interest whatsoever with respect to any of the Collateral or the proceeds thereof other than that created hereby,
   (b) Assignor will defend Bank's right, title, and security interest in and to the Collateral against the claims of any person, firm, corporation or other entity and will clearly mark the assignment and grant of the security interest in the Collateral in its books and records, and
   (c) Assignor will, at its own expense at any time and from time to time at Bank's request, do make, procure execute and deliver all acts, things writings, assurances and other documents as may be requested by Bank to further enhance, preserve, establish de non stare or enforce Bank's rights, interests and remedies created by, provided in or emanating from this Agreement

4. **Rights of Bank** At any time whether or not an Event of Default (as defined below) shall exist unless otherwise explicitly noted below in this Section and without notice Bank may discharge any taxes, liens, security interests or other encumbrances levied or placed on the Collateral or pay for the maintenance and preservation of the Collateral, and the amount of such payments, plus any and all fees costs and expenses of Bank, (including attorneys' fees and disbursements), in connection therewith shall at Bank's option be reimbursed by Assignor on demand, with interest thereon at a rate per annum equal to three (3%) percent over the highest rate of interest applicable to the Obligations from the date paid, or added to the Obligations secured hereby

If Assignor is the Borrower than all references herein to Assignor or Borrower shall mean one and the same person or entity

Page 1 of 4

5  **Events of Default, Remedies**
(a) The occurrence of any one or more of the following events shall constitute an event of default ("Event of Default") under this Agreement (i) if a "Default" or "Event of Default" shall occur under the terms of any agreement giving rise to or executed in connection with the Obligations, (ii) if at any time Bank shall, in its sole discretion, consider the Obligations insecure or any part of the Collateral unsafe, insecure or insufficient, (iii) if Assignor, Borrower or any obligor, guarantor of or any party to any of the Obligations or the Collateral (the same including the Borrower and Assignor, being collectively referred to herein as "Obligors") shall default in the punctual payment of any sum payable with respect to or in the observance or performance of any of the terms and conditions of, any Obligations or of this Agreement or any other agreement between any Obligor and Bank, (iv) if any warranty or representation made to Bank by or on behalf of any Obligor is false or misleading in any material respect, (v) or if there shall be filed by or against any of the Obligors any petition for any relief under the bankruptcy laws of the United States now or hereafter in effect or under any insolvency, readjustment of debt, dissolution or liquidation law or statute of any jurisdiction now or hereafter in effect (whether at law or in equity), (vi) if the usual business of any of the Obligors shall be terminated or suspended, (vii) if any proceedings, procedure or remedy supplementary to or in enforcement of judgment shall be commenced against or with respect to any property or any of the Obligors, or (viii) if any petition or application to any court or tribunal at law or in equity be filed by or against any of the Obligors for the appointment of any receiver or trustee for any of the Obligors or any part of the property of any of them.
(b) Upon the occurrence and continuance of an Event of Default, in addition to all the rights and remedies of a secured party under the Uniform Commercial Code, Bank may, and may direct any Bank of Account to transfer into its name or the name of its designee any or all of the Collateral, and may act with respect thereto as though it were the outright owner thereof. Assignor hereby constituting and appointing Bank as the proxy and the attorney-in-fact of Assignor with full power of substitution, to do so (such power of attorney being coupled with an interest and irrevocable). Bank shall be entitled to receive all distributions, if any, made or to be made for the account of Assignor. Bank or its nominee shall have no duty to exercise any of the aforesaid rights, privileges or options and shall not be responsible for any failure to do so or delay in so doing.

