# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JOSEPH STEVENS & COMPANY, INC., )<br>         Plaintiff/Counter-Defendant )<br>v.                                                                       )<br>                                                                          )<br>DAVID CIKANEK,                                            )<br>         Defendant/Counter Plaintiff       )<br>                                                                          )<br>and CITIBANK, N.A.,                                     )<br>         Citation Respondent.                       ) | No. 08 C 706<br><br>Hon. Amy St. Eve |

### CITIBANK N.A.'S AMENDED RESPONSE IN OPPOSITION TO CIKANEK'S PETITION FOR TURNOVER ORDER

Citibank's interest in the $82,688.19 from the bank account of Joseph Stevens & Company is superior to that of Judgment Creditor David Cikanek. Under a $460,000 letter of credit and security agreement between Joseph Stevens and Citibank, Joseph Stevens provided Citibank a security interest in its bank account at Citibank. Under Article 9 of the U.C.C., the security agreement and Citibank's control over the account automatically perfected Citibank's security interest. Further, because Citibank's security interest was perfected well before Cikanek's judgment lien, Citibank's interest takes priority over Cikanek's.

Notwithstanding the U.C.C., Citibank's interest is superior because (i) Josepsh Stevens is in default on the Letter of Credit and must pay immediately the outstanding balance on the line of credit and (ii) Citibank has a right to offset this outstanding balance against Joseph Stevens' bank account. New York law, which governs the relationship between Citibank and Joseph Stevens, holds that a bank's right to setoff trumps a judgment creditor's interest in an account. Therefore, the

Court should deny Cikanek's petition for a turnover order and terminate the citation proceedings.

## **BACKGROUND**

On or about February 8, 2007, Stevens signed a Standby Letter of Credit to Citibank in the amount of $460,000. (A copy is attached as Exhibit A). In relevant part, the Standby Letter of Credit states:

- Each of the following shall be an "Event of Default" under this Agreement . . . (g) attachment or restraint of any Property, any funds or other property which may be in, or come into, the possession or control of Citibank or of any third party acting on Citibank's behalf, for the account or benefit of Applicant, or the issuance of any order of any court or other legal process against the same
  (Stanby LOC at ¶ 17)

- If any Event of Default shall have occurred and be continuing, the amount of the Credit as well as any or all Obligations shall, at Citibank's option become due and payable immediately without presentment, demand, protest, or notice of any kind, all of which are hereby expressly waive by Applicant . . .
  (Standby LOC at ¶ 18)

- If any Event of Default shall occur and be continuing, Citibank may set off and apply any and all deposits (general or special, time or demand, provisional or final) at any time held and other indebtedness at any time owing by Citibank to or for the credit or the account of Applicant ("Deposits") against any and all Obligations, irrespective of whether or not Citibank shall have made any demand under this Agreement and although such Deposits or Obligations may be unmatured or contingent.
  (Stanby LOC at ¶19)

- This Agreement and the rights and obligations of Applicant and Citibank hereunder shall be governed by and subject to the laws of the state of New York and applicable U.S. Federal laws.
  (Standby LOC at ¶ 27)

On February 8, 2007, Stevens executed a Letter of Credit Assignment and Security Agreement with Citibank for bank account 9971744986 (A copy of the Letter of Credit Assignment and Security Agreement with Schedule A is attached as

Exhibit B). In relevant part, the Letter of Credit Assignment and Security Agreement states:

- Security Interest (a) as security for the Obligations, Assignor hereby delivers, pledges and assigns to Bank and creates in favor of Bank a first priority security interest in all of its rights, title and interest in and to all of the Assigned Accounts . . . all money now on deposit and hereinafter deposited to the credit of the assigned account . . .
(Assignment and Security Agmt at ¶ 1)

- The occurrence of any one or more of the following events shall constitute an event of default ("Event of Default") under this Agreement . . . (vii) if any proceedings, procedure or remedy supplementary to or in enforcement of judgment shall be commenced against or with respect to any property of any of the Obligors . . .
(Assignment and Security Agmt at ¶ 6(a))

- Upon the occurrence and continuance of an Event of Default, in addition to all the rights and remedies of a secured party under the Uniform Commercial Code Bank may, and may direct any Bank of Account to transfer into its name or the name of its designee any or all of the Collateral, and may act with respect thereto as though it were the outright owner thereof . . .
(Assignment and Security Agmt at ¶ 6(B))

- This Agreement shall be governed by and construed in accordance with the laws of the state of New York without regard to its conflicts of laws principles.
(Assignment and Security Agmt at ¶ 10(h))