6  **Bank Appointed Attorney-in-Fact**  Assignor hereby authorizes Bank and does hereby make, constitute and appoint Bank and any officer or agent of Bank with full power of substitution as Assignor's true and lawful attorney-in-fact with power in its own name or in the name of Assignor to endorse any notes, checks, drafts, money orders or other instruments of payment in respect of the Collateral that may come into actual legal or constructive possession of Bank, to instruct any Bank of Account with respect to the Collateral and to exercise all authority with respect to the Collateral upon the occurrence of an Event of Default hereunder until all of the Obligations are paid in full, to pay or discharge taxes, liens, security interests or other encumbrances at any time levied or placed on or threatened against any of the Collateral, to demand, collect, receipt for, compromise, settle and sue for monies due in respect of any or all of the Collateral, and generally to do, at Bank's option and at Assignor's expense, at any time, or from time to time, all acts and things which Bank deems necessary to protect, preserve and realize upon the Collateral and Bank's security interest therein in order to effect the intent of this Agreement, all as fully and effectually as Assignor might or could do, and Assignor hereby ratifies all that said attorney shall lawfully do or cause to be done by virtue thereof. This power of attorney shall be irrevocable for the term of this Agreement and thereafter as long as any of the Obligations shall be outstanding.

7  **Disposition of Proceeds**  The proceeds of any sale or disposition of all or any part of the Collateral shall be applied by Bank in the following order:
(i) to the payment in full of the costs and expenses of such sale or sales, collections and the protection, declaration and enforcement of any security interest granted hereunder, including the reasonable compensation of Bank's agents and attorneys;
(ii) to the payment of the Obligations in such order as Bank may elect; and
(iii) to the payment to Assignor of any surplus then remaining from such proceeds, subject to the rights of any holder of a lien on the Collateral of which Bank has actual notice.

8  **Termination**  This Agreement shall continue in full force and effect until the date on which all of the Obligations shall have either been paid in full or otherwise satisfied. Subject to any sale or other disposition by Bank of the Collateral or any part thereof pursuant to this Agreement, and provided there then exists no Event of Default, the Collateral shall be returned to Assignor (without warranty by or recourse to Bank except that Bank shall return the Collateral free and clear of all liens and encumbrances resulting from actions taken by Bank) upon payment in full and satisfaction of all of the Obligations.

9  **Expenses of Bank**  All expenses (including reasonable fees and disbursements of counsel) incurred by Bank in connection with any actual or attempted sale, exchange of, or any enforcement, collection, compromise or settlement respecting, the Collateral, or any other action taken by Bank hereunder whether directly or as attorney-in-fact pursuant to a power of attorney or other authorization herein conferred, for the purpose of satisfaction of the liability of Assignor for failure to pay the Obligations or as additional amounts owing by Assignor to cover Bank's costs of acting against the Collateral as provided herein, shall be deemed an Obligation of Assignor for all purposes of this Agreement and Bank may apply the Collateral to payment of or reimbursement of itself for such liability.

10  **General Provisions**
(a) Bank and its assigns shall have no obligation in respect of the Collateral except to use reasonable care in holding the Collateral and to hold and dispose of the same in accordance with the terms of this Agreement.
(b) Unless the party to be notified otherwise notifies the other party in writing as provided in this Section, notices shall be given hereunder by telecopy, by certified or registered mail or by recognized overnight delivery services to any party at its address on the signature page of this Agreement. Notices shall be effective (a) if given by registered or certified mail, on the third day after deposit in the mails with postage prepaid addressed as aforesaid, (b) if given by recognized overnight delivery service, on the business day following deposit with such service addressed as aforesaid, or (c) if given by telecopy, when the telecopy is transmitted to the telecopy number as aforesaid, provided that all notices to Bank shall be effective on receipt.
(c) No course of dealing between Assignor and Bank, nor any failure to exercise, nor any delay in exercising, on the part of Bank, any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of any right, power or privilege hereunder or therunder preclude any other or further exercise thereof or the exercise of any other right, power or privilege.
(d) All of Bank's rights and remedies with respect to the Collateral, whether established hereby or by any other agreements, instruments or documents or by law, shall be cumulative and may be exercised singly or concurrently.