On July 21, 2008, this clerk entered judgment in favor of David Cikanek ("Cikanek") and against Joseph Stevens & Company, Inc. ("Stevens"), in the amount of $238,519. (Dkt. # 74) On August 6, 2008, counsel for Cikanek issued a Citation to Citibank to Discover Assets of Joseph Stevens. (Dkt. # 78). On August 13, 2008, Citibank prepared its Answer to Citation Proceedings indicating that Joseph Stevens had checking account 9971444986 at Citibank with a balance at that time of $82,688.19. (Dkt. # 80-2) Thereafter, counsel for Cikanek filed its petition for Turnover Order seeking to have those funds turned over to it. (Dkt. # 80)

3

## LEGAL STANDARD

Citations to Discover Assets are governed by Federal Rule of Civil Procedure 69 and 735 ILCS 5/2-1402. Under Illinois law, a judgment creditor cannot force a third-party to turn over property unless the judgment debtor could recover them in an appropriate action. *See, e.g. Forehlich v. J.R. Froehlich Mfg. Co.,* 416 N.E. 2d 1134, 1139 93 Ill.App.3d 179, 186 (Ill.App. 1981); 735 ILCS 5/2-1402(c)(3). In other words, a citation to discover assets is a procedural mechanism. It does not affect the substantive rights a citation respondent has with respect to the judgment debtor or judgment creditor.

## ARGUMENT

Under Article 9 of the Uniform Commercial Code, a party attains a security interest in a debtor's property when the party (1) gives value to the debtor; (2) the debtor has rights in the collateral; and (3) the debtor has authenticated a security agreement that provides a description of the collateral or, if the collateral is a bank deposit account, the party has "control" of the deposit account. If the secured party is a bank, it automatically has control of a deposit account. 810 ILCS 5/9-104(a)(1).[1] This is the case even if the debtor has the right to direct disposition of funds from the account. 810 ILCS 5/9-104(b).

Further, a bank's security interest is automatically perfected by control. 810 5/9-312(b)(1); 810 ILCS 5/0-314(a). And this perfected interest by control takes priority over all other security interests in the account. 810 ILCS 5/9-327.

---

[1] Because the relevant provisions of Article 9 are the same in Illinois and New York, Citibank cites only to the Illinois statute for convenience.

4

Here, Citibank received and perfected a security interest in the account on February 8, 2007 when it provided Joseph Stevens a $460,000 letter of credit and Joseph Stevens executed a security agreement designating its account with Citibank as collateral. Because Cikanek did not receive its judgment against Joseph Stevens until July 21, 2008 and because Citibank controls the account, Citibank's interest in the account takes priority over Cikanek's. So the Court should deny Cikanek's petition for turnover.

Notwithstanding the current version of Article 9 of the U.C.C., which has been in effect during the relevant time of this dispute, under New York aw, Citibank's right of setoff in the bank account for the amount of outstanding balance Joseph Stevens owes under the Letter of Credit is superior to Cikanek's interest. *See, e.g., Aspen Industries, Inc. v. Marine Midland Bank*, 421 N.E.2d 808, 812 (N.Y. 1981).

In *Aspen Industries*, a judgment creditor issued a restraining notice to the bank for money in the judgment debtor's bank account. *Id.* at 809-10. Despite the restraining notice, the bank still paid over to itself the balance of the judgment debtor's account by exercising its right of setoff due to the judgment debtor's default under a note. *Id.* at 810. The New York Court of Appeals held that the bank's conduct was proper because its right to setoff was superior to the rights of the judgment creditor:

> In short, [Section 151 of the Debtor and Creditor Law] confers upon a garnishee a right to set off any debt owed to it by a judgment debtor. ***This right of setoff, we have said, is superior to the rights of intervening judgment creditors and may be exercised even after the judgment creditor has***

5

> *undertaken enforcement of his claim against the judgment debtor.*

*Id*. at 812 (emphasis added)

Here, Citibank's right to setoff the bank account was triggered when Joseph Stevens defaulted on its Letter of Credit and Security Agreements with Citibank. Although Citibank didn't exercise this setoff right before it received Cikanek's citation to discover assets, that is irrelevant under New York law. As in *Aspen Industries,* Citibank may exercise its right to setoff even after Cikanek has tried to enforce its judgment against Joseph Stevens.

## CONCLUSION

For these reasons, Citation Respondent Citibank, N.A. respectfully requests that this Court deny the Petition for Turnover and release the freeze on the bank account so that Citibank may set-off the balance that Joseph Stevens owes Citibank under its Letter of Credit.

Dated: September 12, 2008　　　　　　　Respectfully submitted,

**CITIBANK, N.A.**

/s/　Todd A. Rowden
Todd A. Rowden
Scott P. Clair
THOMPSON COBURN LLP
55 E. Monroe Street
Chicago, Illinois 60603
312.346.7500

6

Case 1:08-cv-00706   Document 87-2   Filed 09/12/2008   Page 8 of 8