(Page 3 of 6 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 1:08-cv-00706   Document 86-3   Filed 09/09/2008   Page 4 of 5

(e) The provisions of this Agreement are severable and if any clause or provision shall be held invalid or unenforceable in whole or in part in any jurisdiction, then such invalidity or unenforceability shall affect only such clause or provision, or part thereof, in such jurisdiction, and shall not in any manner affect such clause or provision in any other jurisdiction, or any other clause or provision of this Agreement in any jurisdiction.

(f) This Agreement is subject to modification only by a writing signed by all of the parties hereto.

(g) The benefits and burdens of this Agreement shall inure to the benefit of and be binding upon the respective successors and assigns of the parties hereto, provided, however that the rights and obligations of Assignor under this Agreement shall not be assigned or delegated without the prior written consent of Bank (exercisable in its sole discretion) and any purported assignment or delegation without such consent shall be void.

(h) THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, WITHOUT REGARD TO ITS CONFLICTS OF LAWS PRINCIPLES (i) Assignor hereby irrevocably consents to the jurisdiction of the courts of the State of New York and of any Federal Court located in such State in connection with any action or proceeding arising out of or relating to the Obligations, this Agreement or the Collateral, or any document or instrument delivered with respect to any of the Obligations. Assignor hereby waives personal service of any summons, complaint or other process in connection with any such action or proceeding and agrees that the service thereof may be made by certified or registered mail directed to Assignor at any place of business set forth below or at such other address as Assignor may designate by written notification by certified or registered mail directed to and received by Bank at its office set forth in the financing statements filed hereunder (or if no such financing statements have been filed, at the office of Bank at which is located the officer in direct supervision of the within security interest). Assignor so served shall appear or answer to such summons, complaint or other process within thirty days after the mailing thereof. Should Assignor so served fail to appear or answer within said thirty-day period, such Assignor shall be deemed in default and judgment may be entered by Bank against such Assignor for the amount or such other relief as may be demanded in any summons, complaint or other process so served. In the alternative, in its discretion Bank may effect service upon Assignor in any other form or manner permitted by law.

(j) TO THE EXTENT PERMITTED BY APPLICABLE LAW, EACH PARTY HEREBY WAIVES ALL RIGHTS TO TRIAL BY JURY IN ANY ACTION, CLAIM OR PROCEEDING (INCLUDING ANY COUNTERCLAIM) OF ANY TYPE ARISING OUT OF, OR DIRECTLY OR INDIRECTLY RELATING TO, THIS AGREEMENT, ANY RIGHTS OR OBLIGATIONS HEREUNDER OR THE BREACH, PERFORMANCE OR ENFORCEMENT OF SUCH RIGHTS OR OBLIGATIONS.

(k) This Agreement is solely for the benefit of Assignor and Bank and their successors and assigns and no other person or entity shall have any right, benefit, privilege or interest under, or because of the existence of, this Assignment.

IN WITNESS WHEREOF, intending to be legally bound hereby Assignor has caused this Agreement to be executed as of

2 / 08          07
Month and Day    Year

COLLATERAL IN COMPANY NAME  _Joseph Stans & Co, Inc._
(Corporations, Partnerships, Limited Liability Companies, Trusts etc.)

Print Name: Steven Borkowitz      Title: President

X _____
Signature

COLLATERAL IN INDIVIDUAL NAME  X _____     Joseph Barbara
                                  Signature                Print Name

BANK WITNESS _____
Bank Officer Signature & Stamp

## SCHEDULE A
## ASSIGNMENT AND SECURITY AGREEMENT

Date 2/20/07     Name of Borrower Joseph Stevens & Co

**THE ASSIGNED ACCOUNTS** (Select box and complete fields)

☒ Citibank ~~Certificate of Deposit~~ DDA # 9971744 986 in the name of Joseph Stevens & Co. and any and all renewals, replacements, additions and/or substitutions thereof

☐ Citibank Savings Account # _____ in the name of _____ and any and all renewals, replacements, additions and/or substitutions thereof

☐ Citibank Money Market Account # _____ in the name of _____ and any and all renewals, replacements, additions and/or substitutions thereof